**EXHIBITS TO DECLARATION IN SUPPORT OF
RESPONDENT'S MOTION TO DISMISS THE PETITION**

**EXHIBITS**
**TABLE OF CONTENTS**

**2006 Judgment in New York County, New York: Assault in the First Degree, 3 to 9 Years' Imprisonment** (Supreme Court of the State of New York, Apr. 20, 2006)

Sentencing Transcript (Apr. 20, 2006) ................................................................ 1

Sentence & Commitment Form (dated Apr. 20, 2006) ...................................... 8

Amended Sentence & Commitment Form (dated Sept. 20, 2013) ................... 9

New York State Office of Children and Family Services (OCFS) Juvenile Offender Informational Forms (dated May 3, 2006, through Jan. 5, 2010) ......................................................................................... 10

New York State Department of Corrections and Community Supervision (DOCCS) Legal Date Computations (printed Sept. 23, 2021) ............................................................................................................ 21

DOCCS Inmate Locator System Chronological History Display (printed Sept. 23, 2021) ...................................................................................... 28

DOCCS Inmate Lookup (*nysdoccslookup.doccs.ny.gov*, accessed Sept. 17, 2021) ..................................................................................................... 30

**2015 Judgment in Monroe County, New York: Criminal Obstruction of Breathing or Blood Circulation, 1 Year's Imprisonment** (County Court of the State of New York, June 3, 2015)

Indictment (returned May 21, 2014) ................................................................ 32

Arraignment Transcript (June 18, 2014) ......................................................... 35

Securing Order (June 18, 2014) ........................................................................ 40

Appearance Transcript (July 16, 2014) ............................................................ 41

i

Order Setting Bail (July 16, 2014) ..................................................... 54

Appearance Transcript (Sept. 17, 2014).......................................... 55

Appearance Transcript (Nov. 5, 2014) ............................................ 64

Appearance Transcript (Dec. 10, 2014)........................................... 69

Trial and Sentencing Transcript Excerpts (June 2 and 3, 2015) .................... 74

Securing Order (June 3, 2015).......................................................... 90

Sentence & Commitment Form (dated June 8, 2015) ...................... 91

Monroe County Sheriff's Records of Sentence Execution
(dated June 6, 11 and 12, 2015)......................................................... 92

Cover of Brief for Defendant-Appellant on Direct Appeal to the
Appellate Division of the Supreme Court, Fourth Department
(dated July 19, 2019)........................................................................ 95

Memorandum and Order of the Appellate Division of the
Supreme Court, Fourth Department, Affirming Judgment
(March 13, 2020) ............................................................................. 96

Order Denying Leave to Appeal to New York Court of Appeals
(July 14, 2020)................................................................................. 98

**2015 Judgment in Seneca County, New York: Attempted Aggravated
Harassment of an Employee by an Inmate, 6 Months' Imprisonment**
(County Court of the State of New York, Sept. 29, 2015)

Seneca County Clerk's Docket Report............................................. 99

Indictment (filed June 10, 2014) ..................................................... 100

Amended Securing Order (July 28, 2014).................................... 101

Sentence & Commitment Form (dated Sept. 29, 2015)................. 102

Certificate of Conviction (filed Oct. 19, 2015) ................................................. 103

Seneca County Sheriff's Sentence Calculation
(printed Sept. 1, 2021) ..................................................................................... 104

**2016 Judgment in Sacramento County, California: Felony Animal Cruelty, Probation with 364 Days' Imprisonment** (Superior Court of California, July 1, 2016)

Minutes of Judgment (dated July 1, 2016) .................................................... 105

**2017 Judgment in Sacramento County, California: Murder in the First Degree, Life Imprisonment Without the Possibility of Parole** (Superior Court of California, Sept. 1, 2017)

Abstract of Judgment (dated Sept. 1, 2017).................................................. 112

1   SUPREME COURT OF THE STATE OF NEW YORK

2   COUNTY OF NEW YORK: CRIMINAL TERM: PART: 73

3   ----------------------------------------x

4   THE PEOPLE OF THE STATE OF NEW YORK   :   Indictment No.:
                                              3407/05
    - against -                            :

5                                          :

6   BENJAMIN BROWNLEE,                     :   Assault 1st Degree

                         Defendant.        :

7                                          :   Calendar Call
    ----------------------------------------x

8                          111 Centre Street
                           New York, New York 10013

9                          April 20, 2006

10  B E F O R E:

11             HONORABLE MICHAEL CORRIERO

12                                         Justice

    A P P E A R A N C E S:

13

14      FOR THE PEOPLE:

15          ROBERT M. MORGENTHAU, ESQ.
            District Attorney, New York County
            One Hogan Place

16          New York, New York 10013
            BY:  MAXINE ROSENTHAL, ESQ.

17               Assistant District Attorney

18

19      FOR THE DEFENDANT:

20          NEIGHBORHOOD DEFENDER SERVICE OF HARLEM
            317 Lenox Avenue - 10th Floor
            New York, New York 10027

21          BY:  ELSIE CHANDLER, ESQ.

22

23

24                          JACQUELINE RODRIGUEZ, CSR, RPR
                            Senior Court Reporter
25

                    *Jacqueline Rodriguez, CSR, RPR*
                        *Senior Court Reporter*

**[E 1]**

Colloquy                              page 2

1          COURT CLERK:  Calendar number 10, Benjamin

2     Brownlee, Indictment 3407 of 2005.

3          MS. ROSENTHAL:  Maxine Rosenthal, for the

4     People.

5          MS. CHANDLER:  Elsie Chandler, Neighborhood

6     Defender Service of Harlem, for Mr. Brownlee.

7          THE COURT:  I'm sorry we had to put this

8     back on the calendar.

9          So the record is clear, when the defendant

10    pled guilty, he pled guilty to a non-juvenile offense

11    wherein he admitted sexually touching the victim in

12    this case.

13          Now, the law, as we understand it, and in

14    particular section 310.85 of the Criminal Procedure

15    Law, specifies that with respect to a verdict of

16    guilty, when a verdict of guilty is rendered with

17    respect to a crime for which the defendant is not

18    criminally responsible -- and that is the case with

19    non-JO offenses -- the verdict must be set aside and

20    shall be deemed a nullity.

21          At the time of the plea, the district

22    attorney, as well as the Court, wanted to be assured

23    that the defendant admitted to the sexual aspects of

24    this crime so that if he were subject to the

25    provisions relating to registration, he would be

*Jacqueline Rodriguez, CSR, RPR*
*Senior Court Reporter*

**[E  2]**

1    required to register.

2              As it turns out, the law doesn't account

3    for pleas that involve non-JO offenses; offenses

4    which, in effect, were and would be subject to the

5    jurisdiction only of the juvenile or family court.

6              And do you wish to make a statement with

7    respect to that?

8              MS. ROSENTHAL:  Judge, it is true.  I was

9    not aware or hadn't carefully looked into the CPL

10   provision that nullified that part of the statute.  I

11   did go forward on this plea with the expectation that

12   the defendant would be a registered sex offender.

13              It does appear that neither of the offenses

14   that are in the indictment are, in fact, includable

15   or designated offenses.  So, therefore, there's

16   nothing for the People to do in terms of asking that

17   the plea be vacated or anything like that.

18              I want to say that I did put in a call to

19   the Division of Criminal Justice Services to speak

20   with the attorneys who work for the New York State

21   sex offender registry whose job it is at DCJS to

22   oversee that area of the law.

23              Unfortunately, I was out of the office the

24   last few days.  I've just spoken with the attorney

25   there.  She tells me that she believes, as I do, that

*Jacqueline Rodriguez, CSR, RPR*
*Senior Court Reporter*

**[E 3]**

Colloquy                              page 4

1   if, in fact, the plea is a nullity, that there's no

2   way for him to be registered on a non-conviction.

3              She is looking into it and has my cell

4   phone number and is going to give me a call back.

5              I cannot ask the Court to proceed at this

6   point because I understand that is the situation.  If

7   I hear differently, I'll let the Court know.

8              THE COURT:  Anything from Ms. Chandler

9   opposing any such registration given the age of the

10  defendant?

11             And also what was of major concern to the

12  Court is that this young man was given the

13  opportunity to receive the kind of counseling that

14  would help him not to be engaged in this kind of

15  behavior again.

16             MS. ROSENTHAL:  Judge, because he pled to

17  assault in the first degree, that is still a charge

18  for which a DNA sample will be taken, and his DNA

19  will be put into the official DNA bank.

20             THE COURT:  Yes.

21             Execute the sentence on the count to which

22  he pled guilty, which is Count 7.

23             Count 7 is declared a nullity and,

24  therefore, dismissed pursuant to Section 310.85 of

25  the Criminal Procedure Law, and should be so marked.

*Jacqueline Rodriguez, CSR, RPR*
*Senior Court Reporter*

**[E 4]**

1           COURT CLERK:  So count 7 is going to be

2      dismissed?

3           THE COURT:  Yes, but as a nullity.  We have

4      to use those words, "as a nullity."

5           MS. CHANDLER:  Judge, Benjamin wants me to

6      ask the Court if the Court could transfer him to

7      Horizon.

8           THE COURT:  He's at Crossroads?

9           MS. CHANDLER:  Yes.  He's at Crossroads

10     now, and he wants to go to Horizon so that it's

11     easier and more convenient for his mother to visit

12     him.

13          THE COURT:  I will call the Department of

14     Juvenile Justice today, and I will make that request.

15     Unless they feel for some specific security reason

16     that they can't do it, then I'll advise Ms. Chandler

17     of that.

18          MS. CHANDLER:  Judge, I'd also like the

19     record to be clear that I've visited Benjamin several

20     times at Crossroads.  I personally am very impressed

21     with the professionalism of the staff at Crossroads

22     and how they've handled him.  And in particular an

23     officer named Morales.

24          I have to say that in my experience it is

25     rare to meet people who are as intelligent and

*Jacqueline Rodriguez, CSR, RPR*
*Senior Court Reporter*

**[E  5]**

1    empathetic.

2              THE COURT:  Maybe he should stay there even

3    though it's difficult for his mother.

4              MS. CHANDLER:  Benjamin is asking you for

5    his own reasons and I represent Benjamin.

6              I just would like the Court to be very

7    clear and to communicate to Crossroads that I, as a

8    professional, very much appreciate all the efforts

9    that they've made.

10             THE COURT:  Yes, ma'am?

11             DEFENDANT'S MOTHER:  I'm sorry.

12             It's an inconvenience, but they are nice to

13   him over there, and they're very understanding.

14             THE COURT:  Okay.

15             DEFENDANT'S MOTHER:  He's concerned about

16   me because I don't have a job right now, and I can

17   understand that.  But it's okay because I go once a

18   week over there to see him.

19             MS. CHANDLER:  Is that okay, Benjamin,

20   because your mom is saying that she will come visit

21   you at Crossroads for the time that you're there?

22             THE DEFENDANT:  But I be having too much

23   problems.

24             THE COURT:  All right.  There are other

25   problems that affect him.

*Jacqueline Rodriguez, CSR, RPR*
*Senior Court Reporter*

**[E 6]**

Colloquy                                   page 7

1        All right.  I will speak to the Department

2   of Juvenile Justice.

3              MS. CHANDLER:  Okay.

4              THE COURT:  And if I feel that they can do

5   it, I don't believe he will be there much longer.

6              Yes?

7              DEFENDANT'S MOTHER:  I'm just concerned

8   about his medications.  There's times when he's not

9   getting his medication.  When ne does not get his

10  medications, he tends to react.  It needs to be

11  flowing through his system.  And that's one of my

12  concerns.

13             THE COURT:  I'll speak to the Department of

14  Juvenile Justice .

15             DEFT'S MOTHER:  Thank you.

16             MS. CHANDLER:  Thank you.

17             THE COURT:  He's still sentenced to 3 to 9.

18             COURT CLERK:  As a JO?

19             THE COURT:  Yes.

20                        oOo

21             I, Jacqueline Rodriguez, a Certified
    Shorthand Reporter, in and for the State of New York,
22  do hereby certify that the foregoing transcript is
    true and accurate to the best of my knowledge, skill,
23  and ability.

24
                    Jacqueline Rodriguez, CSR, RPR
25                  Senior Court Reporter

*Jacqueline Rodriguez, CSR, RPR*
*Senior Court Reporter*

**[E 7]**

UNIFORM SENTENCE & COMMITMENT

STATE OF NEW YORK
SUPREME COURT: COUNTY OF NEW YORK                          PART __13__

HON: Michael Corriero                    J. Rodriguez
                                            COURT REPORTER

THE PEOPLE OF THE STATE OF NEW YORK
                    VS                   10A1145

Benjamin Brownlee          Indictment/SCI No: 3407-2005

M _____ 90592945         Indictment/SCI Charge(s): (see attached)
          28463112
SEX    DOB    NYSID    Criminal    Date of offense: 6-27-05
                       Justice
                       Tracking #

THE ABOVE NAMED DEFENDANT HAVING BEEN CONVICTED OF AND SENTENCED FOR A (FELONY) (MISD) BY
(PLEA) (VERDICT) FOR THE CRIME(S) OF:

| | Crime | Count | Law/Section & Subdivision | Hate/ Terrorism | Min. Period | Max. Term | Definite/ Determinate | Post Rel. Superv. |
|---|---|---|---|---|---|---|---|---|
| 1. | Assault 1° | 3 | 120.10(1) PL | | 3 (three) | 9 (Nine) | | |
| 2. | | | | | | | | |
| 3. | | | | | | | | |
| 4. | | | | | | | | |
| 5. | | | | | | | | |

✓ Convicted as a Juvenile Offender   Age at time crime committed __15__
___ Convicted as an armed felon
___ The sentence(s) imposed herein shall run:
         Concurrently with: _____
         Consecutively to: _____
___ Adjudicated a YOUTHFUL OFFENDER
___ EXECUTE AS A SENTENCE OF PAROLE SUPERVISION (CPL 410.91)
___ Court certified the Defendant a Sex Offender (Cor. L 168-d)
___ As a (second) (second drug) (second drug/prior vfo) (persistent) (violent) (second child sexual assault) felony offender

CONVICTION INCLUDES:
Weapon Type: dangerous instrument
Drug Type: _____

Covers: _____

Mandatory Surcharge (paid) (not paid) WAIVED'S      Crime Victim Assistance Fee (paid) (not paid) U.25 (WAX)
Fine (paid) (not paid) _____ $_____      Restitution (paid) (not paid) _____  $_____
DNA Fee (paid) (not paid) WAVED     $_____          Sex Offender Registration Fee (paid) (not paid)  $_____
DWI/Other _____ (paid) (not paid) $_____      Supplement Sex Off. Victim Fee (paid) (not paid) $_____

THE SAID DEFENDANT BE AND HEREBY IS COMMITTED TO THE CUSTODY OF THE:
___ NYS Department of Correctional Services (NYSDOCS) until released in accordance with the law, and being a person sixteen (16)
years or older not presently in the custody of NYSDOCS (the County Sheriff) (New York City Department of Correction) is directed to
deliver (him) (her) to the custody of NYSDOCS as provided in 7 NYCRR part 103.
___ NYSDOCS until released in accordance with the law, and being a person sixteen (16) years or older and is presently in the
custody of the NYSDOCS, said defendant shall remain in the custody of the NYSDOCS.
✓ NYS Office of Children and Family Services in accordance with the law being a person less than sixteen (16) years of age at the
time the crime was committed.
___ The Department of Corrections of the City of New York
TO BE HELD UNTIL THE JUDGMENT OF THIS COURT IS SATISFIED.
REMARKS: _____

___ Amended Commitment   ___ Original Sentence Date            Order of Protection Attached   YES   NO

4-20-06    Norman Goodman    by: Thelma Greenidge          ACC
Date       Clerk of the Court         Signature                  Title

CORRECTION COPY                                    UCS 854 (7/05)

**[E 8]**

UNIFORM SENTENCE & COMMITMENT

UCS-854(9/2010)

| | |
|---|---|
| STATE OF NEW YORK | Court Part: 44 |
| __SUPREME__ COURT, COUNTY OF __NEW YORK__ | Court Reporter: L. EISENBERG |
| PRESENT: HON. __M. KAHN__ | Superior Ct. Case # : 3407-2005 |

Accusatory Instrument Charge(s):   Law/Section & Subdivision:

1. _____
2. _____
3. _____
4. _____

The People of the State of New York
-vs-
BENJAMIN BROWNLEE   10 A 1145
Defendant

Date(s) of Offense:  06 / 27 / 05
To ___ / ___ / ___

| Male | 0 2 8 4 6 3 1 1 Z | | |
|---|---|---|---|
| SEX | D.O.B. | NYSID NUMBER | CRIMINAL JUSTICE TRACKING NUMBER |

THE ABOVE NAMED DEFENDANT HAVING BEEN CONVICTED BY | ☒PLEA  OR  ☐VERDICT], THE MOST SERIOUS OFFENSE BEING A | ☒FELONY  OR  ☐MISDEMEANOR  OR  ☐VIOLATION], IS HEREBY SENTENCED TO:

| Crime | Count No. | Law § and Subdivision | SMF, Hate or Terror | Minimum Term | Maximum Term | ☐ Definite (select: D, M or Y) ☐ Determinate (in years)** | Post-Release Supervision |
|---|---|---|---|---|---|---|---|
| 1 ASSAULT 1 | 3 | 120.10 (1) | | 3 years | 9 years | | years |
| 2 | | | | years | years | | years |
| 3 | | | | years | years | | years |
| 4 | | | | years | years | | years |
| 5 | | | | years | years | | years |

**NOTE: For each DETERMINATE sentence imposed, a corresponding period of POST-RELEASE SUPERVISION MUST be indicated [PL § 70.45].

☐ Counts _____ shall run CONCURRENTLY with each other   ☐ Count(s) _____ shall run CONSECUTIVELY to count(s) _____

☐ Sentence imposed herein shall run CONCURRENTLY with _____, and/or CONSECUTIVELY to _____

☐ A _____ period of [☐ PROBATION OR☐ CONDITIONAL DISCHARGE] with an Ignition Interlock Device condition to run CONSECUTIVELY to any term of imprisonment imposed herein and to commence upon the defendant's release from imprisonment [PL § 60.21]

☒ Conviction includes:   WEAPON TYPE: DANGEROUS INSTRUMENT _____ and /or DRUG TYPE: _____

☒ Charged as a JUVENILE OFFENDER - age at time crime committed: 15 years

☐ Adjudicated a YOUTHFUL OFFENDER [CPL §720.20]        ☐ Court certified the Defendant a SEX OFFENDER [Cor. L § 168-d]
☐ Execute as a sentence of PAROLE SUPERVISION [CPL § 410.91]   ☐ CASAT ordered [PL § 60.04(6)]
☐ Re-sentence as a PROBATION VIOLATOR [CPL § 410.70]       ☐ SHOCK INCARCERATION ordered [PL § 60.04(7)]

As a : ☐ Second  ☐ Second Violent  ☐ Second Drug  ☐ Second Drug w/prior VFO  ☐ Predicate Sex Offender  ☐ Predicate Sex Offender w/prior VFO  ☐ Second Child Sexual Assault  ☐ Persistent  ☐ Persistent FELONY Violent OFFENDER

| Paid | Not Paid | Deferred - court must file written order [CPL § 420.40(5)] | | | Paid | Not Paid | Deferred - court must file written order [CPL § 420.40(5)] | |
|---|---|---|---|---|---|---|---|---|
| ☐ | ☐ | ☒ | Mandatory Surcharge | $ 250 | ☐ | ☐ | ☒ Crime Victim Assistance Fee | $ 20 |
| ☐ | ☐ | ☐ | Fine | $ | ☐ | ☐ | ☐ Restitution | $ |
| ☐ | ☐ | ☒ | DNA Fee | $ 50 | ☐ | ☐ | ☐ Sex Offender Registration Fee | $ |
| ☐ | ☐ | ☐ | DWI/Other: | $ | ☐ | ☐ | ☐ Supplemental Sex Off. Victim Fee | $ |

THE SAID DEFENDANT BE AND HEREBY IS COMMITTED TO THE CUSTODY OF THE:

☒ NYS Department of Correctional Services (NYSDOCS) until released in accordance with the law, and being a person sixteen (16) years or older not presently in the custody of NYSDOCS (the County Sheriff) (New York City Dept. Of Correction) is directed to deliver the defendant to the custody of NYSDOCS as provided in 7 NYCRR Part 103.

☐ NYSDOCS until released in accordance with the law, and being a person sixteen (16) years or older and is presently in the custody of NYSDOCS, said defendant shall remain in the custody of the NYSDOCS.

☐ NYS Office of Children and Family Services in accordance with the law being a person less than sixteen (16) years of age at the time the crime was committed.

☐ NYC Department of Corrections , County Jail/Correctional Facility
TO BE HELD UNTIL THE JUDGMENT OF THIS COURT IS SATISFIED.
REMARKS _____

Commitment, Order of Protection & Pre-Sentence Report received by Correctional Authority as indicated

Official Name

Shield No.

Pre-Sentence Investigation Report Attached: ☐ YES ☐ NO       ☒ Amended Commitment:
Order of Protection Issued:        ☐ YES ☐ NO   Original Sentence Date 04 / 20 / 06
Order of Protection Attached:      ☐ YES ☐ NO

| 09 / 20 / 13 | Norman Goodman | by _____ | Senior Court Clerk |
|---|---|---|---|
| Date | Clerk of the Court | Signature | Title |

**[E 9]**



JUVENILE OFFENDER INFORMATIONAL FORM

**New York State Office of Children & Family Services**

George E. Pataki
*Governor*

John A. Johnson
*Commissioner*

*Capital View Office Park*

52 Washington Street
Rensselaer, NY 12144-2796

TO:    E. Patrick Sullivan, Facility Director
       Brookwood Secure Center

FROM:  Vera F. Vicira, Classification Analyst
       Bureau of Classification and Movement

*10/11/45*

RE:    **Benjamin Brownlee**          NYSID#: ~~2846311 Z~~
                                      *9⊂2⊐90592945*

DATE:  May 3, 2006

1. OCFS Case Number:            178064

2. Date of Birth:               

3. Date sentenced:              4/20/06

4. County of Sentencing:        New York

5. Offense:                     Assault 1

6. Minimum/Maximum:             3 – 9 years

7. Jail Time:                   254 days

8. Date of Admission:           4/24/06

9. Parole Eligibility Date:     8/9/08

10. Conditional Release Date:   8/9/11

11. Maximum Expiration Date:    8/9/14

12. Initial Board Appearance:   6/08

VLV

cc:    D. Teeling - Division of Parole



An Equal Opportunity Employer

**[E 10]**



**New York State
Office of
Children & Family
Services**

George E. Pataki
*Governor*

John A. Johnson
*Commissioner*

**Capital View Office Park**

52 Washington Street
Rensselaer, NY 12144-2796

JUVENILE OFFENDER INFORMATIONAL FORM
ADJUSTED

**TO:**   F. Patrick Sullivan, Facility Director
Brookwood Secure Center

**FROM:**   Vera F. Vieira, Classification Analyst
Bureau of Classification and Movement

**RE:**   **Benjamin Brownlee**            NYSID#: ~~2846311 Z~~
~~9029595~~
9659295

**DATE:**   October 11, 2006

1. OCFS Case Number:                 178064

2. Date of Birth:

3. Date sentenced:                     4/20/06

4. County of Sentencing:              New York

5. Offense:                          Assault 1

6. Minimum/Maximum:                  3 – 9 years

7. Jail Time:                        254 days

8. Date of Admission:                4/24/06

9. Parole Eligibility Date:          8/9/08

10. Conditional Release Date:        8/9/11; **11/7/11\***

11. Maximum Expiration Date:         8/9/14

12. Initial Board Appearance:        6/08

\* 90 days Loss of Good Time per Facility Director's Proceeding held at Brookwood
Secure Center on 9/5/06.
Affirmed by OCFS Associate Commissioner on 10/6/06.
VLV

cc:    D. Teeling – Division of Parole



An Equal Opportunity Employer

**[E  11]**



**New York State
Office of
Children & Family
Services**

www.ocfs.state.ny.us

**Eliot Spitzer**
*Governor*

**Gladys Carrión, Esq.**
*Commissioner*

Capital View Office Park
52 Washington Street
Rsselaer, NY 12144

## JUVENILE OFFENDER INFORMATIONAL FORM
## ADJUSTED

**TO:**      E. Patrick Sullivan, Facility Director
         Brookwood Secure Center

**FROM:**    Vera F. Vieira, Classification Analyst
         Bureau of Classification and Movement

*10 A 1145*

**RE:**      **Benjamin Brownlee**          NYSID#: 2846311-Z
                                    90592945

**DATE:**    January 29, 2008

1. OCFS Case Number:                   105557 (178064)

2. Date of Birth:

3. Date sentenced:                     4/20/06

4. County of Sentencing:               New York

5. Offense:                            Assault 1

6. Minimum/Maximum:                    3 – 9 years

7. Jail Time:                          254 days

8. Date of Admission:                  4/24/06

9. Parole Eligibility Date:            8/9/08

10. Conditional Release Date:          8/9/11; 11/7/11; **12/7/11***

11. Maximum Expiration Date:           8/9/14

12. Initial Board Appearance:          6/08

* 30 days Loss of Good Time per Facility Director's Proceeding held at Brookwood
Secure Center on 12/6/07.
Affirmed by OCFS Associate Commissioner on 1/22/08.
VLV

cc:    D. Teeling – Division of Parole



An Equal Opportunity Employer

**[E  12]**



**New York State
Office of
Children & Family
Services**

www.ocfs.state.ny.us

**David A. Paterson**
*Governor*

**Gladys Carrión, Esq.**
*Commissioner*

Capital View Office Park
52 Washington Street
Rensselaer, NY 12144

## JUVENILE OFFENDER INFORMATIONAL FORM
### ADJUSTED

| | |
|---|---|
| **TO:** | E. Patrick Sullivan, Facility Director<br>Brookwood Secure Center |
| **FROM:** | Vera F. Vieira, Classification Analyst<br>Bureau of Classification and Movement |
| **RE:** | **Benjamin Brownlee** |
| **DATE:** | April 21, 2008 |

NYSID#: ~~2846311-Z~~
90592945

| | |
|---|---|
| **1.** OCFS Case Number: | 178064 |
| **2.** Date of Birth: | |
| **3.** Date sentenced: | 4/20/06 |
| **4.** County of Sentencing: | New York |
| **5.** Offense: | Assault 1 |
| **6.** Minimum/Maximum: | 3 – 9 years |
| **7.** Jail Time: | 254 days |
| **8.** Date of Admission: | 4/24/06 |
| **9.** Parole Eligibility Date: | 8/9/08 |
| **10.** Conditional Release Date: | 8/9/11; 11/7/11; 12/7/11;<br>2/5/12* |
| **11.** Maximum Expiration Date: | 8/9/14 |
| **12.** Initial Board Appearance: | 6/08 |

* 60 days Loss of Good Time per Facility Director's Proceeding held at Brookwood Secure Center on 3/14/08.
Affirmed by OCFS Associate Commissioner on 4/14/08.

VFV

cc:  A. Martinez – Division of Parole



An Equal Opportunity Employer

**[E  13]**



**New York State
Office of
Children & Family
Services**

www.ocfs.state.ny.us

**David A. Paterson**
*Governor*

**Gladys Carrión, Esq.**
*Commissioner*

·

Capital View Office Park
5? Washington Street
sselaer, NY 12144

JUVENILE OFFENDER INFORMATIONAL FORM
ADJUSTED

**TO:**  Bobby Smith, Facility Director
Goshen Secure Center

**FROM:**  Vera F. Vieir Classification Analyst
Bureau of Classification and Movement  *10A1145*

**RE:**  **Benjamin Brownlee**  NYSID#: ~~2846311-Z~~
90592945

**DATE:**  October 23, 2008

| | | |
|---|---|---|
| **1.** OCFS Case Number: | | 178064 |
| **2.** Date of Birth: | | |
| **3.** Date sentenced: | | 4/20/06 |
| **4.** County of Sentencing: | | New York |
| **5.** Offense: | | Assault 1 |
| **6.** Minimum/Maximum: | | 3 – 9 years |
| **7.** Jail Time: | | 254 days |
| **8.** Date of Admission: | | 4/24/06 |
| **9.** Parole Eligibility Date: | | 8/9/08 |
| **10.** Conditional Release Date: | | 8/9/11; 11/7/11; 12/7/11; 2/5/12; **7/4/12\*** |
| **11.** Maximum Expiration Date: | | 8/9/14 |
| **12.** Initial Board Appearance: | | 6/08; 5/10 |

\* 150 days Loss of Good Time per Facility Director's Proceeding held at Goshen
Secure Center on 8/21/08.
Affirmed by OCFS Associate Commissioner on 10/3/08.

VLV

cc:  A. Martinez – Division of Parole



An Equal Opportunity Employer

**[E  14]**

**JUVENILE OFFENDER INFORMATIONAL FORM**
**ADJUSTED**

**New York State
Office of
Children & Family
Services**

www.ocfs.state.ny.us

**David A. Paterson**
*Governor*

**Gladys Carrión, Esq.**
*Commissioner*

Capital View Office Park
Washington Street
Rsselaer, NY 12144

TO:        Bobby Smith, Facility Director
           Goshen Secure Center

FROM:      Vera F. Vieira, Classification Analyst          *10A1145*
           Bureau of Classification and Movement

RE:        **Benjamin Brownlee**          NYSID#: 2846311 Z
                                            9 0592945

DATE:      October 23, 2008

1. OCFS Case Number:                      178064

2. Date of Birth:

3. Date sentenced:                        4/20/06

4. County of Sentencing:                  New York

5. Offense:                               Assault 1

6. Minimum/Maximum:                       3 – 9 years

7. Jail Time:                             254 days

8. Date of Admission:                     4/24/06

9. Parole Eligibility Date:               8/9/08

10. Conditional Release Date:             8/9/11; 11/7/11; 12/7/11;
                                          2/5/12; 7/4/12; 9/2/12*

11. Maximum Expiration Date:              8/9/14

12. Initial Board Appearance:             6/08; 5/10

* 60 days Loss of Good Time per Facility Director's Proceeding held at Goshen
Secure Center on 9/11/08.
Affirmed by OCFS Associate Commissioner on 10/17/08.

VLV

cc:   A. Martinez – Division of Parole



An Equal Opportunity Employer

**[E  15]**



**New York State
Office of
Children & Family
Services**

www.ocfs.state.ny.us

**David A. Paterson**
*Governor*

**Gladys Carrión, Esq.**
*Commissioner*

Capital View Office Park
Vashington Street
nensselaer, NY 12144

JUVENILE OFFENDER INFORMATIONAL FORM
ADJUSTED

TO:         Bobby Smith, Facility Director
            Goshen Secure Center

FROM:       Vera F. Vieira, Classification Analyst
            Bureau of Classification and Movement

RE:         **Benjamin Brownlee**          NYSID#: 2846311-Z
                                            9 0 5 3 2 9 4 5

DATE:       October 31, 2008

1. OCFS Case Number:            178064

2. Date of Birth:

3. Date sentenced:              4/20/06

4. County of Sentencing:        New York

5. Offense:                     Assault 1

6. Minimum/Maximum:             3 – 9 years

7. Jail Time:                   254 days

8. Date of Admission:           4/24/06

9. Parole Eligibility Date:     8/9/08

10. Conditional Release Date:   8/9/11; 11/7/11; 12/7/11;
                                2/5/12; 7/4/12; 9/2/12;
                                **11/1/12\***

11. Maximum Expiration Date:    8/9/14

12. Initial Board Appearance:   6/08; 5/10

\* 60 days Loss of Good Time per Facility Director's Proceeding held at Goshen
Secure Center on 8/21/08.
Affirmed by OCFS Associate Commissioner on 10/27/08.

VLV

cc:    A. Martinez – Division of Parole



An Equal Opportunity Employer

### JUVENILE OFFENDER INFORMATIONAL FORM
### ADJUSTED

**New York State**
**Office of**
**Children & Family**
**Services**

www.ocfs.state.ny.us

**David A. Paterson**
*Governor*

**Gladys Carrión, Esq.**
*Commissioner*

Capital View Office Park
52 Washington Street
Rensselaer, NY 12144

**TO:**    Bobby Smith, Facility Director
Goshen Secure Center

**FROM:**  Vera F. Vieira, Classification Analyst
Bureau of Classification and Movement

*16 A 1145*

**RE:**    **Benjamin Brownlee**    NYSID#: ~~2846311 Z~~

*9 0592945*

**DATE:**  December 5, 2008

| | | |
|---|---|---|
| 1. OCFS Case Number: | | 178064 |
| 2. Date of Birth: | | |
| 3. Date sentenced: | | 4/20/06 |
| 4. County of Sentencing: | | New York |
| 5. Offense: | | Assault 1 |
| 6. Minimum/Maximum: | | 3 – 9 years |
| 7. Jail Time: | | 254 days |
| 8. Date of Admission: | | 4/24/06 |
| 9. Parole Eligibility Date: | | 8/9/08 |
| 10. Conditional Release Date: | | 8/9/11; 11/7/11; 12/7/11; 2/5/12; 7/4/12; 9/2/12; 11/1/12; **11/11/12*** |
| 11. Maximum Expiration Date: | | 8/9/14 |
| 12. Initial Board Appearance: | | 6/08; 5/10 |

\* 10 days Loss of Good Time per Facility Director's Proceeding held at Goshen Secure Center on 10/22/08.
Affirmed by OCFS Associate Commissioner on 12/2/08.

VLV

cc:   A. Martinez – Division of Parole



Equal Opportunity Employer

**[E  17]**



**New York State Office of Children & Family Services**

www.ocfs.state.ny.us

**David A. Paterson**
*Governor*

**Gladys Carrión, Esq.**
*Commissioner*

Capital View Office Park
'2 Washington Street
Rensselaer, NY 12144

JUVENILE OFFENDER INFORMATIONAL FORM
ADJUSTED

TO:            E. Patrick Sullivan, Facility Director
               Brookwood Secure Center

FROM:          Vera F. Vickers, Classification Analyst
               Bureau of Classification and Movement

RE:            **Benjamin Brownlee**            NYSID#: ~~2846311 Z~~
                                                90592945  10A1145

DATE:          May 29, 2009

RECEIVED

JUN – 3 2009

BROOKWOOD CENTER

1. OCFS Case Number:                          178064

2. Date of Birth:

3. Date sentenced:                            4/20/06

4. County of Sentencing:                      New York

5. Offense:                                   Assault 1

6. Minimum/Maximum:                           3 – 9 years

7. Jail Time:                                 254 days

8. Date of Admission:                         4/24/06

9. Parole Eligibility Date:                   8/9/08

10. Conditional Release Date:                 8/9/11; 11/7/11; 12/7/11;
                                              2/5/12; 7/4/12; 9/2/12;
                                              11/1/12; 11/11/12; **1/10/13***

11. Maximum Expiration Date:                  8/9/14

12. Initial Board Appearance:                 6/08; 5/10

* 60 days Loss of Good Time per Facility Director's Proceeding held at **Goshen Secure Center** on 5/5/09.
Affirmed by OCFS Associate Commissioner on 5/26/09.

VLV

cc:    A. Martinez -- Division of Parole



An Equal Opportunity Employer

**[E  18]**



**New York State
Office of
Children & Family
Services**

www.ocfs.state.ny.us

**David A. Paterson**
*Governor*

**Gladys Carrión, Esq.**
*Commissioner*

Capital View Office Park
52 Washington Street
Rensselaer, NY 12144

JUVENILE OFFENDER INFORMATIONAL FORM
ADJUSTED

RECEIVED

JUN - 3 2009

BROOKWOOD CENTER

TO:         E. Patrick Sullivan, Facility Director
            Brookwood Secure Center

FROM:       Vera F. Vieira, Classification Analyst      *10A1145*
            Bureau of Classification and Movement

RE:         **Benjamin Brownlee**          NYSID#: ~~2846311 Z~~
                                            90592945

DATE:       May 29, 2009

**1.** OCFS Case Number:                    178064

**2.** Date of Birth:

**3.** Date sentenced:                      4/20/06

**4.** County of Sentencing:                New York

**5.** Offense:                             Assault 1

**6.** Minimum/Maximum:                     3 - 9 years

**7.** Jail Time:                           254 days

**8.** Date of Admission:                   4/24/06

**9.** Parole Eligibility Date:             8/9/08

**10.** Conditional Release Date:           8/9/11; 11/7/11; 12/7/11;
                                            2/5/12; 7/4/12; 9/2/12;
                                            11/1/12; 11/11/12; 1/10/13; **3/11/13***

**11.** Maximum Expiration Date:            8/9/14

**12.** Initial Board Appearance:           6/08; 5/10

\* 60 days Loss of Good Time per Facility Director's Proceeding held at **Goshen
Secure Center** on 4/29/09.
Affirmed by OCFS Associate Commissioner on 5/26/09.

VLV

cc:    A. Martinez – Division of Parole



An Equal Opportunity Employer



**New York State Office of Children & Family Services**

www.ocfs.state.ny.us

**David A. Paterson**
*Governor*

**Gladys Carrión, Esq.**
*Commissioner*

JUVENILE OFFENDER INFORMATIONAL FORM
ADJUSTED

RECEIVED

JAN – 7 2010

BROOKWOOD CENTER

10A1145

**TO:**      E. Patrick Sullivan, Facility Director
             Brookwood Secure Center

**FROM:**    Vera F. Vieira, Classification Analyst
             Bureau of Classification and Movement

**RE:**      **Benjamin Brownlee**          NYSID#: ~~2846311 Z~~
                                            9c5 92945

**DATE:**    January 5, 2010

**1.** OCFS Case Number:                    178064

**2.** Date of Birth:

**3.** Date sentenced:                      4/20/06

**4.** County of Sentencing:                New York

**5.** Offense:                             Assault 1

**6.** Minimum/Maximum:                     3 – 9 years

**7.** Jail Time:                           254 days

**8.** Date of Admission:                   4/24/06

**9.** Parole Eligibility Date:             8/9/08

**10.** Conditional Release Date:           8/9/11; 11/7/11; 12/7/11;
                                            2/5/12; 7/4/12; 9/2/12;
                                            11/1/12; 11/11/12; 1/10/13; 3/11/13;
                                            **4/10/13***

**11.** Maximum Expiration Date:            8/9/14

**12.** Initial Board Appearance:           6/08; 5/10

* 30 days Loss of Good Time per Facility Director's Proceeding held at Brookwood
Secure Center on 11/12/09.
Affirmed by OCFS Associate Commissioner on 12/30/09.

VLV

cc:     A. Martinez – Division of Parole

Capital View Office Park
52 Washington Street
Rensselaer, NY 12144



An Equal Opportunity Employer

**[E  20]**

```
09/23/21  CCNSMXS      RECEPTION/CLASSIFICATION SYSTEM              KRCLMHI
16:04:09  C999W410            INQUIRY INDEX
DIN: 10A1145  NAME: BROWNLEE, BENJAMIN               NYSID: 09059294J
DATE COMP RECORDS:    1 -  11 of    11    DATE RECEIVED: 03/12/2010
A  COMPUTATION TYPE                              DATE    TIME    USER
_ U01 UPDATE PE, TRD, GRAD DATES AND PH DATE/TYPE  05/22/2014 09:00A C370NSC
_ 92  UPDATE OF P.E., P.H. AND/OR T.A.C. INFO      05/25/2012 01:33P C000KLL
_ 91  LOST GOOD TIME ADJUSTMENT                    05/09/2011         C010SLQ
_ 92  UPDATE OF P.E., P.H. AND/OR T.A.C. INFO      02/14/2011         C010SLQ
_ 92  UPDATE OF P.E., P.H. AND/OR T.A.C. INFO      02/14/2011         C010SLQ
_ 92  UPDATE OF P.E., P.H. AND/OR T.A.C. INFO      05/17/2010         C240EMD
_ 92  UPDATE OF P.E., P.H. AND/OR T.A.C. INFO      03/15/2010         C240KDH
_ 92  UPDATE OF P.E., P.H. AND/OR T.A.C. INFO      03/15/2010         C240KDH
_ 01  BASIC INDETERMINATE                          03/12/2010         C240KDH
_ 01  BASIC INDETERMINATE                          03/12/2010         C240KDH
_ 01  BASIC INDETERMINATE                          03/12/2010         C240KDH


ACTION: X SELECT  P PRINT
*** END OF HISTORY DATA FOR THIS DIN ***
<ENTER> (CONTINUE)  <PF3> EXIT  <PF6> COMMENTS  <PF7> BKWD  <PF8> FWD
<CLEAR> EXIT(SYSTEM)              <PF9> PRINT ALL


DIN 10A1145  BROWNLEE, BENJAMIN        DATE COMPUTATION/ENTRY    KRCLM40
LAST COMP. 01BASIC INDETERMINATE      DONE 03/12/2010 BY C240KDH
DATE RECEIVED        2006 04 24  TIME TO SERVE (MINIMUM)    002 03 16
MINIMUM TERM         003 00 00   TIME TO SERVE (MAXIMUM)    008 03 16
MAXIMUM TERM         009 00 00   TIME OWED (MINIMUM)
JAIL TIME (DAYS)          0254   TIME OWED (MAXIMUM)
DATE SENTENCED                   PAROLE JAIL TIME (DAYS)
ORIG. MAX. EXP. DATE             NET TIME OWED
DATE DECLARED DELINQUENT         LIMITED CREDIT TIME POSSIBLE  00 06 00
DATE RETURNED                    SUPPLEMENTAL MERIT TIME POSS.
ORIG. DATE RECEIVED              MERIT TIME POSSIBLE
DATE RELEASED                    GOOD TIME ADJUSTMENT
DATE FAILED TO RETURN            GOOD TIME POSSIBLE         003 00 00
DATE ESCAPED                     LIMITED CREDIT TIME DATE   2011 02 09
ORIG. PAR. ELIG. DATE            SUPPLEMENTAL MERIT ELIG DT
OTHER STATE SENT. DATE           MERIT ELIGIBILITY DATE
DATE DISCHARGED                  PAROLE ELIGIBILITY DATE    2008 08 09
DATE REAFFIRMED                  PAROLE HEARING DATE/TYPE   2010 04  PIE
PRIOR TIME CREDIT                TENTATIVE RELEASE DATE
MEPS                             MAXIMUM EXPIRATION DATE    2014 08 09
PAROLE BOARD DISCHARGE           CONDITIONAL RELEASE DATE   2011 08 09
PRS          PRS ME              T.A.C. DATE/TYPE           2011 04  INIT
REMARKS
<PF3>EXIT   <PF4>RETURN   <PF6>COMMENTS   <PF10>PRINT   <CLEAR>EXIT
```

**[E 21]**

```
DIN 10A1145  BROWNLEE, BENJAMIN            DATE COMPUTATION/ENTRY        KRCLM40
LAST COMP. 01BASIC INDETERMINATE         DONE 03/12/2010 BY C240KDH
DATE RECEIVED               2006 04 24  TIME TO SERVE (MINIMUM)       002 03 16
MINIMUM TERM               003 00 00    TIME TO SERVE (MAXIMUM)       008 03 16
MAXIMUM TERM               009 00 00    TIME OWED (MINIMUM)
JAIL TIME (DAYS)                0254    TIME OWED (MAXIMUM)
DATE SENTENCED                          PAROLE JAIL TIME (DAYS)
ORIG. MAX. EXP. DATE                    NET TIME OWED
DATE DECLARED DELINQUENT                LIMITED CREDIT TIME POSSIBLE  00 06 00
DATE RETURNED                           SUPPLEMENTAL MERIT TIME POSS.
ORIG. DATE RECEIVED                     MERIT TIME POSSIBLE
DATE RELEASED                           GOOD TIME ADJUSTMENT
DATE FAILED TO RETURN                   GOOD TIME POSSIBLE            003 00 00
DATE ESCAPED                            LIMITED CREDIT TIME DATE     2011 02 09
ORIG. PAR. ELIG. DATE                   SUPPLEMENTAL MERIT ELIG DT
OTHER STATE SENT. DATE                  MERIT ELIGIBILITY DATE
DATE DISCHARGED                         PAROLE ELIGIBILITY DATE      2008 08 09
DATE REAFFIRMED                         PAROLE HEARING DATE/TYPE     2010 04  PIE
PRIOR TIME CREDIT                       TENTATIVE RELEASE DATE
MEPS                                    MAXIMUM EXPIRATION DATE      2014 08 09
PAROLE BOARD DISCHARGE                  CONDITIONAL RELEASE DATE     2011 08 09
PRS            PRS ME                   T.A.C. DATE/TYPE             2011 04  INIT
REMARKS 550 DAYS LGT @OCFS
<PF3>EXIT   <PF4>RETURN   <PF6>COMMENTS   <PF10>PRINT   <CLEAR>EXIT
```

```
DIN 10A1145  BROWNLEE, BENJAMIN            DATE COMPUTATION/ENTRY        KRCLM40
LAST COMP. 01BASIC INDETERMINATE         DONE 03/12/2010 BY C240KDH
DATE RECEIVED               2006 04 24  TIME TO SERVE (MINIMUM)       002 03 16
MINIMUM TERM               003 00 00    TIME TO SERVE (MAXIMUM)       008 03 16
MAXIMUM TERM               009 00 00    TIME OWED (MINIMUM)
JAIL TIME (DAYS)                0254    TIME OWED (MAXIMUM)
DATE SENTENCED                          PAROLE JAIL TIME (DAYS)
ORIG. MAX. EXP. DATE                    NET TIME OWED
DATE DECLARED DELINQUENT                LIMITED CREDIT TIME POSSIBLE  00 06 00
DATE RETURNED                           SUPPLEMENTAL MERIT TIME POSS.
ORIG. DATE RECEIVED                     MERIT TIME POSSIBLE
DATE RELEASED                           GOOD TIME ADJUSTMENT
DATE FAILED TO RETURN                   GOOD TIME POSSIBLE            003 00 00
DATE ESCAPED                            LIMITED CREDIT TIME DATE     2011 02 09
ORIG. PAR. ELIG. DATE                   SUPPLEMENTAL MERIT ELIG DT
OTHER STATE SENT. DATE                  MERIT ELIGIBILITY DATE
DATE DISCHARGED                         PAROLE ELIGIBILITY DATE      2008 08 09
DATE REAFFIRMED                         PAROLE HEARING DATE/TYPE     2010 04  PIE
PRIOR TIME CREDIT                       TENTATIVE RELEASE DATE
MEPS                                    MAXIMUM EXPIRATION DATE      2014 08 09
PAROLE BOARD DISCHARGE                  CONDITIONAL RELEASE DATE     2011 08 09
PRS            PRS ME                   T.A.C. DATE/TYPE             2011 04  INIT
REMARKS 550 DAYS LGT @OCFS
<PF3>EXIT   <PF4>RETURN   <PF6>COMMENTS   <PF10>PRINT   <CLEAR>EXIT
```

[E  22]

```
DIN 10A1145  BROWNLEE, BENJAMIN          DATE COMPUTATION/ENTRY      KRCLM40
LAST COMP. 92UPDATE OF PE, PH, TAC INFO DONE 03/15/2010 BY C240KDH
DATE RECEIVED             2006 04 24  TIME TO SERVE (MINIMUM)      002 03 16
MINIMUM TERM              003 00 00   TIME TO SERVE (MAXIMUM)      008 03 16
MAXIMUM TERM              009 00 00   TIME OWED (MINIMUM)
JAIL TIME (DAYS)               0254   TIME OWED (MAXIMUM)
DATE SENTENCED                        PAROLE JAIL TIME (DAYS)
ORIG. MAX. EXP. DATE                  NET TIME OWED
DATE DECLARED DELINQUENT              LIMITED CREDIT TIME POSSIBLE  00 06 00
DATE RETURNED                         SUPPLEMENTAL MERIT TIME POSS.
ORIG. DATE RECEIVED                   MERIT TIME POSSIBLE
DATE RELEASED                         GOOD TIME ADJUSTMENT
DATE FAILED TO RETURN                 GOOD TIME POSSIBLE           003 00 00
DATE ESCAPED                          LIMITED CREDIT TIME DATE     2011 02 09
ORIG. PAR. ELIG. DATE                 SUPPLEMENTAL MERIT ELIG DT
OTHER STATE SENT. DATE                MERIT ELIGIBILITY DATE
DATE DISCHARGED                       PAROLE ELIGIBILITY DATE      2008 08 09
DATE REAFFIRMED                       PAROLE HEARING DATE/TYPE     2010 05  REAP
PRIOR TIME CREDIT                     TENTATIVE RELEASE DATE
MEPS                                  MAXIMUM EXPIRATION DATE      2014 08 09
PAROLE BOARD DISCHARGE                CONDITIONAL RELEASE DATE     2011 08 09
PRS          PRS ME                   T.A.C. DATE/TYPE             2011 04  INIT
REMARKS 550 DAYS LGT @OCFS
<PF3>EXIT   <PF4>RETURN   <PF6>COMMENTS   <PF10>PRINT   <CLEAR>EXIT
```

```
DIN 10A1145  BROWNLEE, BENJAMIN          DATE COMPUTATION/ENTRY      KRCLM40
LAST COMP. 92UPDATE OF PE, PH, TAC INFO DONE 03/15/2010 BY C240KDH
DATE RECEIVED             2006 04 24  TIME TO SERVE (MINIMUM)      002 03 16
MINIMUM TERM              003 00 00   TIME TO SERVE (MAXIMUM)      008 03 16
MAXIMUM TERM              009 00 00   TIME OWED (MINIMUM)
JAIL TIME (DAYS)               0254   TIME OWED (MAXIMUM)
DATE SENTENCED                        PAROLE JAIL TIME (DAYS)
ORIG. MAX. EXP. DATE                  NET TIME OWED
DATE DECLARED DELINQUENT              LIMITED CREDIT TIME POSSIBLE  00 06 00
DATE RETURNED                         SUPPLEMENTAL MERIT TIME POSS.
ORIG. DATE RECEIVED                   MERIT TIME POSSIBLE
DATE RELEASED                         GOOD TIME ADJUSTMENT
DATE FAILED TO RETURN                 GOOD TIME POSSIBLE           003 00 00
DATE ESCAPED                          LIMITED CREDIT TIME DATE     2011 02 09
ORIG. PAR. ELIG. DATE                 SUPPLEMENTAL MERIT ELIG DT
OTHER STATE SENT. DATE                MERIT ELIGIBILITY DATE
DATE DISCHARGED                       PAROLE ELIGIBILITY DATE      2008 08 09
DATE REAFFIRMED                       PAROLE HEARING DATE/TYPE     2010 05  REAP
PRIOR TIME CREDIT                     TENTATIVE RELEASE DATE
MEPS                                  MAXIMUM EXPIRATION DATE      2014 08 09
PAROLE BOARD DISCHARGE                CONDITIONAL RELEASE DATE     2011 08 09
PRS          PRS ME                   T.A.C. DATE/TYPE             2011 04  INIT
REMARKS 550 DAYS LGT @OCFS
<PF3>EXIT   <PF4>RETURN   <PF6>COMMENTS   <PF10>PRINT   <CLEAR>EXIT
```

[E  23]

```
DIN 10A1145  BROWNLEE, BENJAMIN              DATE COMPUTATION/ENTRY      KRCLM40
LAST COMP. 92UPDATE OF PE, PH, TAC INFO DONE 05/17/2010 BY C240EMD
DATE RECEIVED            2006 04 24  TIME TO SERVE (MINIMUM)      002 03 16
MINIMUM TERM             003 00 00  TIME TO SERVE (MAXIMUM)      008 03 16
MAXIMUM TERM             009 00 00  TIME OWED (MINIMUM)
JAIL TIME (DAYS)              0254  TIME OWED (MAXIMUM)
DATE SENTENCED                      PAROLE JAIL TIME (DAYS)
ORIG. MAX. EXP. DATE                NET TIME OWED
DATE DECLARED DELINQUENT            LIMITED CREDIT TIME POSSIBLE  00 06 00
DATE RETURNED                       SUPPLEMENTAL MERIT TIME POSS.
ORIG. DATE RECEIVED                 MERIT TIME POSSIBLE
DATE RELEASED                       GOOD TIME ADJUSTMENT
DATE FAILED TO RETURN               GOOD TIME POSSIBLE           003 00 00
DATE ESCAPED                        LIMITED CREDIT TIME DATE     2011 02 09
ORIG. PAR. ELIG. DATE               SUPPLEMENTAL MERIT ELIG DT
OTHER STATE SENT. DATE              MERIT ELIGIBILITY DATE
DATE DISCHARGED                     PAROLE ELIGIBILITY DATE      2008 08 09
DATE REAFFIRMED                     PAROLE HEARING DATE/TYPE     2012 05  REAP
PRIOR TIME CREDIT                   TENTATIVE RELEASE DATE
MEPS                                MAXIMUM EXPIRATION DATE      2014 08 09
PAROLE BOARD DISCHARGE              CONDITIONAL RELEASE DATE     2011 08 09
PRS              PRS ME             T.A.C. DATE/TYPE             2011 04  INIT
REMARKS 550 DAYS LGT @OCFS
<PF3>EXIT   <PF4>RETURN   <PF6>COMMENTS   <PF10>PRINT   <CLEAR>EXIT


DIN 10A1145  BROWNLEE, BENJAMIN              DATE COMPUTATION/ENTRY      KRCLM40
LAST COMP. 92UPDATE OF PE, PH, TAC INFO DONE 02/14/2011 BY C010SLQ
DATE RECEIVED            2006 04 24  TIME TO SERVE (MINIMUM)      002 03 16
MINIMUM TERM             003 00 00  TIME TO SERVE (MAXIMUM)      008 03 16
MAXIMUM TERM             009 00 00  TIME OWED (MINIMUM)
JAIL TIME (DAYS)              0254  TIME OWED (MAXIMUM)
DATE SENTENCED                      PAROLE JAIL TIME (DAYS)
ORIG. MAX. EXP. DATE                NET TIME OWED
DATE DECLARED DELINQUENT            LIMITED CREDIT TIME POSSIBLE  00 06 00
DATE RETURNED                       SUPPLEMENTAL MERIT TIME POSS.
ORIG. DATE RECEIVED                 MERIT TIME POSSIBLE
DATE RELEASED                       GOOD TIME ADJUSTMENT
DATE FAILED TO RETURN               GOOD TIME POSSIBLE           003 00 00
DATE ESCAPED                        LIMITED CREDIT TIME DATE     2011 02 09
ORIG. PAR. ELIG. DATE               SUPPLEMENTAL MERIT ELIG DT
OTHER STATE SENT. DATE              MERIT ELIGIBILITY DATE
DATE DISCHARGED                     PAROLE ELIGIBILITY DATE      2008 08 09
DATE REAFFIRMED                     PAROLE HEARING DATE/TYPE     2012 05  REAP
PRIOR TIME CREDIT                   TENTATIVE RELEASE DATE
MEPS                                MAXIMUM EXPIRATION DATE      2014 08 09
PAROLE BOARD DISCHARGE              CONDITIONAL RELEASE DATE     2011 08 09
PRS              PRS ME             T.A.C. DATE/TYPE             2011 03  INIT
REMARKS 550 DAYS LGT @OCFS
<PF3>EXIT   <PF4>RETURN   <PF6>COMMENTS   <PF10>PRINT   <CLEAR>EXIT
```

**[E  24]**

```
DIN 10A1145  BROWNLEE, BENJAMIN              DATE COMPUTATION/ENTRY      KRCLM40
LAST COMP. 92UPDATE OF PE, PH, TAC INFO DONE 02/14/2011 BY C010SLQ
DATE RECEIVED              2006 04 24  TIME TO SERVE (MINIMUM)    002 03 16
MINIMUM TERM              003 00 00  TIME TO SERVE (MAXIMUM)    008 03 16
MAXIMUM TERM              009 00 00  TIME OWED (MINIMUM)
JAIL TIME (DAYS)               0254  TIME OWED (MAXIMUM)
DATE SENTENCED                        PAROLE JAIL TIME (DAYS)
ORIG. MAX. EXP. DATE                  NET TIME OWED
DATE DECLARED DELINQUENT              LIMITED CREDIT TIME POSSIBLE  00 06 00
DATE RETURNED                         SUPPLEMENTAL MERIT TIME POSS.
ORIG. DATE RECEIVED                   MERIT TIME POSSIBLE
DATE RELEASED                         GOOD TIME ADJUSTMENT
DATE FAILED TO RETURN                 GOOD TIME POSSIBLE          003 00 00
DATE ESCAPED                          LIMITED CREDIT TIME DATE   2011 02 09
ORIG. PAR. ELIG. DATE                 SUPPLEMENTAL MERIT ELIG DT
OTHER STATE SENT. DATE                MERIT ELIGIBILITY DATE
DATE DISCHARGED                       PAROLE ELIGIBILITY DATE    2008 08 09
DATE REAFFIRMED                       PAROLE HEARING DATE/TYPE   2012 05  REAP
PRIOR TIME CREDIT                     TENTATIVE RELEASE DATE
MEPS                                  MAXIMUM EXPIRATION DATE    2014 08 09
PAROLE BOARD DISCHARGE                CONDITIONAL RELEASE DATE   2011 08 09
PRS           PRS ME                  T.A.C. DATE/TYPE           2011 03  INIT
REMARKS 550 DAYS LGT @OCFS
<PF3>EXIT   <PF4>RETURN   <PF6>COMMENTS   <PF10>PRINT   <CLEAR>EXIT
```

```
DIN 10A1145  BROWNLEE, BENJAMIN              DATE COMPUTATION/ENTRY      KRCLM40
LAST COMP. 91LOST GOOD TIME ADJUSTMENT  DONE 05/09/2011 BY C010SLQ
DATE RECEIVED              2010 03 12  TIME TO SERVE (MINIMUM)    002 03 16
MINIMUM TERM              003 00 00  TIME TO SERVE (MAXIMUM)    008 03 16
MAXIMUM TERM              009 00 00  TIME OWED (MINIMUM)
JAIL TIME (DAYS)               0254  TIME OWED (MAXIMUM)
DATE SENTENCED                        PAROLE JAIL TIME (DAYS)
ORIG. MAX. EXP. DATE                  NET TIME OWED
DATE DECLARED DELINQUENT              LIMITED CREDIT TIME POSSIBLE
DATE RETURNED                         SUPPLEMENTAL MERIT TIME POSS.
ORIG. DATE RECEIVED                   MERIT TIME POSSIBLE
DATE RELEASED                         GOOD TIME ADJUSTMENT        03 00 00
DATE FAILED TO RETURN                 GOOD TIME POSSIBLE          000 00 00
DATE ESCAPED                          LIMITED CREDIT TIME DATE
ORIG. PAR. ELIG. DATE                 SUPPLEMENTAL MERIT ELIG DT
OTHER STATE SENT. DATE                MERIT ELIGIBILITY DATE
DATE DISCHARGED                       PAROLE ELIGIBILITY DATE    2008 08 09
DATE REAFFIRMED                       PAROLE HEARING DATE/TYPE   2012 05  REAP
PRIOR TIME CREDIT                     TENTATIVE RELEASE DATE
MEPS                                  MAXIMUM EXPIRATION DATE    2014 08 09
PAROLE BOARD DISCHARGE                CONDITIONAL RELEASE DATE   2014 08 09
PRS           PRS ME                  T.A.C. DATE/TYPE                   FMAX
REMARKS 550 DAYS LGT @OCFS, 3/11 TAC
<PF3>EXIT   <PF4>RETURN   <PF6>COMMENTS   <PF10>PRINT   <CLEAR>EXIT
```

**[E  25]**

```
DIN 10A1145 BROWNLEE, BENJAMIN          DATE COMPUTATION/ENTRY         KRCLM40
LAST COMP. 92UPDATE OF PE, PH, TAC INFO DONE 05/25/2012 BY C000KLL
DATE RECEIVED              2010 03 12  TIME TO SERVE (MINIMUM)       002 03 16
MINIMUM TERM               003 00 00  TIME TO SERVE (MAXIMUM)       008 03 16
MAXIMUM TERM               009 00 00  TIME OWED (MINIMUM)
JAIL TIME (DAYS)                 0254  TIME OWED (MAXIMUM)
DATE SENTENCED                        PAROLE JAIL TIME (DAYS)
ORIG. MAX. EXP. DATE                  NET TIME OWED
DATE DECLARED DELINQUENT              LIMITED CREDIT TIME POSSIBLE
DATE RETURNED                        SUPPLEMENTAL MERIT TIME POSS.
ORIG. DATE RECEIVED                  MERIT TIME POSSIBLE
DATE RELEASED                        GOOD TIME ADJUSTMENT          03 00 00
DATE FAILED TO RETURN                GOOD TIME POSSIBLE           000 00 00
DATE ESCAPED                         LIMITED CREDIT TIME DATE
ORIG. PAR. ELIG. DATE                SUPPLEMENTAL MERIT ELIG DT
OTHER STATE SENT. DATE               MERIT ELIGIBILITY DATE
DATE DISCHARGED                      PAROLE ELIGIBILITY DATE      2008 08 09
DATE REAFFIRMED                      PAROLE HEARING DATE/TYPE     2014 05  REAP
PRIOR TIME CREDIT                    TENTATIVE RELEASE DATE
MEPS                                 MAXIMUM EXPIRATION DATE      2014 08 09
PAROLE BOARD DISCHARGE               CONDITIONAL RELEASE DATE     2014 08 09
PRS          PRS ME                  T.A.C. DATE/TYPE                      FMAX
REMARKS 550 DAYS LGT @OCFS, 3/11 TAC
<PF3>EXIT   <PF4>RETURN   <PF6>COMMENTS   <PF10>PRINT   <CLEAR>EXIT


09/23/21 CCNSMXS      RECEPTION/CLASSIFICATION SYSTEM            KRCLM00
16:05:52 C999W410  U01  UPDATE PE, TRD, GRAD DATES AND PH DATE/TYPE
DIN: 10A1145   NAME: BROWNLEE, BENJAMIN              NYSID: 09059294J
DATE RECEIVED: 03/12/2010          BY: 05/22/2014  C370NSC


HEARING DATE                       TIME ALLOWANCE COMM DATE
HEARING TYPE             FMAX      TIME ALLOWANCE COMM TYPE     FMAX
TENTATIVE RELEASE DATE             POST-RELEASE SUPERVISION
GRADUATION DATE                    PRS MAXIMUM EXPIRATION DT


PAROLE ELIGIBILITY DATE   2008 08 09  MAXIMUM EXPIRATION DATE    2014 08 09

MERIT ELIGIBILITY DATE                ORIGINAL GOOD TIME

SUPP MERIT ELIG DATE                  GOOD TIME RESTORED        +

PAROLE DISCHARGE DATE                 GOOD TIME LOST            -

MAX EXP PAR SUPER (MEPS)              GOOD TIME POSSIBLE        = 0000 00 00
LIMITED CREDIT TIME POSS
LIMITED CREDIT TIME DATE              CONDITIONAL RELEASE DATE   2014 08 09

<ENTER> (CONTINUE)    <PF3> EXIT      <PF4> RETURN  <CLEAR> EXIT(SYS)
                      <PF6> COMMENT                        <PF10> PRINT
```

**[E 26]**

```
09/23/21 CCNSMXS        RECEPTION/CLASSIFICATION SYSTEM              KRCLMCM
16:05:57 C999W410            DATE COMP COMMENTS
DIN: 10A1145   NAME: BROWNLEE, BENJAMIN                NYSID:  09059294J
DATE RECEIVED: 03/12/2010    LAST COMP:  U01              BY:  C370NSC
NUMBER OF COMMENTS:    10
ADDITIONAL COMMENTS:
( _____                                                                  )
( _____                                                                  )
COMMENT:   10  BY: C000KLL  05/25/12   01:33P      LATEST COMP TYPE: 92
( 550 DAYS LGT @OCFS, 3/11 TAC                                            )
(                                                                         )
COMMENT:    9  BY: C000KLL  05/25/12   01:33P      LATEST COMP TYPE: 92
( GOOD TIME ADJUSTMENT: 030000                                           )
(                                                                         )
COMMENT:    8  BY: RCLCNVH  05/09/11   00:00A      LATEST COMP TYPE: 91
( 550 DAYS LGT @OCFS, 3/11 TAC                                            )
(                                                                         )
COMMENT:    7  BY: RCLCNVH  02/14/11   00:00A      LATEST COMP TYPE: 92
( 550 DAYS LGT @OCFS                                                      )
(                                                                         )
*** TOP OF COMMENTS DISPLAY ***

<PF3> EXIT    <PF7> BACKWARD    <PF8> FORWARD    <PF9> PRINT ALL   <CLEAR> EXIT
```

**[E  27]**

**[E  28]**



**[E  29]**

## Department of Corrections and Community Supervision

**Visitors**      *Inmate Lookup*

## Inmate Lookup

# Inmate Information

Inmate Information Data Definitions are provided for most of the elements listed below. When a detailed definition is available for a specific element, you may click on the element's label to view it.

| Identifying and Location Information<br>As of 09/17/21 | |
|---|---|
| DIN (Department Identification Number) | 10A1145 |
| Inmate Name | BROWNLEE, BENJAMIN |
| Sex | MALE |
| Date of Birth | ▓▓▓▓▓ |
| Race / Ethnicity | BLACK |
| Custody Status | DISCHARGED |
| Housing / Releasing Facility | FIVE POINTS |
| Date Received (Original) | 03/12/2010 |
| Date Received (Current) | 03/12/2010 |
| Admission Type | |
| County of Commitment | NEW YORK |
| Latest Release Date / Type (Released Inmates Only) | 08/08/14 DISCH - MAXIMUM EXPIRATION |

**Crimes of Conviction**
**If all 4 crime fields contain data, there may be additional crimes not shown here. In this case, the crimes shown here are those with the longest sentences.**
**As of 09/17/21**

| Crime | Class |
|---|---|
| JO - ASSAULT 1ST | B |
|  |  |
|  |  |
|  |  |

**Sentence Terms and Release Dates**
**Under certain circumstances, an inmate may be released prior to serving his or her minimum term and before the earliest release date shown for the inmate.**
**As of 09/17/21**

| | |
|---|---|
| Aggregate Minimum Sentence | 0003 Years, 00 Months, 00 Days |
| Aggregate Maximum Sentence | 0009 Years, 00 Months, 00 Days |
| Earliest Release Date | |
| Earliest Release Type | |
| Parole Hearing Date | |
| Parole Hearing Type | FULL MAXIMUM |
| Parole Eligibility Date | 08/09/2008 |
| Conditional Release Date | 08/09/2014 |
| Maximum Expiration Date | 08/09/2014 |
| Maximum Expiration Date for Parole Supervision | |
| Post Release Supervision Maximum Expiration Date | |
| Parole Board Discharge Date | |

STATE OF NEW YORK
COUNTY COURT                    COUNTY OF MONROE

THE PEOPLE OF THE STATE OF NEW YORK                    14/5827

-vs-

BENJAMIN BROWNLEE

FIRST COUNT:

THE GRAND JURY OF THE COUNTY OF MONROE, by this indictment, accuses the defendant, BENJAMIN BROWNLEE, of the crime of Assault in the Second Degree, in violation of Section 120.05, Subdivision 3 of the Penal Law of the State of New York, committed as follows:

The defendant, on or about November 12, 2013, in the County of Monroe, State of New York, with intent to prevent a police officer from performing a lawful duty, caused physical injury to New York State Corrections Officer John Buczek.

SECOND COUNT:

AND THE GRAND JURY OF THE COUNTY OF MONROE, by this indictment, further accuses the defendant, BENJAMIN BROWNLEE, of the crime of Strangulation in the Second Degree, in violation of Section 121.12 of the Penal Law of the State of New York, committed as follows:

The defendant, on or about November 12, 2013, in the County of Monroe, State of New York, with intent to impede the normal breathing or circulation of the blood of another person, applied pressure on the throat or neck of Brandon Short causing stupor, loss of consciousness for any period of time, or any other physical injury or impairment.

SANDRA DOORLEY
DISTRICT ATTORNEY OF MONROE COUNTY

[E 32]

**STATE OF NEW YORK     COUNTY OF MONROE**
**COUNTY COURT**

_____

THE PEOPLE OF THE STATE OF NEW YORK

-against-

BENJAMIN BROWNLEE

_____

Sealed Indictment #

CR# 13-380033-NYS

CPL § 710.30 Notice
CPL § 250.20 Demand

**PLEASE TAKE NOTICE** that the People intend to offer at the trial of the above case:

_    Evidence of oral statement(s) made by the defendant, to a public servant, _____, at
_____ on _____ (at or about _____ a.m./p.m.), the sum and substance of which is:

_____

_____

_    Evidence of a written statement made by the defendant to public servant(s) _____ at
_____ on _____ (at or about _____ a.m./p.m.), a copy of which is attached to this notice.

Testimony regarding an observation of the defendant at the time or place of commission of the
offense and/or upon some other occasion relevant to the case, such testimony to be given by a witness who has
previously identified the defendant at the following identification procedure(s) [The "Name of Witness" refers
to name of witness making a positive identification]:

| Date: | Type: | Place: | Approx. Time: | Name of Witness: |
|-------|-------|--------|---------------|------------------|
|       |       |        |               |                  |

**PLEASE TAKE FURTHER NOTICE** that if the defendant intends to offer for any purpose whatever
testimony that at the time of the commission of the crime charged the defendant was at some place or places
other than the scene of the crime and intends to call witnesses in support of such defense, the People request that
within eight days of the service of this demand the defendant serve upon the People and file a copy thereof with
the court, a "NOTICE OF ALIBI" in accordance with Criminal Procedure Law Section 250.20(1).

X      **THE PEOPLE ARE READY FOR TRIAL.** People v. Kendzia, 64 NY2d 331 (1985).

Dated: Rochester, New York
May 21, 2014

Respectfully submitted,
**SANDRA DOORLEY**
Monroe County District Attorney
832 Ebenezer Watts Building
Rochester, New York 14614

-7-

**[E 33]**

SEALED

No. 0476

## Monroe County Court

New York

RECEIVED

2014 MAY 21  PM 2: 49

MONROE SUPREME/COUNTY CT
STATE OF NEW YORK

### THE PEOPLE
of the
State of New York
vs.

BENJAMIN BROWNLEE

## INDICTMENT

Assault in the Second Degree and Strangulation in the Second Degree

### SANDRA DOORLEY
*District Attorney*

## A TRUE BILL

*Foreman*

May 21, 2014

'iled ...........................................................

*Date*

[E  34]

STATE OF NEW YORK    :    COUNTY COURT

COUNTY OF MONROE    :    CRIMINAL TERM

-------------------------------------------x
                                    : Indictment No.
THE PEOPLE OF THE STATE OF NEW YORK    : 2014-0476
                                    :
            -vs-                    :
                                    :
                                    :
**BENJAMIN BROWNLEE,**                 :
                    Defendant.    :
                                    : **Arraignment**
-------------------------------------------x

                            Hall of Justice
                            99 Exchange Boulevard
                            Rochester, New York 14614
                            **June 18, 2014**

P r e s i d i n g :

          **HONORABLE CHRISTOPHER S. CIACCIO**

                            County Court Judge

A p p e a r a n c e s :

          SANDRA DOORLEY, ESQ.
               District Attorney, Monroe County
               BY:  **JENNIFER HYATT, ESQ.**
               Assistant District Attorney

          TIMOTHY DONAHER, ESQ.
               Public Defender, Monroe County
               BY:  **JOSHUA STUBBE, ESQ.**
               Assistant Public Defender

          **Defendant present**

                                    Box 1521

R e p o r t e d   B y :        REGINA A. ZIELKE, CSR, RPR
                                    Official Court Reporter

**DUPLICATE FILE COPY**

PEOPLE v. BROWNLEE                    2

1          MS. HYATT:  Your Honor, at this time, I make

2    a motion to unseal indictment number 0476 filed May

3    21, 2014.

4          THE COURT:  Motion is granted.

5          MS. HYATT:  Thank you, Your Honor.

6       Sir, are you Benjamin Brownlee?

7          THE DEFENDANT:  Yes.

8          MS. HYATT:  Okay.  Have you had an

9    opportunity to speak with the attorney that's standing

10   in for you today, Mr. Stubbe?

11         THE DEFENDANT:  Yes.

12         MS. HYATT:  Jennifer Hyatt for the People,

13   Your Honor.  May I proceed with arraignment?

14         THE COURT:  You may.

15      Mr. Stubbe, you want to be appointed?

16         MR. STUBBE:  I've interviewed Mr. Brownlee.

17   He is an inmate in the State Department of

18   Corrections.  He does qualify for our representation.

19   I ask our office be appointed at this time.

20         THE COURT:  I'll make that appointment at

21   this time.

22      You may proceed.

23         MS. HYATT:  Mr. Brownlee, according to

24   indictment 0476 filed May 21st, 2014, you're charged

25   with one count of assault in the second degree and one

**[E 36]**

PEOPLE v. BROWNLEE                    3

1    count of strangulation in the second degree, both

2    alleged to have occurred November 12th, 2013.  Do

3    you waive a further reading and enter a plea at this

4    time?

5              MR. STUBBE:  Judge, at this point in time,

6    we would waive a full reading, ask a not guilty plea

7    be entered.  I have received a copy of the indictment

8    as well as attached 710.30 notice.  The 710.30 notice

9    doesn't indicate People's intention to use either

10   statements or identification procedure, but does ask

11   for alibi and statement of readiness.

12             THE COURT:  So noted.  The entry of the plea

13   of not guilty is also noted as well.  Mr. Brownlee is

14   obviously being held by State corrections.

15             MR. STUBBE:  He is, Judge.  It is my

16   understanding he's going to be held until

17   approximately August 8th of 2014.

18             THE COURT:  I'll continue -- I will hold him

19   with no bail in this court, but I'll reserve your

20   right to make a bail application upon his release from

21   the State correctional facility.

22             MR. STUBBE:  Thank you.

23             THE COURT:  And I'll adjourn it once for --

24   I'll put it over for status on July 16th at 9:30.

25   You can make a bail application before then in

**[E  37]**

PEOPLE v. BROWNLEE                    4

1   chambers or at that time as well, Mr. Stubbe.   Then

2   I'll set a motion argument date on July 16th as

3   well.

4           MS. HYATT:  Your Honor, I will prepare a

5   body order for Mr. Brownlee with regard to the

6   July 16th date.  And also when I find out who from

7   the Public Defender's Office will be representing him,

8   if we choose to set up a conference with Your Honor,

9   may we just contact chambers?

10           THE COURT:  You may.

11           MS. HYATT:  Thank you.  The People are ready

12   for trial.

13           MR. STUBBE:  Thank you, Judge.

14           THE COURT:  Mr. Brownlee, you understand

15   what's happening here?

16           MR. STUBBE:  He has questions, Judge.  This

17   was done as a sealed indictment, and without going

18   further into that, he has questions as to how he

19   simply appeared and how he's indicted without any

20   statements being provided to him.  Presumably what

21   he's requesting is felony complaints.  I explained to

22   him they simply presented the matter to the grand jury

23   as opposed to filing it in local court.  He's

24   questioning that process more than anything.  I

25   indicated I or whoever from my office is assigned will

**[E 38]**

1    fully explain that to him later.

2              THE COURT:  It is not unusual, Mr. Brownlee,

3    it happens this way.  Obviously stay in touch with

4    your attorney.  Your attorney can explain the process.

5    We'll be back on July 16th for further proceedings

6    on this matter.

7              THE DEFENDANT:  Your Honor, I don't know how

8    I'm going to stay in contact.  I don't have no

9    information.

10             THE COURT:  I understand the difficulty,

11   believe me.

12             MR. STUBBE:  Your Honor, I've taken his DIN

13   number.  We'll be able to be in contact with him

14   through letters and we will figure out a way to make

15   him more accessible to us if necessary.  Thank you.

16   (Certified to be a true and accurate transcript.)

17              _Regina Zielke CSR RPR_

18              REGINA A. ZIELKE, CSR, RPR
                Official Court Reporter

19

20

21

22

23

24

25

[E  39]

## STATE OF NEW YORK - COUNTY OF MONROE

SUPREME / COUNTY COURT

THE PEOPLE OF THE STATE OF NEW YORK
-vs-

~~DOE, JOHN~~
Benjamin, Brunner          'Defendant.

☐ CASH BAIL
☒ SECURING ORDER / CUSTODY
☐ RELEASE ORDER ➡ *DEFENSE ATTORNEY TO COMPLETE IN FULL*

Indictment/SCI # 2014-0476  Filed 05-21-2014

___ Pre-Indictment    D.O.B. _____

**Complete this section or attach Disposition Memo**

| CR #'s | CHARGES |
|---|---|
| 13-380033 | Assault - 2nd |
|  | Strangulation - 2nd |
|  |  |
|  | UNSEALED |

An (Indictment)(SCI) (Pre-Indictment charges) having been filed with the (Supreme)(County)(City/Town of _____) Court charging the above-named Defendant with the offense(s) of _____

_____ and said Defendant having been arraigned therein, it is hereby
**ORDERED** that said Defendant be and hereby is held by the Court for further proceedings hereunder and,

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

☐    That the application for admission to bail is hereby granted and that the amount of said bail is fixed at $_____ cash, or $_____ Bond. Now upon posting of such bail and full compliance thereof with the Securing Order, the Defendant is thereupon authorized to be at liberty and the Sheriff of the County of Monroe is thereupon directed to discharge the Defendant from custody.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

☒    That said Defendant be and hereby is held by this Court for further proceedings hereunder and that said Defendant is committed to the Sheriff of the County of Monroe, to appear before this Court at such time as may be required unless sooner released on bail, recognizance, or other such Order of this Court.    NB/NE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

☐    That said Defendant having been released on this date by Hon. _____, and said defendant now being in custody of the Sheriff of Monroe County, it is ordered that the Sheriff release from his custody the said defendant.
☐ ROR   ☐ Pre-Trial Release   ☐ Acquittal   ☐ Dismissal   ☐ Time Served   ☐ Other _____
☐ Bail in the amount of $_____, previously posted in the _____ Court is reinstated and continued.
**Attorney's Name** _____    **Phone #** _____

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Dated at Rochester, NY

6/18/14                              Hon. _____
                                     Supreme Court Justice / County Court Judge (CIACCIO)

☒   Next Court Date 7/16/14 @ 9:30 am / pm.   Reason BAIL APP

☐   Sentence (optional) _____

☐   Youthful Offender _____

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Cash Bail Posted on _____ (date) with the Monroe County Sheriff's Department _____

by: _____ (name) _____ (address)

CPL Sections 210.15(6) & 520.10 (Rev 10/2011)

**[E 40]**

```
 1   STATE OF NEW YORK

 2   COUNTY OF MONROE          COUNTY COURT
     ----------------------------------x
 3   THE PEOPLE OF THE STATE OF NEW YORK : INDICTMENT NO.
                                        :   2014-0476
 4                                      :
                                        :
 5                                      :
            - against -                 :
 6                                      :
                                        :
 7                                      :
     BENJAMIN BROWNLEE,                 :  BAIL APP/ADJ
 8                          Defendant   :
     ----------------------------------x
 9                           Hall of Justice
                             Rochester, New York
10                           July 16, 2014

11   B E F O R E:

12                 HONORABLE CHRISTOPHER S. CIACCIO
                        County Court Judge
13

14   A P P E A R A N C E S:

15                 SANDRA DOORLEY, ESQ.
                        District Attorney, Monroe County
16                      BY:  JENNIFER HYATT, ESQ.
                        Assistant District Attorney
17                      On behalf of the People of the
                        State of New York
18
                   TIMOTHY DONAHER, ESQ.
19                      Public Defender, Monroe County
                        BY:  MICHAEL DORAN, ESQ.
20                      Assistant Public Defender
                        On behalf of the Defendant
21
                   The Defendant Appeared in Person
22
     R E P O R T E D   B Y:
23
                        CAROLANN M. SCORZA, CSR
24                        Senior Court Reporter
                          161 Hall of Justice
25                        Rochester, New York    14614
                          (585) 371-3822
```

**[E  41]**

1           THE COURT:  Is this Mr. Brownlee?

2           COURT DEPUTY:  Yes, this is him.

3           THE COURT:  Good morning, Mr. Brownlee.

4           THE DEFT:  Good morning.

5           THE COURT:  You appear with your attorney,

6 Mr. Doran?

7           THE DEFT:  Huh?

8           THE COURT:  Do you appear with your attorney,

9 Mr. Doran?

10           MR. DORAN:  We have never met.

11           THE DEFT:  Never met.  That's why I don't

12 know who my attorney is.

13           THE COURT:  All right.  Who's handling this,

14 Mr. Doran?  Is it Mr. Vitale?

15           MR. DORAN:  It's actually Andre Vitale from

16 my office, and Mr. Vitale's at trial, currently engaged

17 before Judge Moran.  He should be available on any next

18 court date.

19           THE COURT:  Mr. Brownlee -- has he met Mr.

20 Vitale?

21           MR. DORAN:  No, he has not.

22           THE COURT:  So Mr. Doran and Vitale are from

23 the Monroe County Public Defender's Office.

24           THE DEFT:  Yes.

25           THE COURT:  And I have assigned the Monroe

1   County Public Defender's Office to represent you in

2   this matter; do you understand that?

3               THE DEFT:  Yes.

4               THE COURT:  What would you like to do this

5   morning since he is here?

6               MR. DORAN:  Yes.  I can put it off to August

7   6th for status and/or disposition.

8               MS. HYATT:  Your Honor, I have provided

9   discovery to Mr. Vitale in this matter.  My guess --

10  and while I can not speak for his counsel -- my guess

11  is, that we'll probably be on a motion schedule as

12  opposed to a disposition schedule.

13              THE COURT:  I'll do that.  I'm going to

14  adjourn this matter to September 17th for motion

15  argument, and ask Mr. Doran to ask Mr. Vitale to submit

16  his motions 2 weeks in advance of that date.

17        So, Mr. Brownlee, what I'm doing is, I'm

18  adjourning this matter to September 17th at 9:30 for

19  what's called motion argument.  Your attorney will talk

20  to you about filing motions.  We'll have an argument on

21  that date; do you understand?

22              THE DEFT:  Yes.

23              MS. HYATT:  Your Honor, before we conclude --

24  when Mr. Brownlee was in court with Your Honor for

25  arraignment, we did not address an issue of bail or a

**[E  43]**

1    detainer.  And it's my understanding that there

2    currently is not a detainer in place in Monroe County

3    with regard to these charges and I'd like to have an

4    opportunity to be heard on bail.

5            THE COURT:  You may proceed.

6    ( There was an off-the-record discussion.)

7            MR. DORAN:  Your Honor, can I have a few

8    minutes then to talk to Mr. Vitale because that was not

9    what was at all discussed with me in terms of trying to

10   be prepared for today.

11           THE COURT:  That's fine.  So I'm going to

12   recall it in just a couple minutes.

13           MS. HYATT:  And I'll share what information I

14   have with counsel.

15   ( Recess in the proceeding.)

16            *          *          *

17           THE COURT:  I note the appearance of Mr.

18   Brownlee with counsel, Mr. Doran, and Miss Hyatt on

19   behalf of the People.

20       We briefly adjourned this matter for a bail

21   application.  Mr. Doran, do you want to be heard on the

22   bail application?

23           MR. DORAN:  Yes, Judge.  He's released as he

24   stands before you so I'm not sure what the reason for

25   any change in bail would be.  And I'd ask the Court,

**[E 44]**

1          first, to leave him ROR on this charge.  Upon my
2          information and belief, he's age 24.  He has one prior
3          for which he is about to expire.  He has served the
4          maximum expiration of that sentence, and he's due out
5          on that charge August 9th, according to the website.
6          It would be my belief they probably will release him on
7          August 8th.  According to my conversation with him, he
8          is due to be released to a shelter upon his release.
9          That he'll be connected to services.  He's already
10         started the pre-release process.  He expects to be
11         connected to housing and human services and benefits in
12         that regard.  I believe that's going to be in the
13         Binghamton area.  That he has no history of any bench
14         warrants or any failures to appear.  He has the one
15         prior, noted just a moment ago.  He does have an open
16         case in Oneida County for which he is also, upon my
17         information and belief, being in conversation with him,
18         being released on his own recognizance.  It would
19         appear that case is still pending in a local town
20         court.  He has counsel on that charge.  I will make an
21         effort to try and get ahold of that attorney as well.
22         This is a case where the People chose to employ a
23         sealed indictment and therefore he had no opportunity
24         to appear in local court on the charges -- is my only
25         point in raising that.  He was, I believe, arrested at

1    Five Points a couple months ago and he's been, to this
2    time, relying upon DOCCS to transport him from one
3    location to another.  So if he missed any prior court
4    dates, that was only because no one brought him on an
5    order to bring him here.
6        My conversation also included with Miss Hyatt, in
7    any event, a belief that perhaps he was being
8    considered for some form of civil commitment.  I'm
9    really not aware of any such process.  I know the
10   notice provision would require that they commence that
11   process 4 months ago or so, 3 and a half months ago.
12   It's a fairly lengthy process.  And the fact that
13   that's not reflected in his rap sheet or any other
14   counsel that might be representing him, I believe
15   means, he's already been declined for that.  That he
16   will -- the DOCCS will release him on or about August
17   9th.  From my conversation with him, he wishes to
18   return to court.  He wishes to contest these charges.
19   He believes that he'll be under the terms and
20   conditions of parole and connected to social services
21   and transportation which will be made available to him
22   to make sure that he is able to travel from Binghamton
23   back to Monroe County, if and when the Court directs.
24   And based upon all that, I'd ask the Court to continue
25   his release ROR on this charge.

**[E 46]**

1           THE COURT:  Miss Hyatt?

2           MS. HYATT:  Your Honor, when Mr. Brownlee

3    appeared before the Court approximately a month ago for

4    arraignment, the issue of bail was never addressed.

5    The Court didn't formally determine that he was

6    released on his own recognizance nor did the Court

7    formally set bail, so we had not had a bail hearing as

8    of yet.  My understanding is, that in my conversations

9    with the Oneida County Prosecutor, that there had been

10   at least one incident where Mr. Brownlee did refuse

11   transport to go to court when there was a body order in

12   place.  That does raise some concerns for me.  I don't

13   know if that is true.  That is just the information

14   that I have been given.  It's my understanding that

15   there are indictments pending, both in Oneida County

16   and Seneca County, for the E felony of aggravated

17   harassment of an employee by an inmate.  They both have

18   court dates scheduled for August in Seneca County for

19   motion argument and in Oneida for a Huntley hearing.

20   There was, as Mr. Doran stated, only one prior

21   conviction.  That being a juvenile offender where he

22   was sentenced to 3 to 9 years with the Department of

23   Corrections.  And those 9 years are expiring on August

24   9th, with an anticipated release date of August 8th.

25   The information regarding that comes to me from the

1    Judge's secretary in Oneida County, along with a brief

2    conversation with a woman from the Department of

3    Corrections.  With regard to the civil commitment

4    issue, my understanding is that there had been an

5    evaluation done and they are awaiting a determination

6    as to whether or not that would be appropriate, but

7    that they anticipate any day now, we will know whether

8    that will be put into place or whether he will be

9    released from the Department of Corrections.  I have

10   been asked to be notified as soon as the Department of

11   Corrections does know that, and I will, of course, let

12   Counsel know.  I did share much of this information in

13   an e-mail I sent to Mr. Vitale yesterday, that I also

14   shared with Mr. Doran.  And I shared with Mr. Doran the

15   rest of the information that I had prior to our bail

16   application today.

17        On that basis, Your Honor, regardless of -- I

18   don't know his status in Oneida County with regard to a

19   hold.  I do know there is bail and a retainer out of

20   Seneca County such that he may be transferred to their

21   jail after released from Department of Corrections, if

22   he's not continued to be held.  The People would ask

23   that in this case, where there is now an indictment for

24   assault in the second degree and strangulation in the

25   second degree, both D violent felonies -- it's alleged

1      that Mr. Brownlee choked another inmate to the point of

2      unconsciousness, and that one of the corrections

3      officers suffered physical injury in trying to break

4      that up, to relieve the pressure on the other inmate's

5      neck.  On that basis, Your Honor, the People would ask

6      for bail in the amount of $10,000 cash, $20,000 dollars

7      secured bond.

8              THE COURT:  I think I did hold him no bail.

9      I don't think he was ROR'd, Lisa?

10            COURT CLERK:  He was held no bail on June

11     18th, Your Honor.

12            THE COURT:  No bail.  So it wasn't an ROR.

13            MR. DORAN:  I didn't know.

14            THE COURT:  And what's pending in Seneca

15     County?

16            MS. HYATT:  It's aggravated harassment of an

17     employee by an inmate.  It's an E non-violent felony,

18     Penal Law Section 240.32.  It's actually the same

19     charge in both Oneida and Seneca counties.  And I

20     apologize, Your Honor.  My information from Department

21     of Corrections was, that they were not showing a

22     detainer from Monroe County so I was not aware that you

23     held him no bail.  I apologize.

24            THE COURT:  Why is this in here?

25            MS. HYATT:  Because he was being transported

 1          from one facility to another by Department of

 2          Corrections, and this incident occurred inside the

 3          vehicle on Route 490, while inside Monroe County.

 4                    MR. DORAN:   That's the allegation.   They must

 5          have been passing through some corner of Monroe County

 6          at the time, but it would make an interesting issue.

 7                    THE COURT:   And this conviction he's serving

 8          time for now is what?

 9                    MR. DORAN:   An A-1.

10                    MS. HYATT:   I believe it's an assault 1-A.

11                    MR. DORAN:   It's a YO, assault 1, attempt.

12                    THE COURT:   So he's residing in Binghamton in

13          a shelter, right?

14                    MR. DORAN:   That's the plan, upon his

15          release.   I think it's important to distinguish it's a

16          mental health shelter, and that would be the first

17          release because he would need to get out and then take

18          him to social services.   Yet, again, if it's activated

19          for him before they can get an actual proper apartment

20          for him.   So at first, almost everyone's first stop, if

21          they have family -- he does not appear to have any

22          willing to take him in -- the first stop is a shelter.

23                    MS. HYATT:   But my understanding, he would

24          likely be transferred to Oneida or Seneca County Jail

25          based on detainers.

**[E 50]**

1          THE COURT:  When?

2          MS. HYATT:  When he is released from

3    Department of Corrections custody, the next retainer in

4    line will then come into place, which if there is a

5    detainer from Oneida County, he will go there.  I did

6    not speak to that prosecutor yesterday.  I did speak to

7    Seneca County yesterday and he informed me that there

8    was a detainer there.

9          MR. DORAN:  My client says no.  Upon my

10   client's information and belief, there is no detainer

11   for that charge.  And I don't have the primary

12   information, and the People seem to be going on at

13   least several levels of hearsay.

14         THE COURT:  What I'm going to do -- his

15   release date is August 8th?

16         MS. HYATT:  That's correct.

17         THE COURT:  All right.  I'm going to hold him

18   on $10,000 cash, $20,000 bond.  I'm going to adjourn

19   this to August 20th for further consideration of his

20   release status, so I'll reserve any rights, Mr. Doran.

21         MR. DORAN:  Thank you, Judge.

22         THE COURT:  Without regard to change of

23   circumstances, depending on what's happening in Oneida

24   and Seneca Counties with regard to his civil

25   confinement.  So August 20th, and that's for release

**[E 51]**

1   status.

2          MS. HYATT:  Just so the Court is aware, I

3   will be on trial at that time but I will make sure

4   whoever is handling calendar is well versed and has all

5   the information, and I'll share whatever I know with

6   Mr. Vitale.

7          THE COURT:  And then, Mr. Doran, just to keep

8   the case moving, I'll give you a motion argument date.

9          MR. DORAN:  All right.

10         COURT CLERK:  You already did that, Judge --

11  September 17th.

12         THE COURT:  I did.  Oh, that's what we did

13  before, earlier today.  On September 17th then for

14  motion argument.

15         MS. HYATT:  And I'll delay asking the Court

16  to sign a body order for August 20th, until the week

17  prior, so that hopefully by that time we will know

18  what, if any, detainers have been applied.

19         THE COURT:  That would be a good idea.  Mr.

20  Doran, anything else?

21         MR. DORAN:  I don't think so.

22         COURT CLERK:  Did you say he's at Five

23  Points?

24         MR. DORAN:  He's at Five Points, and you're

25  due to go back, right?

**[E 52]**

1              MS. HYATT:  The People remain ready for

2       trial.

3              MR. DORAN:  Thanks, everyone.

4              ( Whereupon the matter was concluded.)

5              *          *          *

6

7       ( Certified to be a true and accurate transcript.)

8       *Carolann M. Scorza*

9              Carolann M. Scorza

10             Certified Stenograph Reporter

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**[E  53]**

## STATE OF NEW YORK - COUNTY OF MONROE

*Hot cin*
*Five Points*
*CORRECTIONAL Facility*

SUPREME COUNTY COURT

| THE PEOPLE OF THE STATE OF NEW YORK |
|---|
| -vs- |
| BROWNLEE, BENJAMIN         Defendant. |

☐ CASH BAIL
☐ SECURING ORDER / CUSTODY
☐ RELEASE ORDER ➡ *DEFENSE ATTORNEY TO COMPLETE IN FULL*

2014 - 0476     05-21-2014
Indictment/SCI # _____ Filed _____
___ Pre-Indictment    D.O.B. _____

### Complete this section or attach Disposition Memo

| CR #'s | CHARGES | | |
|---|---|---|---|
| 13-380033 | PL-120.05-03 | -DF- | 2-ASLT- 2:INT CAUS PH - 1 CT(S) |
| | PL-121.12 | -DF- | STRANGULATION 2ND - 1 CT(S) |
| | | | |
| | | | |

An (Indictment)(SCI) (Pre-Indictment charges) having been filed with the (Supreme)(County)(City/Town of _____ ) Court charging the above-named Defendant with the offense(s) of _____

_____ and said Defendant having been arraigned therein, it is hereby
**ORDERED** that said Defendant be and hereby is held by the Court for further proceedings hereunder and,

☒ That the application for admission to bail is hereby granted and that the amount of said bail is fixed at $ 10,000 cash, or $ 20,000 Bond.  Now upon posting of such bail and full compliance thereof with the Securing Order, the Defendant is thereupon authorized to be at liberty and the Sheriff of the County of Monroe is thereupon directed to discharge the Defendant from custody.

☐ That said Defendant be and hereby is held by this Court for further proceedings hereunder and that said Defendant is committed to the Sheriff of the County of Monroe, to appear before this Court at such time as may be required unless sooner released on bail, recognizance, or other such Order of this Court.

☐ That said Defendant having been released on this date by Hon. _____, and said defendant now being in custody of the Sheriff of Monroe County, it is ordered that the Sheriff release from his custody the said defendant.
☐ ROR    ☐ Pre-Trial Release    ☐ Acquittal    ☐ Dismissal    ☐ Time Served    ☐ Other _____
☐ Bail in the amount of $_____, previously posted in the _____ Court is reinstated and continued.
**Attorney's Name** _____ **Phone #** _____

Dated at Rochester, NY

7/16/14                    Hon. _____
                          Supreme Court Justice / County Court Judge  Ciaccio

☐ Next Court Date 8/20/14 @ 9:30 (am) pm   Reason _____

☐ Sentence (optional) _____

☐ Youthful Offender

Cash Bail Posted on _____ (date) with the Monroe County Sheriff's Department _____

by: _____ (name) _____ (address)

CPL Sections 210.15(6) & 520.10 (Rev 10/2011)

**[E 54]**

```
 1    STATE OF NEW YORK    :    COUNTY OF MONROE

 2    COUNTY COURT         :    CRIMINAL TERM
      ----------------------------------------x
 3                                             :
      THE PEOPLE OF THE STATE OF NEW YORK      :
 4                                             :
                  -versus-                     :  Indictment No.
 5                                             :  2014-0476
      BENJAMIN BROWNLEE                        :
 6                                             :  ASSAULT 2ND
                                               :  STRANGULATION 2ND
 7                            Defendant.        :
                                               :
 8    ----------------------------------------x  ARGUE MOTIONS

 9
                                 Hall of Justice
10                               Rochester, New York 14614
                                 September 17, 2014
11

12
      B e f o r e :       THE HONORABLE CHRISTOPHER S. CIACCIO
13                        County Court Judge

14
      A p p e a r a n c e s :
15

16                        SANDRA DOORLEY, ESQ.
                          District Attorney, County of Monroe
17                        BY:  JENNIFER HYATT, ESQ.
                          Assistant District Attorney
18

19                        TIMOTHY P. DONAHER, ESQ.
                          Public Defender, County of Monroe
20                        BY:  ANDRE VITALE, ESQ.
                          Assistant Public Defender
21                        Attorney for Defendant

22

23

24

25    R e p o r t e d   B y :  Meredith A. Bonn, RPR, CSR, NYRCR
                                Official Court Reporter
```

People v. Benjamin Brownlee                          2

1          COURT SECURITY DEPUTY:  Judge, can we call

2     Benjamin Brownlee?

3          THE COURT:  Call the matter of Benjamin

4     Brownlee.  I note the presence of Mr. Vitale, his

5     attorney.  Ms. Hyatt on behalf of the People.

6          Mr. Vitale, what do you want to do this

7     morning?  You had filed motions.

8          MR. VITALE:  I have, your Honor.  We are

9     ready to be able to have rulings made on those motions

10     and so that's my request at this point in time.

11          THE COURT:  For the record, Mr. Brownlee was

12     brought up to the court.  He did not enter the

13     courtroom.  However, he was in the jury room behind

14     the courtroom.  I did hear him becoming loud and

15     uttering obscenities so I directed that he be brought

16     back to the jail and we will proceed to motion

17     argument without him.

18          There is a request for a Huntley Hearing and

19     a Wade Hearing.  Is there any opposition?

20          MS. HYATT:  Before we continue, your Honor,

21     I just want to make it clear for the record,

22     Mr. Vitale, are you consenting to us doing this

23     without your client present?

24          MR. VITALE:  Your Honor --

25          THE COURT:  Thank you.

**[E 56]**

People v. Benjamin Brownlee                    3

1      MR. VITALE:  -- after having had the

2  opportunity to speak to Mr. Brownlee both in the back

3  as well as back in the holding cell, while normally it

4  would not be a request of mine to have him not be

5  present for his court appearance I -- I believe that

6  it would not be a productive appearance if that were

7  to occur.

8      THE COURT:  So you are waiving?

9      MR. VITALE:  That's why I am comfortable

10  moving forward without him being physically present in

11  court.  I will advise him what the Court decides

12  today.

13      THE COURT:  You did ask for a Wade Hearing

14  and Huntley hearing; is that correct?

15      MR. VITALE:  No.  No, unless I'm missing

16  something that I don't believe I was given 710.30

17  Notice which includes either a statement or an ID.

18      MS. HYATT:  That's correct, your Honor.

19      THE COURT:  There is a request for it.

20      MR. VITALE:  I --

21      THE COURT:  I'm sorry.  There was a motion

22  to preclude.

23      MR. VITALE:  Right.

24      THE COURT:  Is there a statement?

25      MS. HYATT:  There was no 710.30 Notice

**[E 57]**

People v. Benjamin Brownlee                    4

1    issued, your Honor.  There was no interview of Mr.

2    Brownlee after this occurred and there was no

3    identification procedure conducted given that he was

4    known to the witnesses.

5              THE COURT:  What would you like to do then,

6    Mr. Vitale?  Are there any discovery issues you want

7    to bring to the Court's attention?

8              MR. VITALE:  Your Honor, I'm going to have

9    to take a look.  I'm not actually completely familiar

10   with Department of Corrections folders.  I know some

11   documents have been provided by Ms. Hyatt.  I know

12   there were some administrative or I believe probably

13   some administrative proceedings that occurred after

14   that so I believe there may be additional documents,

15   but I think, I think we can work with the Department

16   of Corrections in getting all those documents because

17   I know that there were some certain determinations

18   that were made as a result of this alleged incident

19   and I don't have anything from those.

20             So I think there may be some additional

21   documents out there, but I don't think at this point

22   in time there's been any willful failure to produce

23   those.  I think it's more of a matter trying to find

24   the right places to find those.  I may need a subpoena

25   because DOCCS may not turn over voluntarily.

**[E  58]**

People v. Benjamin Brownlee                                    5

1        THE COURT:  Do you want a trial date?  Do

2   you want to go out 30 days to explore discovery issues

3   and then set a trial date?

4        MR. VITALE:  Your Honor, if you would be

5   willing so that I can try one more time to meet with

6   Mr. Brownlee, that is a -- I make that request.  It's

7   difficult to go see him because of his location, his

8   physical location, and trying to find basically six

9   hours in the day to make that trip.

10        So if the Court would give me 30 days

11   schedule to set a trial date so we can explore

12   discovery issues as well as additional sit down

13   conference with Mr. Brownlee I would greatly

14   appreciate that period of time.

15        MS. HYATT:  In the alternative would the

16   Court prefer that the People issue a Body Order so he

17   be held in Monroe County for 24 hours --

18        THE COURT:  I would.

19        MS. HYATT:  -- to ease that process?

20        THE COURT:  Do you want to do that,

21   Mr. Vitale?

22        MR. VITALE:  Given what I learned in the

23   back, your Honor, I think the chances of that leading

24   to any productive conversation probably won't occur.

25   It's best any conversation between Mr. Brownlee and

**[E  59]**

People v. Benjamin Brownlee                    6

1   him is where he appears more comfortable.  At this

2   time that's Seneca County.  I'm not saying that won't

3   change.

4              THE COURT:  He's in Seneca County?

5              MR. VITALE:  That's my understanding.

6              MS. HYATT:  Mine as well.

7              THE COURT:  Five Points.

8              MR. VITALE:  That's part of the problem, I

9   was headed to Five Points facility and then I was

10   informed after that that he had been moved to the

11   County holding facility and so I have to go see him

12   there.

13              THE COURT:  All right.

14              MS. HYATT:  Just for the record and so that

15   all parties are on the same page when we first

16   appeared on this matter for arraignment back in June

17   and July there was some discussion about where he was

18   located and I believe Mr. Vitale may have been engaged

19   in trial at the time which made communication a little

20   more difficult.

21              He was released from the Department of

22   Corrections' custody in the middle of August and he

23   was transferred to Seneca County as he has outstanding

24   charges in Monroe, Seneca and Oneida Counties.

25              So the Seneca County detainer was the first

**[E  60]**

People v. Benjamin Brownlee                     7

1   in time so he's currently being held there.  He did

2   not have an opportunity -- I did not speak to the

3   prosecutors in those two counties prior to today's

4   appearance.  However, I will in advance of the next

5   appearance so we know what's going on with all three

6   of his sets of charges.

7                MR. VITALE:  I'm in no way saying there was

8   any miscommunication or misstatement by Ms. Hyatt.  In

9   fact, after she had informed me he was at Five Points

10  I scheduled a visit at Five Points.  Unfortunately,

11  they treat attorneys as regular visitors there due to

12  a --

13               THE COURT:  Where is Five Points?

14               MR. VITALE:  That's very close to Seneca

15  County correctional facility, but as a result of the

16  drive time and the time that I had scheduled a client

17  showed up late for a court appearance which pushed me

18  past that window I would be able to see him.  After

19  that date he was then moved to Seneca County.  As soon

20  as he was moved to Seneca County Ms. Hyatt informed me

21  that as well.  My schedule since then has not allowed

22  me to make that trip.

23               THE COURT:  October 15th.

24               MR. VITALE:  Your Honor, just to be safe can

25  we do the 22nd?

**[E 61]**

People v. Benjamin Brownlee                    8

1        THE COURT:  22nd.

2                MR. VITALE:  I know I will be here that

3    day.

4                MS. HYATT:  I will prepare a Body Order at

5    the beginning of October for him to be produced on

6    that day.

7                THE COURT:  Status and set trial date.

8                MR. VITALE:  Thank you, your Honor.

9                THE CLERK:  Andre, you said he's in Seneca

10   County?

11               MR. VITALE:  Yes.

12               MS. HYATT:  There's one more question I

13   have, your Honor, before we conclude for today.

14   Defense also made a motion to dismiss under CPL 30.30

15   based on speedy trial.  Is that something the Court is

16   inclined to rule on at this time?

17               THE COURT:  Do you want to be heard on that,

18   Mr. Vitale?

19               MR. VITALE:  Nothing in addition to the

20   papers I filed, your Honor.

21               THE COURT:  I'll reserve on that and issue a

22   decision with regard to that issue.

23               MR. VITALE:  Thank you, your Honor.

24               MS. HYATT:  People remain ready for trial.

25   Certified to be a true and accurate transcript.

**[E  62]**

People v. Benjamin Brownlee                    9

1   *Meredith A Bonn* (signature)

2   Meredith A. Bonn, CSR, RPR, NYRCR

3   Official Court Reporter

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

```
 1  STATE OF NEW YORK        :    COUNTY COURT
    COUNTY OF MONROE         :    CRIMINAL TERM
 2  ──────────────────────────────
    THE PEOPLE OF THE STATE OF NEW YORK    :        INDMT #
 3                                         :        2014-0476
                                           :        NYSID #
 4                                         :        09059294J
                                           :
 5                  - VS -                 :
                                           :
 6                                         :
                                           :        ASSLT 2
 7                                         :    STRANGULATION
                                           :
 8                                         :
    BENJAMIN BROWNLEE,                     :
 9                              DEFENDANT  :       APPEARANCE
    ──────────────────────────────
10                                 Hall of Justice
                                   99 Exchange Boulevard
11                                 Rochester, NY  14614

12                                 November 5, 2014

13
    P R E S I D I N G:
14                          HONORABLE CHRISTOPHER S. CIACCIO
                            COUNTY COURT JUDGE
15

16
    A P P E A R A N C E S:
17

18      SANDRA DOORLEY, ESQ.
            District Attorney, Monroe County
19          BY:  JENNIFER HYATT, ESQ.
            Assistant District Attorney
20
        TIMOTHY DONAHER, ESQ.
21          Public Defender, Monroe County
            BY: ANDRE VITALE, ESQ.
22          Assistant Public Defender

23

24
    R E P O R T E R:            LORI A. HENDERSON, CSR, RPR
25                              Official Court Reporter
```

**[E  64]**

1       *(The proceedings commenced with The Court and counsel*
2  *present.)*
3            THE COURT:  Where do we stand?
4            MS. HYATT:  Your Honor, my understanding is that we
5  argued motions at the last court date when Mr. Brownlee was
6  here, but outside of the courtroom during that point in time.
7  We were on today both for a status update and either for
8  disposition or to set a hearing date in this matter.
9            The information I can share with The Court at this point
10  is that I had a conversation with the Corporal from the
11  Monroe County Sheriff's Office this morning.  When they went
12  to retrieve Mr. Brownlee late Monday night because of the
13  holiday yesterday, he refused on several occasions to leave
14  his cell and to go with members of the Monroe County
15  Sheriff's Office to be brought to court today.
16            In the conversation I had with him, I need to draft our
17  next body order to include language that he is to be brought
18  by all means necessary in order for them to effectuate what
19  needs to happen in order to get him here, since he no longer
20  wishes to come to court.
21            So, whatever the next court date is that we have, I will
22  include that language in the body order that I present to The
23  Court for signature.
24            Also, I have an update for all parties.  His charges
25  that were pending in Cayuga County were dismissed on an issue

1   of -- the statute he was charged under did not allow for a

2   transferred intent and the charges in Seneca County are still

3   pending.  He was due to appear in court this past Monday

4   afternoon.  I had a conversation with the prosecutor handling

5   that matter Monday morning and he indicated he would keep me

6   up to date, but I haven't heard from him after Monday's court

7   appearance.  But it sounded, from my conversations with him,

8   as though this matter was headed for a trial in Seneca

9   County, as well.

10       THE COURT:  So, I can set a hearing date and you can get

11   a body order and bring him for a hearing date?

12       MS. HYATT:  Yes, Your Honor.

13       MR. VITALE:  Your Honor, I think that's probably the

14   best way to proceed.  Well, except there are no hearings.

15       THE COURT:  Are you sure?

16       MR. VITALE:  I'm looking at the 710.30, Your Honor.

17       MS. HYATT:  There was no in-custody questioning of Mr.

18   Brownlee and so The People did not file a 710.30 Notice.

19       THE COURT:  Oh, there isn't.  There's no hearings.

20       MR. VITALE:  Correct.

21       THE COURT:  We'll set a trial date then.

22       MS. HYATT:  Fair enough.

23       THE COURT:  April 27th.

24       MS. HYATT:  I know I'm wide open.

25       MR. VITALE:  I know I am not.  I start a trial with

**[E  66]**

1   Judge Randall that week with him (indicating).  My belief is

2   that trial may last two weeks.

3        THE COURT:  May 11th.

4        MR. VITALE:  I'm scheduled to leave for Montana on the

5   12th, so it would have to be a very short trial.

6        MS. HYATT:  I do not anticipate it being a lengthy

7   trial.  I think one or two days is probably cutting it close.

8        THE COURT:  March 23rd.  That is not Easter week, is it?

9   It is Easter week.  I have to leave that open.  How about May

10  26th?

11       MR. VITALE:  May 26th I just scheduled next door.  June

12  is open.

13       THE COURT:  June 1st.

14       MR. VITALE:  June 1st is good.

15       MS. HYATT:  I will make sure I am available.

16       THE COURT:  We'll handle *Sandoval* and *Frye* matters that

17  morning.

18       MR. VITALE:  Thank you, Your Honor.

19       MS. HYATT:  If there's any need.

20       THE COURT:  I'll set a date to bring him in and give him

21  *Parker* warnings.

22       MS. HYATT:  That was -- I wondered if you wanted to set

23  a disposition date between now and then.

24       MR. VITALE:  I think that would be a very good plan.

25       THE COURT:  How about December 10th for *Parker* warnings?

**[E 67]**

1          MR. VITALE:  That works very well.

2          MS. HYATT:  I may not be able to be present.  I'll have

3     the calendar person stand in.  I will draft that body order

4     sooner rather than later so we can have everything in place.

5  *(The proceedings concluded.)*

6                         *   *   *

7  *(Certified to be a true and accurate transcript.)*

8

9  Lori A. Henderson, CSR, RPR

10 DATED:  November 10, 2015

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**[E  68]**

1

1   STATE OF NEW YORK      COUNTY OF MONROE

2   COUNTY COURT

3   -----------------------------------------X

4   THE PEOPLE OF THE STATE OF NEW YORK   :   Indictment No.
                                               2014-0476

5      -vs-                        :

6   BENJAMIN BROWNLEE,          :

7                   Defendant.   :   Parker warnings

8   -----------------------------------------X

9                     Hall of Justice
                     Rochester, New York 14614

10                   December 10, 2014

11

12   B e f o r e :

13       HON. CHRISTOPHER S. CIACCIO

14                County Court Judge

15

16   A p p e a r a n c e s :

17       SANDRA DOORLEY, ESQ.
          District Attorney, Monroe County

18       By:  ERIC HURD, ESQ.
          Assistant District Attorney

19
       TIMOTHY DONAHER, ESQ.

20          Public Defender, Monroe County
       By:  ANDRE VITALE, ESQ.

21          Attorney for the Defendant

22       Defendant Present

23
                Reported By:

24                Marcella M. Schreiber, CSR
                Official Court Reporter

25

**[E 69]**

1           THE DEPUTY:  No. 4, Brownlee.

2           THE COURT:  Sir, you are Benjamin Brownlee?

3           THE DEFENDANT:  Yes.

4           THE COURT:  You appear with your attorney,

5      Mr. Vitale?

6           THE DEFENDANT:  Yes.

7           THE COURT:  Mr. Hurd is here on behalf of the

8      People.  This is on for --

9           MR. VITALE:  Just Parker warnings.

10     Mr. Brownlee was not brought out on the last court

11     date.  And so we discussed a trial date, and the Court

12     wanted to bring him back for the setting of Parker

13     warnings.

14           THE COURT:  And what is holding Mr. Brownlee

15     now?

16           MR. VITALE:  There's a bail here that's been

17     set at $10,000 cash, $20,000 bond.  I don't know if

18     that was -- because I was not here that day -- as part

19     of a formal bail application or just a carrying over of

20     the bail set at the time that he was arraigned on the

21     sealed indictment.

22           He is being held in Seneca County, and I do

23     have to do some research on this, because he's

24     indicated to me there is no Seneca County hold.  I

25     would have assumed that there was, which is why he

**[E  70]**

1       would be out there, but I'll need to take a look at

2       that.  I know at the time that bail was set in this

3       matter, he was still a state inmate, because he was

4       finishing up a bid on a previous conviction.  My

5       understanding is he has been released by Five Points

6       and is no longer a state inmate.

7               THE COURT:  Okay.

8               MR. VITALE:  Which is obviously why he would be

9       at a county facility, but I would -- before I can make

10      a definitive statement on that, I would obviously have

11      to make some calls on that aspect of it as well.

12              THE COURT:  Mr. Brownlee also filed motions on

13      December -- I don't know the filing date.

14              MR. VITALE:  I received two separate sets of

15      motions, both of which have been provided to me by the

16      Court.  Those are Mr. Brownlee's motions, and I'm going

17      to remain silent on those.

18              THE COURT:  Mr. Hurd, have you had a chance to

19      review those motions?

20              MR. HURD:  Your Honor, it is Ms. Hyatt's case.

21      I haven't seen anything with respect to the motions.  I

22      know that there is a jury trial date set for June 1st.

23      But other than that, I presume we'll go forward with

24      the Parker warnings today.

25              THE COURT:  Let me first give the Parker

**[E 71]**

1  warnings.

2        Mr. Brownlee, you have the right to be present

3  in court at any proceeding, including any hearings and,

4  of course, the trial.  You can, however, by your

5  conduct waive, give up, forfeit, or lose the right to

6  be present.  If you are in jail and you deliberately

7  refuse to come to court when required, or in any way

8  deliberately obstruct or interfere with the efforts to

9  bring you to Court in any proceeding of your case,

10  including any hearing or trial and the sentence can and

11  will continue in your absence.  If you bail out or

12  somehow are at liberty, the same thing applies.  Any

13  proceeding in your case can and will continue in your

14  absence.  And then a warrant for your arrest will be

15  issued, and you'll be subject to separate prosecution

16  and separate punishment for bail jumping, no matter

17  what happens in your case.  Do you understand that?

18        THE DEFENDANT:  Yes.

19        THE COURT:  Having received these motions, I'm

20  going to review the motions.  If I feel it is necessary

21  to set a date in advance of the trial in order to

22  discuss the motions, I'll do that.  As we stand right

23  now, we do have a trial date of June 1st, 2014,

24  correct?

25        MR. VITALE:  Yes, Your Honor.

**[E 72]**

1          THE COURT:  So I'll see you at that time.

2          MR. HURD:  Thank you, Your Honor.  I'd note the

3     People's readiness.

4     (Certified to be a true and accurate transcript.)

5

6

7                         Marcella M. Schreiber, CSR
                          Official Court Reporter
8                         Dated: 10/17/2016

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**[E  73]**



```
1    COUNTY COURT OF THE STATE OF NEW YORK

2    COUNTY OF MONROE

3    ----------------------------------------X

4    THE PEOPLE OF THE STATE OF NEW YORK      X ASSAULT-2

5                                             X STRANGULATION-2

6                        -vs-                 X

7                                             X INDCT. #2014-0476

8    BENJAMIN BROWNLEE,                       X NYSID  #09059294J

9                        Defendant.     X

10   ----------------------------------------X

11
                                    Hall of Justice
12                                  Rochester, New York
                                    June 1 - 3, 2015
13

14   BEFORE:              HONORABLE CHRISTOPHER S. CIACCIO

15

16   APPEARANCES:         SANDRA DOORLEY, ESQ.
                          District Attorney, Monroe County
17                        Appearing on behalf of the People
                          BY:  JENNIFER HYATT, ESQ.
18                        Assistant District Attorney

19                        TIMOTHY P. DONAHER, ESQ.
                          Public Defender, Monroe County
20                        Appearing on behalf of the Defendant
                          BY:  ANDRE VITALE, ESQ.
21                        Assistant Public Defender

22

23
     REPORTED BY:         CYNTHIA SCHOTT GERMUGA, C.S.R.
24                        Official Court Reporter

25
```

**[E  74]**

PEOPLE -VS- BROWNLEE                                    227

1              *****   JUNE 2, 2015   *****

2              THE COURT:  On the record in the matter of

3         the People versus Benjamin Brownlee.  Mr. Brownlee

4         is present with counsel, and Ms. Hyatt is here on

5         behalf of the People.  Mr. Vitale, do you have

6         matters you wanted to bring to my attention?

7              MR. VITALE:  There is several issues,

8         Your Honor.  The first issue is I still don't have

9         these photographs.  The black and white copies

10        are completely unusable.  These were photographs

11        that were taken in the course of this investigation,

12        and they were jpeg photographs, and I've never

13        received a color copy or a jpeg copy.  These

14        photographs are important in terms of the

15        defense that we intend to present on behalf of

16        Mr. Brownlee, given that my understanding is that

17        the photographs do not - - that there were no

18        injuries other than a minor scratch to the front

19        of Mr. Short who is allegedly, now looking at the

20        Grand Jury testimony, being strangled with this

21        seatbelt for almost three minutes.

22              THE COURT:  So, they depict the injury

23        and your interpretation is they depict lack of

24        injury?

25              MR. VITALE:  Correct, and that's

**[E  75]**

PEOPLE -VS- BROWNLEE                                    401

1    speaking to one of the witnesses about the

2    case before that witness testified at this trial.

3    Now you should know that the law permits the

4    prosecutor to speak to a witness about the case

5    before the witness testifies and permits the

6    prosecutor to review with the witness the questions

7    that will or may be asked at that trial, including

8    the questions that may be asked on

9    cross-examination.  Speaking to a witness about

10   his or her testimony and permitting the witness to

11   review materials pertaining to the case before the

12   witness testifies is a normal part of preparing

13   for trial and is not improper.  Of course, in the

14   process of trial preparation the prosecutor may

15   not suggest that the witness depart from the truth.

16       All right.  Let me now instruct you on the

17   law applicable to the charged offenses, and we

18   will get into the elements of each charged crime.

19       So, the first count is assault in the second

20   degree.  Under our law a person is guilty of

21   assault in the second degree when with the intent

22   to prevent a peace officer from performing a lawful

23   duty he or she causes physical injury to such

24   person.

25       Some of the terms used in this definition

**[E  76]**

PEOPLE -VS- BROWNLEE                                402

1        have their own special meaning in the law.  Let me

2        give you the meaning of the following terms; intent

3        and physical injury.  Intent means conscious

4        objective or purpose.  Thus, a person acts with

5        intent to prevent a peace officer from performing

6        a lawful duty when that person's conscious

7        objective or purpose is to prevent such person

8        from performing that lawful duty.  Physical injury

9        is defined as impairment of physical condition or

10       substantial pain.

11            So, again in order for you to  find the

12       defendant, Benjamin Brownlee, guilty of assault in

13       the second degree the People are required to prove

14       from all the evidence in the case beyond a

15       reasonable doubt each of the following three

16       elements.  Number one, that on or about November

17       12, 2013 in the County of Monroe, the defendant,

18       Benjamin Brownlee, caused physical injury to

19       New York State Corrections Officer John

20       Buczek.  Number two, that New York State Corrections

21       Officer John Buczek was a peace officer.  And,

22       three, that the defendant caused such physical

23       injury with the intent to prevent New York State

24       Corrections Officer John Buczek from performing a

25       lawful duty.

**[E  77]**

PEOPLE -VS- BROWNLEE                                          403

1              Therefore, if you find that the People have

2     proven beyond a reasonable doubt each of those

3     elements, you must find the defendant, Benjamin

4     Brownlee, guilty of the crime of assault in

5     the second degree as charged in the first

6     count.

7              On the other hand, if you find that the People

8     have not proven beyond a reasonable doubt any one

9     or more of those elements, then you must find the

10    defendant not guilty of the crime of assault in

11    the second degree as charged in the first count.

12             All right.  The second count of the

13    indictment is strangulation in the second degree.

14    Under our law a person is guilty of strangulation

15    in the second degree when with the intent to

16    impede the normal breathing or circulation of the

17    blood of another person he or she applies pressure

18    on the throat or neck of such person and thereby

19    causes stupor or loss of consciousness for any

20    period of time.  Some of the terms used in this

21    definition have their own special meaning, and I

22    will now give you the meaning of the following

23    terms; intent and physical - - I'm sorry - - intent.

24    Intent means conscious objective or purpose.  Thus,

25    a person acts with itent to impede the normal

**[E  78]**

PEOPLE -VS- BROWNLEE                                      404

1    breathing or circulation of the blood of another

2    person when his or her conscious objective or

3    purpose is to do so.

4         So, in order for you to find the defendant,

5    Benjamin Brownlee, guilty of this crime the People

6    are required to prove from all the evidence in

7    the case beyond a reasonable doubt each and every

8    one of following three elements.  Number one,

9    that on or about November 12, 2013 in the County of

10   Monroe the defendant, Benjamin Brownlee, applied

11   pressure on the throat or neck of Brandon Short.

12   Number two, that the defendant, Benjamin Brownlee,

13   did so with the intent to impede the normal

14   breathing or circulation of the blood of such

15   person.  And, number three, that the defendant

16   thereby caused stupor or loss of consciousness

17   for any period of time.  Therefore, if you find

18   the People have proven beyond a reasonable doubt

19   each of those three elements, you must find the

20   defendant guilty of the crime of strangulation

21   in the second degree as charged in the second

22   count.

23        On the other hand, if you find the People have

24   not proven beyond a reasonable doubt any one or

25   more of those three elements you must find the

**[E  79]**

PEOPLE -VS- BROWNLEE                                    405

1    defendant not guilty of the crime of strangulation

2    in the second degree as charged in the second

3    count.

4         Now I'm submitting for your consideration the

5    offense, which I didn't mention earlier, of criminal

6    obstruction of breathing or blood circulation.

7    This crime is called a lessor included offense

8    of strangulation in the second degree.  I will

9    charge you with criminal obstruction of breathing or

10   blood circulation, which is a lesser included

11   offense of strangulation in the second degree.

12   As a result, the law requires that you, the jury,

13   consider strangulation in the second degree and

14   the lesser included offense of criminal obstruction

15   of breathing or blood circulation in this matter.

16   You can find the defendant not guilty of both of

17   those charges or guilty of one of the two charges.

18   So, what you do is you first consider the charged

19   crime in the indictment of strangulation in the

20   second degree and will render a verdict of guilty

21   or not guilty, and it is made clear on the verdict

22   sheet that you will get.  If your verdict is guilty

23   on strangulation in the second degree you do not

24   consider the lesser included offense of criminal

25   obstruction of breathing or blood circulation.

**[E 80]**

1       However, if your verdict on the charged count,

2       which is strangulation in the second degree, if

3       your verdict is not guilty on that count you then

4       will consider whether the defendant is guilty

5       beyond a reasonable doubt of the lesser included

6       offense of criminal obstruction of breathing or

7       blood circulation.

8           So, let me read the elements of that offense

9       and you will see the difference.  The lesser

10      included offense is criminal obstruction of

11      breathing or blood circulation.  Under our law a

12      person is guilty of criminal obstruction of

13      breathing or blood circulation when with the intent

14      to impede the normal breathing or circulation of

15      the blood of another person he applies pressure on

16      the throat or neck of such person.  The term intent

17      used in this definition has its own special

18      meaning which is really the meaning that it has on

19      the charged counts.  Intent means conscious

20      objective or purpose.  Thus, a person acts with

21      intent to impede the normal breathing or circulation

22      of the blood of another person when his or her

23      conscious objective or purpose is to do so.

24          In order for you to find the defendant guilty

25      of this crime the People are required to prove

**[E  81]**

PEOPLE -VS- BROWNLEE                                          407

1    from all the evidence in the case beyond a

2    reasonable doubt both of the following two elements.

3    There is only two elements in this lesser included

4    offense.  Number one, that on or about November 12,

5    2013 in Monroe County the defendant, Benjamin

6    Brownlee, applied pressure on the throat or neck

7    of Brandon Short.  Number two, that the defendant

8    did so with the intent to impede the normal

9    breathing or circulation of the blood of such

10   person.  If you, therefore, find the People have

11   proven beyond a reasonable doubt each of those

12   two elements, you must find the defendant guilty of

13   the crime of criminal obstruction of breathing or

14   blood circulation as charged in the lesser

15   included count and, of course, which you only

16   consider if you found the defendant not guilty

17   with regard to strangulation in the second degree.

18   So, you only move to that lesser included offense

19   if your verdict on strangulation in the second

20   degree is not guilty.  If you find the defendant

21   guilty of strangulation in the second degree, you

22   stop there.

23       On the other hand, if you find the

24   People have not proven beyond a reasonable doubt

25   either one of both of those elements of criminal

**[E 82]**

PEOPLE -VS- BROWNLEE                                    408

1        obstruction of breathing or blood circulation, you

2        must find the defendant not guilty of that

3        crime as charged in the lesser included count.

4              Now your verdict on each count that you

5        consider, whether guilty or not guilty, must be

6        unanimous.  That is, each and every juror must

7        agree to the verdict, and that applies to the

8        first count of the indictment, which is assault

9        in the second degree, the second count of the

10       indictment, which is strangulation in the second

11       degree, and the lesser included offense of

12       criminal obstruction of breathing or blood

13       circulation.  So, if you do get to that count,

14       your verdict must be unanimous.  In other words,

15       each and every juror must agree to it.  To reach

16       a unanimous verdict you must deliberate with the

17       other jurors.  That means you should discuss the

18       evidence and consult with each other.  You must

19       listen to each other and you must give each

20       other's views careful consideration and you must

21       reason together when considering the evidence.

22       And when you deliberate you should do so with a

23       view toward reaching an agreement, if that can

24       be done without surrendering individual

25       judgment.  Each of you must decide the case for

**[E  83]**

PEOPLE -VS- BROWNLEE                                          425

1          *****   JUNE 3, 2015   *****

2   (JURY CONTINUES DELIBERATIONS)

3   (WHEREUPON COURT RECONVENED AT APPROXIMATELY 10:55 AM)

4          THE COURT:  I note the presence of the

5   defendant.  This is the matter of the People versus

6   Benjamin Brownlee.  Counsel is present.  Ms. Hyatt

7   is here only behalf of the People.  I do have a

8   note that was signed at 9:27 this morning.  It

9   reads as follows.  We the jury request definition

10  of assault second degree.  So, they want a reading

11  of that again.  So, I can do that at this time.

12  Any additions or changes you want me to make to

13  that reading?

14          MR. VITALE:  No, Your Honor.

15          MS. HYATT:  No, Your Honor.

16          THE COURT:  Bring the jury out.  What

17  do you want to do with the alternates?  Do you

18  want to keep them until lunch?

19          MR. VITALE:  At this point in time they

20  have been back there long enough time.  I wouldn't

21  allow an alternate to go in.

22          THE COURT:  I will release the alternates

23  at this time.  Any objection, Ms. Hyatt?

24          MS. HYATT:  I believe defense counsel

25  has an appropriate request there.  I will defer

**[E  84]**

PEOPLE -VS- BROWNLEE                                    430

1          reached a verdict.  I will bring the jury out and

2          have my clerk take the verdict.

3    (WHEREUPON THE JURY ENTERED THE COURTROOM AT APPROXIMATELY

4    11:20 AM)

5               THE COURT:  You may be seated.  I note

6          the jury is present and accounted for.  Members

7          of the jury, I do have your note at 11:05.  Again

8          thank you for your patience.  It says we the jury

9          request:  we made a decision.  I assume that

10         means you reached a verdict in the case.  So, I will

11         now ask the clerk of the court to take the verdict.

12              COURT CLERK:  Yes, Your Honor.  Would the

13         foreperson please rise.  In the matter of the

14         People of the State of New York versus Benjamin

15         Brownlee, in count one of the indictment, assault

16         in the second degree, how do you find the

17         defendant; not guilty or guiltY?

18              THE FOREPERSON:  Not guilty.

19              COURT CLERK:  In the second count of the

20         indictment, strangulation in the second degree,

21         how do you find the defendant; not guilty or

22         guilty?

23              THE FOREPERSON:  Not guilty.

24              COURT CLERK:  The lesser included matter

25         for the second count, criminal obstruction of

**[E  85]**

PEOPLE -VS- BROWNLEE                                          431

1          breathing or blood circulation, how do you find

2          the defendant; not guilty or guilty?

3                    THE FOREPERSON:  Guilty.

4                    COURT CLERK:  Thank you.  You may be

5          seated.  Ladies and gentlemen of the jury, is this

6          indeed your verdict, so say you all?

7    (ALL TWELVE JURORS RESPONDED AFFIRMATIVELY)

8                    THE COURT:  The parties request

9          individual polling?  Ms. Hyatt?

10                   MS. HYATT:  No, judge.

11                   THE COURT:  Mr. Vitale?

12                   MR. VITALE:  No, Your Honor.

13                   THE COURT:  Members of the jury, that does

14         complete your service as jurors.  Thank you very

15         much.  If you go back into the jury room I do

16         have certificates of appreciation to give to you.

17         If you could hold on a second.  At this time

18         you can talk about the case to anyone that

19         requests or you don't have to talk about the case

20         at all.  It is my practice to come in and chat with

21         you in a little bit, but that's entirely up to

22         you.  If you can just wait in the jury room and I

23         will bring back the certificates to give to

24         you.  Thank you very much.

25   (WHEREUPON THE JURY EXITED THE COURTROOM)

**[E  86]**

PEOPLE -VS- BROWNLEE                                          432

1          THE COURT:  For the record, the trial

2     order of dismissal made previously at the close

3     of the People's case is denied.  Anything you want

4     to put on the record, Mr. Vitale?

5          MR. VITALE:  Your Honor, a couple things.

6     Number one, given this is a misdemeanor conviction,

7     Mr. Brownlee has more than the maximum amount of

8     time that he could serve in on the sentence.  He

9     was arraigned on this matter in June of 2014,

10     which is past the eight month period.  Either

11     I request he be sentenced to a period of time

12     served, or if the court wants to request a

13     formal PSI I would request he be released on

14     this charge given he has been held past the

15     period.

16          THE COURT:  Ms. Hyatt?

17          MS. HYATT:  Nothing, Your Honor.

18          THE COURT:  You would agree he has been

19     held that long a period of time?

20          MS. HYATT:  I don't have my file with me.

21          THE COURT:  I do and he has.

22          MS. HYATT:  Okay.  Then I obviously can't

23     argue on that point.

24          THE COURT:  I don't know that you need to

25     waive a PSI, Mr. Vitale.  Do you need to waive

**[E  87]**

PEOPLE -VS- BROWNLEE                                    433

1        a PSI?

2                MR. VITALE:  For time served typically

3        we don't, but we are willing to waive the PSI.

4                THE COURT:  You move sentencing then,

5        Ms. Hyatt?

6                MS. HYATT:  Yes, judge.

7                THE COURT:  Do you have anything to

8        say?

9                MS. HYATT:  No, Your Honor.

10               THE COURT:   Mr. Vitale, do you have

11        anything to say on behalf of your client?

12               MR. VITALE: I would request he be

13        sentenced to a period of time served and any

14        surcharge and additional fees be reduced to

15        a judgment.

16               THE COURT:  All right.  Mr. Brownlee, do

17        you have anything to say on your own

18        behalf?

19               MR. BROWNLEE:  Can I talk it over with my

20        attorney before I say it, please?

21               THE COURT:  Before you what?

22               MR. BROWNLEE:  Can I talk it over with my

23        attorney before I say it?

24               THE COURT:  Sure.

25    (PAUSE IN THE PROCEEDING)

**[E  88]**

PEOPLE -VS- BROWNLEE                                                    434

1           MR. BROWNLEE:  Your Honor, I would like to

2      say thank you and I appreciate from the People and

3      my Public Defender for doing everything possible

4      and also for the Grand Jury for doing what was

5      right and what was the facts.  Thank you.

6           THE COURT:  Thank you.  It is the sentence

7      and judgment of this court that I sentence you to

8      one year in the Monroe County Jail, time served to

9      apply.

10          COURT CLERK:  There is a surcharge.

11          THE COURT:  Mr. Vitale, there is a two

12     hundred dollar mandatory surcharge.  I will

13     direct that be reduced to judgment.

14          MR. VITALE:  Thank you, Your Honor.

15          THE COURT:  Thank you, everyone.

16  *****   CERTIFIED TO BE A TRUE AND ACCURATE TRANSCRIPT   *****

17

18  _____

19     CYNTHIA SCHOTT GERMUGA, OFFICIAL SENIOR COURT REPORTER

20

21

22

23

24

25

**[E  89]**

STATE OF NEW YORK - COUNTY OF MONROE

*Sentenced*

~~SUPREME~~ / COUNTY COURT

| THE PEOPLE OF THE STATE OF NEW YORK |
|---|
| -vs- |
| BROWNLEE, BENJAMIN     Defendant. |

☐ CASH BAIL
☑ SECURING ORDER / CUSTODY
☑ RELEASE ORDER ➡ *DEFENSE ATTORNEY TO COMPLETE IN FULL*

Indictment/SCI # _____ 2014-0476 _____ 05-21-2014
                     **Filed** _____

___ Pre-Indictment    D.O.B. _____

**Complete this section or attach Disposition Memo**

| CR #'s | CHARGES |
|---|---|
| 13-380033 | ~~PL-120.05-03~~    -DF-   ~~2-ASLT- 2:INT CAUS PH - 1 CT(S)~~ |
| | ~~PL-121.12~~      -DF-   ~~STRANGULATION 2ND - 1 CT(S)~~ |
| | *Guilty*       *Crim Obstruction of Breathing* |
| | *PL-121.11-A   or Blood Circulation* |

An (~~indictment~~)(SCI) (Pre-Indictment charges) having been filed with the (~~Supreme~~)(County)(~~City/Town~~) of _____ ) Court charging the above-named Defendant with the offense(s) of *as above* _____

_____ and said Defendant having been arraigned therein, it is hereby ORDERED that said Defendant be and hereby is held by the Court for further proceedings hereunder and,

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

☐   That the application for admission to bail is hereby granted and that the amount of said bail is fixed at $_____ cash, or $_____ Bond. Now upon posting of such bail and full compliance thereof with the Securing Order, the Defendant is thereupon authorized to be at liberty and the Sheriff of the County of Monroe is thereupon directed to discharge the Defendant from custody.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

☒   That said Defendant be and hereby is held by this Court for further proceedings hereunder and that said Defendant is committed to the Sheriff of the County of Monroe, to appear before this Court at such time as may be required unless sooner released on bail, recognizance, or other such Order of this Court.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

☐   That said Defendant having been released on this date by Hon. *Ciaccio* _____, and said defendant now being in custody of the Sheriff of Monroe County, it is ordered that the Sheriff release from his custody the said defendant.
☐ ROR    ☐ Pre-Trial Release    ☐ Acquittal    ☐ Dismissal    ☐ Time Served    ☐ Other _____
☐ Bail in the amount of $_____, previously posted in the _____ Court is reinstated and continued.
Attorney's Name _____      Phone # _____

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Dated at Rochester, NY
*6/3/15*

Hon. _____
Supreme Court Justice / County Court Judge   *Ciaccio*

☐   Next Court Date _____ @ _____ am / pm    Reason _____
☒   Sentence (optional) *1 yr MCT Time Served to Apply*
☐   Youthful Offender _____ *n/JC -*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Cash Bail Posted on _____ (date) with the Monroe County Sheriff's Department _____

by: _____ (name) _____ (address)

CPL Sections 210.15(6) & 520.10 (Rev 10/2011)

**[E 90]**

UNIFORM SENTENCE & COMMITMENT

STATE OF NEW YORK
COUNTY COURT: COUNTY OF MONROE
PRESENT: HON. CHRISTOPHER S. CIACCIO

UCS 854 (8/2011)

Court Reporter: CYNTHIA S. GERMUGA
Superior Ct. Case #: 2014-0476

The People of the State of New York
-v-
BENJAMIN BROWNLEE

| | Accusatory Instrument | Charge(s) | Law/Section | Subdivision: |
|---|---|---|---|---|
| 1 | 2-ASLT- 2:INT CAUS PH IN | | PL-120.05-03 | |
| 2 | Strangulation 2 | | PL-121.12 | |
| 3 | | | | |
| 4 | | | | |
| 5 | | | | |

M
SEX    DOB    09059294J
NYSID    CJ TRACKING #

Date of offense: 11-12-2013

THE ABOVE NAMED DEFENDANT HAVING BEEN CONVICTED BY [ ☐ PLEA OR ☒ VERDICT ], THE MOST SERIOUS OFFENSE
BEING A [ ☐ FELONY OR ☒ MISDEMEANOR OR☐ VIOLATION ], IS HEREBY SENTENCED TO:

| Crime | Count Number | Law/Section & Subdivision | SMF,Hate or Terror | Minimum Term | Maximum Term | ☒Definite(D-M-Y) Post-Rel.<br>☐Determinate(Y)* Superv. |
|---|---|---|---|---|---|---|
| CRIM OBSTRUC BREATH/APLY | 2 | PL-121.11-0A | ___ | ___ Y | ___ Y | / ☒ D-M-Y ___ Y |

*NOTE:For each DETERMINATE sentence imposed, a corresponding period of POST-RELEASE SUPERVISION MUST
be indicated [PL §70.45].

☐ Counts _____ shall run CONCURRENTLY with each other

☐ Count(s) _____ shall run CONSECUTIVELY to count(s) _____

☐ Sentence imposed herein shall run CONCURRENTLY with _____, and/or CONSECUTIVELY to _____

☐ Sentence imposed herein shall include a CONSECUTIVE _____ term of [☐PROBATION OR ☐CONDITIONAL DISCHARGE],
with an Ignition Interlock Device condition, that shall commence upon the defendant's release
from imprisonment [PL §60.21]

☐ Conviction includes: WEAPON TYPE _____ and/or DRUG TYPE_____

☐ Charged as a JUVENILE OFFENDER - Age at time crime committed: _____

☐ Adjudicated a YOUTHFUL OFFENDER [CPL §720.20]        ☐ Certified a SEX OFFENDER [Cor. Law §168-d]

☐ Sentence of PAROLE SUPERVISION [CPL §410.91]        ☐ CASAT ordered [PL §60.04(6)]

☐ Re-sentenced as a PROBATION VIOLATOR [CPL §410.70]        ☐ SHOCK INCARCERATION ordered [PL §60.04(7)]

As a ☐second  ☐second violent  ☐second drug  ☐second drug/prior VFO  ☐predicate sex offender
☐predicate sex offender/prior VFO ☐second child sexual assault ☐persistent ☐persistent violentFELONY OFFENDER

| Paid | Not Paid | Deferred [CPL §420.40(5)] | | | Paid | Not Paid | Deferred [CPL §420.40.(5)] | |
|---|---|---|---|---|---|---|---|---|
| ☐ | ☐ | ☒ | Mandatory Surcharge | $175.00 | ☐ | ☐ | Crime Victim Assistance Fee | $25.00 |
| ☐ | ☐ | ☐ | Fine | $.00 | ☐ | ☐ | Restitution | $.00 |
| ☐ | ☐ | ☐ | DNA | $.00 | ☐ | ☐ | Sex Offender Registration | $.00 |
| ☐ | ☐ | ☐ | DWI/Other_____ | $.00 | ☐ | ☐ | Supplemental Sex Off. Victim | $.00 |

THE SAID DEFENDANT BE AND HEREBY IS COMMITTED TO THE CUSTODY OF THE:
☐ NYS Department of Correctional Services (NYSDOCS) until released in accordance with the law, and being a
person sixteen (16) years or older not presently in the custody of NYSDOCS, (the County Sheriff) (NYC Dept of
Correction) is directed to deliver him to the custody of NYSDOCS as provided in 7 NYCRR Part 103.

☐ NYSDOCS until released in accordance with the law, and being a person sixteen (16) years or older and
is presently in the custody of NYSDOC, said defendant shall remain in the custody of NYSDOCS.
☐ NYS Office of Children and Family Services in accordance with the law being a person
less than sixteen (16) years of age at the time the crime was committed.

☒ Monroe County Jail / Rochester Correctional Facility.

TO BE HELD UNTIL THE JUDGMENT OF THIS COURT IS SATISFIED.

REMARKS:   TIME SERVED TO APPLY;

-------------------
Commitment, Order of
Protection &
Pre-Sentence Report
received by
Correctional Authority
as indicated.
_____
Official Name
_____
Shield No.

Pre-Sentence Investigation Report Attached: ☐ YES ☒ NO   ☐ Amended Commitment:
Order of Protection Issued:          ☐ YES ☒ NO
Order of Protection Attached:        ☐ YES ☒ NO   Original Sentence 06-03-2015

06-08-2015   Lisa Baker          by: _Lisa M. Baker_          Court Assistant

**[E  91]**

# Monroe County Sheriff's Office                     Jail Bureau
## Jail Records Unit

To:  **Benjamin Brownlee**      ID#:  **377572**          Location:     **3**

Re:     Sentence Term Calculation

On          **6/3/2015**      you were sentenced to          **365**    days

You may EARN the following good time credit if your behavior is in compliance with facility
rules & regulations outlined in the inmate handbook.                    **121**    days good time

Jail time is applicable credit for time incarcerated on any charge(s) satisfied by your plea or
conviction.  You were credited with the following jail time on this sentence.

| | From | | To | | days | |
|---|---|---|---|---|---|---|
| | From | 6/18/14 | To | 6/3/15 | days | *14 Days God time* |
| | From | | To | | days | *Lost per infraction* |
| | From | | To | | days | *15 - 3617* |
| | From | | To | | days | |
| | From | | To | | days | *commit from* |
| | From | | To | | days | *6/2014 sent* |
| | From | | To | | days | *by court 6/12/15* |
| | From | | To | | days | |
| | From | | To | | days | *AMES* |
| | From | | To | | days | |
| | From | | To | | days | |
| | From | | To | | days | |

Total # of days jail time credit:       **0**    days.

If you served any time in another facility or lockup that resulted in the current sentenced, please
submit a Jail Time Discrepancy Form through your housing supervisor for review & investigation.
Calculation

          **365**          days - term of sentence

minus (-) ____**121**____     days - maximum number of good time pursuant to NYSCOC 7007

minus (-) ____**0**____     days - total jail time credit for time served

leaves you (=)     **244**       days remaining to serve from    **6/3/2015**
          *** Verify values on JMS Sentence Calculation Screen

THIS MAKES YOUR OUTDATE:        | Print 2 copies to housing officer - copy to inmate
2/1/16                          | Signed acknowledgement back to Records for file

Date    June 3, 2015      Staff    **Tompkins 3366**

I certify that I have received a copy of this form and that the information contained in it has been explained to me.

Inmate's Signature:                                   Date: 6/6/15

Copy of Sentence Term Calculation Release Date Confirmation (JB-414-10).xls                    JB-414-10

MONROE COUNTY SHERIFF'S OFFICE                                          JAIL BUREAU

**To:**      **Jail Records Unit**

**FROM:**    **Hearing Officer**

**DATE:**    **6/10/2015**

**SUBJECT:**  **Loss of Good Time**        **Per Infraction #**     **15-3617**

**Regarding inmate:**   **BENJAMIN BROWNLEE**        **ID#:**  **377572**

The above named inmate has lost good time as a result of an order of
Disciplinary
Sanction.                          Please deduct ___14___ days good time.

**Approved By:** _____ 6/10/15

Memo for Inmate Record:

Previously credited good time: __121__

Good time lost: __14__

New Good Time balance: __107__

NEW OUTDATE __2 / 15 / 16__

Outdate Computed by: __Cpl. Schreiner 3211__

JMS Sentence Calculation Updated: __6 | 11 | 15__

☐ Faxed to Jail Records

PRINTED: 06/10/15

[E 93]

**MoRIS PRISONER DATA REPORT**

| 1 LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX | 2 ORIGINAL CR# | DATE | CHK BY |
|---|---|---|---|---|---|---|
| Brownlee | Benjamin | | | 13302073 | | |

| 3. ALIASES AND/OR MAIDEN NAME | 4 NICKNAME | | 6 ARREST CR # |
|---|---|---|---|

| 7 HOUSE NO. | STREET | CITY OR TOWN | STATE | ZIP | 8 PLACE OF BIRTH STATE/COUNTRY |
|---|---|---|---|---|---|
| | St Centre St | Newburg | NY | | |

| 9 CRIME DATE & ADDRESS OF C/T/V | 10. CRIME JURIS/SEC | 11 ARREST DATE/TIME ADDRESS C/T/V | JURIS/SEC |
|---|---|---|---|
| | | 6/8/18 | |

| 12 ARREST TYPE | 13. APP. TICKET# | 14 ARRESTED BY OFFICER(S) | |
|---|---|---|---|
| ☐ BENCH WARR ☐ ON VIEW/OBSERV<br>☐ OTHER WARR ☐ REPORT/INVEST<br>☐ TURNOVER ☐ JUV OFFENDER | | OFT DUFT | |
| | AGENCY | | |

| 15 LAW | 16 SECTION NO & SUBS | 17 CLASS | CAT | 18 NAME OF OFFENSE & LIT S# | 19 DEGREE |
|---|---|---|---|---|---|
| PL | 121.11-A | | | Crim Obst Breathing | |

| 20. NUMBER OF VICTIMS | AGE SEX | AGE SEX | AGE SEX | AGE SEX | AGE SEX | HANDICAPPED<br>VULNERABLE | 21 NO OF OFFENDERS | 22 ☐ BUSINESS<br>☐ DWELLING | 23 BAC |
|---|---|---|---|---|---|---|---|---|---|

| 24 WEAPON (on arrest / resisting) | 5. Rifle - single shot, pump, bolt action | 11 Knife/cutting instrument | 17 Fire/incendiary device | 25 DRUG ARREST TYPE | 26 FORGED INSTRUMENT USED |
|---|---|---|---|---|---|
| 1 Firearm, unspecified type | 6. Semiautomatic rifle | 12. Blunt object | 18 Drugs/narcotics/sleeping pills | 1 HEROIN | 1 LICENSE 5 PRESCRIPTION |
| 2. Revolver - single shot | 7. Fully automatic rifle, machine gun | 13. Motor vehicle | 19 Other weapon | 2 COCAINE | 2 PERSONAL CK 6 ___ |
| 3. Semiautomatic handgun | 8. Shotgun | 14. Personal weapons | 77 None/Non applicable | 3 MARIJUANA | 3 BANK DRAFT |
| 4. Fully automatic handgun, submachine gun | 9. Imitation firearm | 15. Poison | 88 Not reported | 4 OTHER | 4 CREDIT CARD |
| | 10. Simulated firearm | 16. Explosives | 99 Unknown | | |

| 27 CRIME CONTEXT (2 MAX.) | 3 DRUGS | 6 GAMBLING | 9 PROPERTY CRIME | 12 SEX OFFENSE | 15 OTHER | 28 CRIME ORGANIZATION |
|---|---|---|---|---|---|---|
| 1 ARSON | 4 DWI & TRAFFIC | 7 MURDER | 10. PROSTITUTION | 13. STOLEN VEHICLE | | |
| 2 DOMESTIC OFFENSE | 5 FORGERY & FRAUD | 8. PHYSICAL CRIME | 11 PUBLIC ORDER | 14 WEAPONS | | |

| 29. COMPLAINANT'S NAME (PRINT) | SIGNATURE (I HAVE ARRESTED THE ABOVE PERSON & TURNED THE INDIVIDUAL OVER TO THE POLICE AGREE TO APPEAR IN COURT AS DIRECTED ) |
|---|---|
| | X |

30. ARRESTING OFFICER'S REMARKS (INCLUDE MEDICAL NOTES, INJURIES, CO-DEFENDANTS, DAMAGE TO PUBLIC PROPERTY, PISTOL PERMIT)

Committed from 6/8/14   365 DAYS   AMES   Min = 2/15 AKD

| 31 SEARCHED BY | OFFICER(S) | DR | 32 IS THIS A FINGERPRINTABLE ARREST?<br>(SEE BACK FOR DEFINITION)<br>☐ YES ☐ NO | 33 HAVE YOU POSITIVELY IDENTIFIED ARRESTEE?<br>☐ YES ☐ NO |
|---|---|---|---|---|
| AGENCY | | | | |

| 34 DO YOU HAVE REASON TO SUSPECT THAT ARRESTEE IS BEING SOUGHT FOR ANOTHER OFFENSE? ☐ YES (MUST STATE REASON) ☐ NO | REASON |
|---|---|

| 35 | AGE | 37. SEX | 38. RACE | 39. ETHNICITY | 40 Residence Status Temp. Res. Foreign Nat |
|---|---|---|---|---|---|
| | | 1 MALE<br>2 FEMALE | 1 WHITE 3. AMERICAN INDIAN/ALASKAN NATIVE<br>2 BLACK 4 ASIAN/ORIENTAL/PACIFIC ISLANDER | 1 HISPANIC<br>2 NON-HISPANIC | ☐ Resident ☐ Tourist ☐ Student ☐ Other<br>☐ Commuter ☐ Military ☐ Homeless ☐ Unk |

| 41 | 42 EYE COLOR | 43 HAIR COLOR | 44 HAIR LENGTH | 45. FACIAL HAIR | 46 COMPLEXION |
|---|---|---|---|---|---|
| 1 PROBATION | | 1 BLACK 3. BROWN 5 RED 7 WHITE | 1 SHORT (ABOVE EAR) 3. LONG (SHOULDER AND BELOW) | 1 NO FACIAL HAIR 3 BEARD | 1 LIGHT 3. DARK |
| 2 PAROLE | BLC | 2 BLONDE 4 GRAY-GRAY 6. SANDY 8 NO HAIR | 2 MEDIUM (BELOW EAR) 4. BALD | 2 MUSTACHE 4 GOATEE | 2 MEDIUM 4 OTHER |

| 47 HEIGHT | 48 WEIGHT | 49 BUILD | 50. BODY ODDITIES (LOCATION) |
|---|---|---|---|
| FT. IN | 190 LBS | 1 TENDER/SLIM 3 HEAVY<br>2 MEDIUM 4 MUSCULAR | 1 NECK 3 ARMS 5 LEGS FEET<br>2 TORSO 4 HANDS, FINGERS 6 DESCRIBE |

| 51 HEAD ODDITIES (LOCATION) | |
|---|---|
| 1 SCALP 3 EARS 5 LEGS FEET 7 TEETH, MOUTH LIPS<br>2 FOREHEAD 4 EYES, EYEBROWS 6. CHEEKS 8 CHIN | 9 DESCRIBE |

| 52 TATTOO LOCATIONS | 53. ADDL DESCRIPTORS |
|---|---|
| 1 NECK 3 ARMS 5. LEGS FEET 7 DESCRIBE<br>2 TORSO 4 HANDS FINGERS 6. HEAD | 1 GLASSES 3 SPEECH ACCENT 5 OTHER<br>2 SPEECH IMPEDIMENT 4 LEFT HANDED |

| 54 DER, DL # | 55 EDUCATION | 56 OCCUPATION | 57 EMPLOYER | ADDRESS | PH# |
|---|---|---|---|---|---|

| 58 MOTHER'S NAME | ADDRESS | PHONE# | 59 FATHER'S NAME | ADDRESS | PHONE# |
|---|---|---|---|---|---|

| 62 SPOUSE/GIRLFRIEND/BOYFRIEND | ADDRESS | PHONE# | 61 SEARCHED BY JAIL | 62 AMOUNT OF MONEY |
|---|---|---|---|---|

63. BOOKING OFFICER'S REMARKS (INCLUDE MEDICAL NOTES INJURIES ETC.)

| 64 RELEASED TO CUSTODY OF | DATE | TIME | 65. RELEASED ON BAIL ☐ YES ☐ NO | AMOUNT | 66 RELEASED BY |
|---|---|---|---|---|---|
| AMES | | | | | |

67. DEPUTY'S SIGNATURE & ID#

PRISONER'S SIGNATURE TO BE PLACED ON REVERSE SIDE OF JAIL COPY

Court 2 / Administration

G.O 521

**[E 94]**

To be argued by:
**BENJAMIN L. NELSON**
**Estimated time: 5 minutes**

**Docket No. KA 15-01257**

# Supreme Court of the State of New York
## Appellate Division, Fourth Department

### THE PEOPLE OF THE STATE OF NEW YORK,

*Plaintiff-Respondent,*

–vs–

### BENJAMIN BROWNLEE,

*Defendant-Appellant.*

## BRIEF FOR DEFENDANT-APPELLANT

**Monroe County Indictment No. 2014-0476**

**TIMOTHY P. DONAHER**
**Monroe County Public Defender**
*Attorney for Defendant-Appellant*
**BY: BENJAMIN L. NELSON**
**Assistant Public Defender**
**10 N. Fitzhugh Street**
**Rochester, New York 14614**
**(585) 753-4069**
**benjaminnelson@monroecounty.gov**

JUL 1 9 2019

**[E  95]**

# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1239**
**KA 15-01257**
PRESENT: WHALEN, P.J., SMITH, CURRAN, WINSLOW, AND BANNISTER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

BENJAMIN BROWNLEE, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (BENJAMIN L. NELSON OF
COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LISA GRAY OF COUNSEL),
FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Christopher S.
Ciaccio, J.), rendered June 3, 2015.  The judgment convicted defendant
upon a jury verdict of criminal obstruction of breathing or blood
circulation.

It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed.

Memorandum:  Defendant appeals from a judgment convicting him
after a jury trial of criminal obstruction of breathing or blood
circulation (Penal Law § 121.11 [a]).  We affirm.

We reject defendant's contention that the prosecution committed a
*Brady* violation by belatedly disclosing certain medical records that
purportedly established the victim's lack of injuries following the
alleged altercation with defendant.  "To establish a *Brady* violation
warranting a new trial, the defendant must show that (1) the evidence
is favorable to the defendant because it is either exculpatory or
impeaching in nature; (2) the evidence was suppressed by the
prosecution; and (3) prejudice arose because the suppressed evidence
was material" (*People v Ulett*, 33 NY3d 512, 515 [2019] [internal
quotation marks omitted]; *see Brady v Maryland*, 373 US 83, 87 [1963]).

Here, the medical records documenting the victim's lack of
injuries were favorable to defendant inasmuch as they "tend[ed] to
show that [he was] not guilty" (*People v Garrett*, 23 NY3d 878, 886
[2014], *rearg denied* 25 NY3d 1215 [2015] [internal quotation marks
omitted]).  However, the People's failure to disclose the medical
records until six days before trial did not constitute the suppression
of those records because defendant was "afforded a meaningful
opportunity to use [the records] to cross-examine the People's
witnesses or as evidence-in-chief" (*People v Burroughs*, 64 AD3d 894,

**[E 96]**

898 [3d Dept 2009], *lv denied* 13 NY3d 794 [2009]; *see People v Cortijo*, 70 NY2d 868, 870 [1987]; *cf. People v Carver*, 114 AD3d 1199, 1199 [4th Dept 2014]).

Moreover, even assuming, arguendo, that the prosecution's delay in disclosure did constitute suppression, we conclude that the records were not material because there was no " 'reasonable possibility' that the failure to disclose the medical records contributed to the verdict" (*People v Vilardi*, 76 NY2d 67, 77 [1990]; *see generally People v Rong He*, 34 NY3d 956, 959 [2019]; *People v McCray*, 23 NY3d 193, 198-199 [2014], *rearg denied* 24 NY3d 947 [2014]; *People v Fuentes*, 12 NY3d 259, 264-265 [2009], *rearg denied* 13 NY3d 766 [2009]).  Finally, we further conclude that any alleged *Brady* violation here is harmless.  The People presented overwhelming evidence of defendant's guilt—namely, the consistent testimony of three eyewitnesses who described defendant's attack on the victim—and there is no reasonable possibility that any error contributed to the verdict (*see People v Robinson*, 267 AD2d 981, 981 [4th Dept 1999], *lv denied* 95 NY2d 838 [2000]).

Entered:  March 13, 2020                    Mark W. Bennett
                                           Clerk of the Court

**[E  97]**

# State of New York
# Court of Appeals

BEFORE: HONORABLE PAUL G. FEINMAN

THE PEOPLE OF THE STATE OF NEW YORK,

Respondent,

-against-

BENJAMIN BROWNLEE,

Appellant.

**ORDER
DENYING
LEAVE**

Appellant having applied for leave to appeal to this Court pursuant to Criminal Procedure

Law § 460.20 from an order in the above-captioned case;*

UPON the papers filed and due deliberation, it is

ORDERED that the application is denied.

Dated: July 14, 2020

*Paul G. Feinman*

Associate Judge

*Description of Order: Order of the Appellate Division, Fourth Judicial Department, entered March 13, 2020, affirming a judgment of County Court, Monroe County, rendered June 3, 2015.

COPY SERVED WITH N/E 7|21|2020
EG

**[E  98]**

This case involves BENJAMIN BROWNLEE, Case Number 14-076

```
06-30-2014   1:59PM  ROW/ARRAIGNMENT

     ADA:                         DEF ATTY:
REPT1:                            REPT2:
-------------------------------------------------------------------
07-07-2014   1:59PM  ROW/ARRAIGNMENT                DENNIS F BENDER

     ADA: MARK SINKIEWICZ        DEF ATTY: PUBLIC DEFENDER
REPT1: GABRIELLE SCIOTTI          REPT2:
-------------------------------------------------------------------
09-08-2014   2:00PM  MOTIONS                        DENNIS F BENDER

     ADA: MARK SINKIEWICZ        DEF ATTY: PUBLIC DEFENDER
REPT1: GABRIELLE SCIOTTI          REPT2:
-------------------------------------------------------------------
11-03-2014   2:00PM  MOTIONS                        DENNIS F BENDER

     ADA: MARK SINKIEWICZ        DEF ATTY: PUBLIC DEFENDER
REPT1: GABRIELLE SCIOTTI          REPT2:
-------------------------------------------------------------------
01-13-2015  10:00AM  HEARING                        DENNIS F BENDER

     ADA: MARK SINKIEWICZ        DEF ATTY: JOHN NABINGER
REPT1: GABRIELLE SCIOTTI          REPT2:
-------------------------------------------------------------------
09-29-2015   9:59AM  PLEA OR MOTIONS                DENNIS F BENDER

     ADA: MARK SINKIEWICZ        DEF ATTY: JOHN NABINGER
REPT1: GABRIELLE SCIOTTI          REPT2:
-------------------------------------------------------------------
12-21-2015   2:05PM  APPEARANCE                     DENNIS F BENDER

     ADA: MARK SINKIEWICZ        DEF ATTY: JOHN NABINGER
REPT1: GABRIELLE SCIOTTI          REPT2:
-------------------------------------------------------------------
This person was born on                    .
```

**STATE OF NEW YORK**
**COUNTY COURT: SENECA COUNTY**

2014 JUN 10  PM 4:06

SENECA COUNTY
CLERK'S OFFICE

The People of the State of New York

        Against

Indictment No. 14-·O76

Benjamin Brownlee,

           **Defendant.**

**FIRST COUNT:**

# 48562

The **Grand Jury** of the County of Seneca by this Indictment accuses

### BENJAMIN BROWNLEE

of the crime of **AGGRAVATED HARASSMENT OF AN EMPLOYEE BY AN INMATE,** a class
E felony, pursuant to Section 240.32 of the Penal Law of the State of New York and that such crime
was committed as follows:

That on or about March 27, 2014, while at the Five Points Correctional Facility, Town of
Romulus, Seneca County, New York, the defendant, an inmate of said correctional facility, with
intent to harass, annoy, threaten or alarm a person whom he knows or reasonably should know is an
employee of such facility, caused or attempted to cause such employee to come into contact with
blood, seminal fluid, urine or feces, by throwing, tossing, or expelling such fluid or material, to wit:
the defendant threw urine at Correctional Officer Mark Thurston, an employee of Five Points
Correctional Facility.

THE PEOPLE ANNOUNCE THEIR READINESS FOR TRIAL

2014 JUN 10  PM 3:58
RECEIVED
SUPREME & COUNTY COURTS
SENECA COUNTY

_Merrin L. Hunt_
Foreperson

_____
Assistant District Attorney

**[E 100]**

*Amended*

**STATE OF NEW YORK - COUNTY OF SENECA
SECURING ORDER COMMITMENT**

The People of the State of New York
-vs-
**BENJAMIN BROWNLEE**

IND#  14-076                                   Filed   06-10-2014

Pre-Indictment_____                         DOB

   A(n)   Indictment  having  been filed with the Court charging the above-named
Defendant with the offense(s) of

AGG HARASS EMPLOYEE BY IN-1ct(s)

and said Defendant having been arraigned therein and the future
attendance of Defendant before this Court being required thereunder;
now it is therefore

   **ORDERED**, that said Defendant be and hereby is held by this Court
for further proceedings hereunder and that said Defendant is committed to
the County Sheriff, to appear before this Court at such time as may be
required unless sooner released on bail, recognizance, or other such
Order of this Court.

Dated the 28 day of July 2014
VILLAGE OF WATERLOO, New York

_____
COUNTY Court JUDGE

Next Court Date _____      Reason_____

Sentence _____

Youthful Offender_____

UNIFORM SENTENCE & COMMITMENT                    UCS 854 (2/2008)

STATE OF NEW YORK
COUNTY COURT: COUNTY OF SENECA                    Court Reporter: GABRIELLE SCIOTTI
PRESENT: DENNIS F BENDER,  JUDGE                  Superior Ct. Case #: 14-076

Accusatory Instrument Charge(s) Law/Section Subdivision:

The People of the State of New York          1 AGG HARASS EMPLOYEE BY IN    PL-240.32  Reduced to
           -v-
BENJAMIN BROWNLEE                            2 Attempt Agg Harrassment Employee PL-110-240.32

M _____      09059294J  66697928N         3. _____        _____
SEX:    DOB:      NYSID    CJ TRACKING #
                                             4. _____        _____
Date of offense: 03-27-2014 to _____

THE ABOVE NAMED DEFENDANT HAVING BEEN CONVICTED [☒ PLEA OR ☐ VERDICT ], THE MOST SERIOUS OFFENSE
BEING A ☒ FELONY OR ☐ MISDEMEANOR OR ☐ VIOLATION], IS HEREBY SENTENCED TO:
     Name of offense       Count    Law/Section   SMF,Hate  Minimum Maximum   ☐Definite (D M Y)Post-Rel
                           Number & Subdivision   or Terror Period   Term     ☐Determinate (Y) Superv.

   ATT AGG HARASS EMPLOYEE1    PL-110-240.32    _____  ____ Y ____ Y  6M    _____ Y

☐ Counts _____ shall run CONCURRENTLY with each other

☐ Count(s) _____ shall run CONSECUTIVELY to count(s) _____

☐ Sentence imposed herein shall run CONCURRENTLY with _____ and/or CONSECUTIVELY to _____
☐ Conviction includes: WEAPON TYPE _____ and/or DRUG TYPE _____

☐ Charged as a JUVENILE OFFENDER                    ☐ Court certified the defendant a SEX OFFENDER

   - Age at time crime committed: _____            (Cor. Law § 168-d)

☐ Adjudicated a YOUTHFUL OFFENDER (CPL § 720.20)    ☐ Re-sentenced as a PROBATION VIOLATOR (CPL § 410.70)

☐ Execute as a sentence of PAROLE SUPERVISION (CPL § 410.91)  ☐ CASAT ordered  (PL § 60.04(6))

As a  ☐second        ☐second violent   ☐second drug     ☐second drug/prior VFO   ☐predicate sex offender
      ☐predicate sex offender/prior VFO ☐second child sexual assault ☐persistent ☐persistent violent FELONY OFFENDER

| Paid | Not Paid | | | Paid | Not Paid | | |
|---|---|---|---|---|---|---|---|
| ☐ | ☒ | Mandatory Surcharge | $175.00 | ☐ | ☒ | Crime Victims Assistance Fee | $25.00 |
| ☐ | ☒ | Fine | $.00 | ☐ | ☒ | Restitution | $.00 |
| ☐ | ☒ | DNA Fee | $50.00 | ☐ | ☒ | Sex Offender Registration Fee | $.00 |
| ☐ | ☒ | DWI/Other | $.00 | ☐ | ☒ | Supplemental Sex Off. Victim Fee | $.00 |

THE SAID DEFENDANT BE AND HEREBY IS COMMITTED TO THE CUSTODY OF THE:
☐  NYS Department of Correctional Services (NYSDOCS) until released in accordance with the law, and being a person
sixteen (16) years or older not presently in the custody of the NYSDOCS (the County Sheriff) (New York City Department
of Corrections is directed to deliver him to the custody of the NYSDOCS as provided in 7 NYCRR Part 103.

☐  NYSDOCS until released in accordance with the law, and being a person sixteen (16) years or older and is presently
in the custody of the NYSDOCS, said defendant shall remain in the custody of NYSDOCS.

☐  NYS Office of Children and Family Services in accordance with the law being a person less than sixteen (16) years of
age at the time the crime was committed.

☒  Seneca County Jail / Correctional Facility.                     | Commitment, Order of |
                                                                   |      Protection      |
TO BE HELD UNTIL THE JUDGMENT OF THIS COURT IS SATISFIED.          | Pre-Sentence Report  |
                                                                   | Correctional Authority|
REMARKS: _____         |   as indicated:      |

                                                                   |    Official Name     |
Pre-Sentence Investigation Report Attached: ☐ YES ☒ NO  ☐ SHOCK INCARCERATION recommended|

Order of Protection Issued          ☐ YES ☒ NO  ☐ Amended Commitment:      |    Shield No.    |

Order of Protection Attached:       ☐ YES ☒ NO  Original Sentence Date: 09-29-2015

09-29-2015   SUSAN M. MALESKI   by: _Signature_              COURT OFFICE ASSISTANT
   Date      Clerk of the Court      Signature                 Title

**[E 102]**

STATE OF NEW YORK - COUNTY OF SENECA
COUNTY COURT - CERTIFICATE OF CONVICTION

BENJAMIN BROWNLEE                 INDEX # 48562            FILED 06-10-2014
                                                     CRIME DATE 03-27-2014

IND # 14-076          DOB [ ]          NYSID # 09059294J

JUDGE: DENNIS F BENDER          Court Reporter:  GABRIELLE SCIOTTI
------------------------------------------------------------------------
ORIGINAL OFFENSE # 1:  AGG HARASS EMPLOYEE BY IN/1 ct(s) PL-240.32     -EF-
        Reduced to:    ATT AGG HARASS EMPLOYEE/1 ct(s) PL-110-240.32   -AM-
Disposition: PLED GUILTY  09-29-2015
Sentenced: 09-29-2015
Custody/Time: 6M CUSTODY
------------------------------------------------------------------------


Surcharge Imposed: $175.00          DNA Fee: $50.00
     CVAF Imposed: $25.00


Court  Clerk's  Certification:  I certify that this document reflects a true and
accurate  record of the above defendant, filed with the County Clerk's Office by
the Court.

                                    _Suzanne C. Leisenring_
                                    SUZANNE C. LEISENRING
                                    SR COURT OFFICE ASSISTANT

2015 OCT 19  AM 10: 36
SENECA COUNTY
CLERK'S OFFICE

**[E  103]**

# Seneca County Sheriff's Office

Romulus, New York 14541

## Inmate Release Date Confirmation Form

**CHN:** 17193
**Booking Number:** 201400456
**To:** BROWNLEE, Benjamin J
**From:** Kierst, Lt
**Completed On:** September 01, 2021

**Issued Date:**

---

**MAXIMUM SENTENCE SERVED Date of:**          02/06/2015

You may EARN Good Behavior Allowance, if your behavior is in line with the Rules and
Regulations of Seneca County Sheriff's Office.

You may earn          61          days Good Time Credit, resulting in a

**MINIMUM SENTENCE SERVED Date of:**          12/07/2014

If you have any days served at another Facility, or City Lock-up, that resulted in the current
sentence, you shall refer to the Inmate Handbook to obtain this credit.

| | |
|---|---|
| **Charge:** | Aggravated Harassment-1st Degree |
| **Docket Number:** | |
| **Indictment Number:** | |
| **Date of Arrival:** | 08/08/2014 |
| **Sentence Start Date:** | 09/29/2015 |
| **Sentence Length:** | 183 |
| **Time Served:** | 417 |
| **Good Time:** | 61 |
| **Days Suspended:** | 0 |
| **Weekend/Holidays:** | 0 |
| **Other:** | 0 |

**Notes:**

Prior time served - 417 days.

08/08/2014 - 09/28 = 417 days.

I certify that I have received a copy of this form and that the information contained in it has been
explained to me.

Inmate's Signature:          _____

BROWNLEE, Benjamin J

cc: Inmate's File

---

**[E 104]**



# Superior Court of California
# County of Sacramento

720 Ninth Street
Sacramento CA 95814

This letter is confirmation that the annexed instrument (inclusive) is a correct copy of the original on file in the Sacramento Superior Court file.

Sacramento Superior Court in and for the County of Sacramento, State of California.

**CASE NAME**   **BENJAMIN BROWNLEE**

**CASE NUMBER**   **16FE004445**

**ATTEST CERTIFIED DATE**   **08-31-2021**

**BY**   _K. Watkins_   **DEPUTY CLERK**

**TOTAL NUMBER OF PAGES**   **6**

720 Ninth Street • Criminal/Civil Records • Sacramento, CA 95814
TELEPHONE (916) 874-5664

CR-282 (revised 01/01/06)

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SACRAMENTO

### MINUTE ORDER

| DEFENDANT'S NAME | SECTION(S) VIOLATED | | | DOCKET NO. |
|---|---|---|---|---|
| BROWNLEE, BENJAMIN | 1. | 2. | 3. | 16FE04445 |
| XREF: 5050704 | 4. | 5. | 6. | BOND #: |

| PROSECUTOR | DEFENSE ATTORNEY | JURY TRIAL DATE |
|---|---|---|
| DDA: S. AARASETH | APD: C. RYAN | |

| DATE | JUDGE | CSR# | DEPT. | PROCEEDINGS |
|---|---|---|---|---|
| 7/1/16 | R. THORBOURNE | U344 | 40 | PROB HRG J&S |

All parties pres. — △ pres. o/c.
Probation Report ordered Filed F/W
FAW; J&S as follows:
Ct. 1 - PC 597(a) = 5 yrs. FP
364 Days CJ
92 actual cts. ⎫ Total cts. = 184
+ 92 atwt cts. ⎭ Days.
Court has no objection to
SWP/HD
Stay SWP/HD sign up to 8/12/16.
Qualify / surrender 9/16/16
4:00pm RCCC.
△ to abide by all terms/cond. of
prob. report pgs. 4-10 as modified.
△ advised / provided w/ Firearms
prohibition Notification packet.
△ to report to prob. Dept. @ E St.
or Florin-Perkins by 7/6/16.
COA $40; CFF $30
△ remains released from custody.
Bal. chgs. Dism. I/T.        (prob)

### DO NOT FILE ANY DOCUMENTS ON TOP OF THIS FORM

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SACRAMENTO          CORRECTION 07/12/2016

DATE & TIME: 07/01/2016  1:30 PM        DEPT   : 40
JUDGE      : RAOUL THORBOURNE            CLERK  : J. LAYUGAN
REPORTER   : K. CARDOZO                  BAILIFF:

----------------------------------------------------------------------

PEOPLE OF THE STATE OF CALIFORNIA      ) COUNSEL:
                                       ) AARSETH S TEAM 3/WR (DDA
                vs                     )
                                       )
BENJAMIN JUSTIN BROWNLEE, DEFENDANT    )
                                       )
                                       ) Ryan, C. PD
                                       )

----------------------------------------------------------------------

XREF:  5050704    DOB:                  CASE NO.  16FE004445

MINUTE ORDER & ORDER OF PROBATION

Defendant and counsel above named were present.  Defendant was
convicted as follows:

     05/31/2016 CT 1          PC 597(A) FEL   Nolo contendere
                              TWO STRIKES ALLEGATIONS
                              W/1 PRIOR
                              PC 667.5(B)
                              PC 1192.7(C)
                              PC 667(B)-(I)
                              PC 1170(H)(3)

The court having read and considered the presentence probation report,
ordered it filed.

It is ordered that imposition of judgment and sentence be suspended and the
defendant placed on formal probation for a period of 5 years from the date
of this order on the following general and specific terms and conditions:

The defendant shall serve 364 days in the Sacramento County Jail.  The Court
recommends Sheriff's Work Project.  Defendant to qualify or surrender at the
Rio Cosumnes Correctional Center.  While in confinement, the defendant will
comply with all rules and regulations of the County Jail and conduct himself
in a proper manner.

      BOOK:  40
      PAGE:
      DATE:  07/01/2016
  CASE NO.:  16FE004445
CASE TITLE:  BROWNLEE
   DISTRIB:             PAGE      1

JICR0220/CR30 (12/1991)
*********************************************************************

Said term shall be served consecutive to all other terms.

Said term is stayed until 09/16/2016, 6:00 PM  at which time defendant shall report to surrender at the Rio Cosumnes Correctional Center.

Defendant shall receive credit for time served of 184 days.

Defendant shall submit his person, property and automobile and any object under defendant's control to search and seizure in or out of the presence of the defendant, by any law enforcement officer and/or Probation officer, at any time of the day or night, with or without his consent, with or without a warrant.  Defendant being advised of his constitutional rights in this regard, and having accepted probation, is deemed to have waived same.

The defendant shall seek and obtain professional counseling through and under the direction of the Probation Officer.

Defendant not associate with persons he or she knows to be illegal users or sellers of marijuana, dangerous drugs or narcotics, nor be in places where he or she knows illegal narcotics and/or dangerous drugs are present.

Defendant not knowingly own or possess any dangerous or deadly weapon.

The defendant not knowingly own, purchase, receive or have in his possession or under his/her custody or control,  any firearm, ammunition or reloading ammunition. Condition as mandated in 29800(a)(1) and 30305(a) PC. Defendant advised and provided with firearms prohibition packet.

Criminal impact fee (PC 1465.7) 20% surcharge on base fines

Defendant shall pay a $300.00, restitution-fine pursuant to Penal Code Section 1202.4(b)

Pursuant to Penal Code Section 1202.44, the Court is imposing an additional restitution fine in the same amount just imposed under Penal Code Section 1202.4(b). Payment of this fine is stayed and shall become effective upon revocation of Probation.

Defendant shall pay all fines, fees, assessments and restitution through the court's installment process, which may include the Department of Revenue Recovery.

Defendant pay a court security surcharge fee, per conviction, pursuant to

```
      BOOK:  40
      PAGE:
      DATE:  07/01/2016
  CASE NO.:  16FE004445
CASE TITLE:  BROWNLEE
   DISTRIB:              PAGE      2

JICR0220/CR30 (12/1991)
*************************************************************************
```

Penal Code Section 1465.8(a)(1) in the amount of $40.00
($40.00 X 1 conviction), payable through the Court's installment process.
This is a court ordered fee not a condition of probation.

Defendant shall report to the Department of Revenue Recovery for a financial
evaluation and recommendation of ability to pay costs for and in the amount
of $702.00 for the presentence report and $46.00 per month for probation
supervision, payable through the Court's installments process. This is a
court ordered fee not a condition of probation.

Pay $25.00 urinalysis testing fee through DRR.

Defendant pay a mandatory Court facility fee in the amount of $30.00
pursuant to section 70373 of the Government Code, payable through the
Court's installment process.

Defendant shall submit his/her person, property and automobile and any
object under defendant's control to search and seizure in or out of the
presence of the defendant, by any law enforcement officer and/or probation
officer, at any time of the day or night, with or without his consent, with
or without a warrant. Defendant being advised of his/her constitutional
rights in this regard, and having accepted probation, is deemed to have
waived same.

Defendant shall report to the Probation Office within 48 hours of release.

Defendant have no contact whatsoever with animals, or to have any pets,
without the prior approval of the probation officer.

Peaceful contact with Elisha Sullivan.

Defendant participate in an evidence based treatment intervention program
addressing criminal thinking through and under the direction of the
probation officer.

It is the further Order of the Court that you shall, during your term of
probation, comply in all respects with the following General Conditions of
probation as authorized by the provisions of the Probation Statutes of the
State of California. Further, that you shall comply in all respects with
any Special Conditions of Probation contained in your Order of Probation or
which may subsequently be ordered by the Court or the Probation Officer.

1.  Obey all laws applicable to you.


        BOOK:   40
        PAGE:
        DATE:   07/01/2016
     CASE NO.:  16FE004445
   CASE TITLE:  BROWNLEE
      DISTRIB:              PAGE      3

JICR0220/CR30 (12/1991)
*****************************************************************************

2.  Seek and/or maintain regular and steady employment or be enrolled in an educational or vocational program approved by the probation officer having your supervision; not voluntarily change employment without having gained approval for such change; and if your employment is terminated, either temporarily or permanently, for any cause whatsoever, you are to notify your probation officer within 48 hours.

3.  You may not leave the State of California at any time without first securing permission from your probation officer and completing the appropriate procedures to do so. You are not to remain away from your regular residence for more than 48 hours without first having secured permission from your probation officer. You are to immediately notify your probation officer of any intended change of address and the reasons therefore.

4.  You are to follow in all respects any reasonable instructions given to you by the Probation Officer having your supervision.

5.  You are to report in person to the Division of Adult Probation at such times and dates as the Probation Officer having your supervision may direct.   (If for any reason beyond your control you are unable to report on your assigned date and time, you shall communicate this fact to the Division of Adult Probation on or before the assigned date.)

6.  You shall allow Probation Officers to visit your home and place of employment at reasonable times.

7. Inform Probation Officer of dogs and other pets with potential to cause harm in the residence. Notify of changes within 24 hours.

Failure by you to comply with any of the foregoing Specific and General Conditions of Probation could result in:  (1) the grant of probation being revoked, resulting in confinement in the County Jail for additional periods or imposition of any sentence which the Court could have imposed on you before you were placed on probation; (2) the term of probation being extended up to the maximum provided by law; or (3) the conditions of probation being amended, resulting in a change or addition to the condition within the limits of the Probation Statutes.

Do not knowingly use, handle or possess controlled substances of any kind unless lawfully prescribed to you by a licensed medical practitioner.

```
      BOOK:  40
      PAGE:
      DATE:  07/01/2016
  CASE NO.:  16FE004445
CASE TITLE:  BROWNLEE
   DISTRIB:            PAGE      4

JICR0220/CR30 (12/1991)
***********************************************************************
```

**[E  110]**

Defendant is released on probation.

Done in open Court  07/01/2016

The foregoing terms and Conditions of Probation have been explained to me and I fully understand them and agree in every particular to abide by them.

Date: _____      _____
                                              Probationer

Witnessed:

By: _____
        Officer

Sec. 1203.4 Penal Code: PROBATIONER MAY WITHDRAW PLEA OF GUILTY.

At any time after the termination of the period of probation, upon completion of the requirements of Penal Code section 1203.4, you may petition the court to exercise its discretion to allow you to withdraw your plea of guilty or nolo contendere or to set aside a verdict of guilty and dismiss the accusations against you.  If such relief is granted by the court, you may also petition the court for a certificate of rehabilitation and pardon upon completion of the requirements of Penal Code section 4852.01.

Dismissal of an accusation or information pursuant to this section does not permit a person to own, possess or have in his custody or control any firearm capable of being concealed upon the person or prevent his conviction under Section 12021.

Prosecution of such defendant for any other offense, such prior conviction may be pleaded and proved and shall have the same effect as if probation had not been granted or the accusation or information dismissed.

NOTICE:   Both California Penal Code Section 12021 and the Federal Gun Law of
          1968 prohibit the use or possession of any firearm, including any
          handgun, rifle or shotgun, by any individual convicted of a felony.

```
      BOOK:  40
      PAGE:
      DATE:  07/01/2016
  CASE NO.:  16FE004445
CASE TITLE:  BROWNLEE
   DISTRIB:              PAGE      5

JICR0220/CR30 (12/1991)
**********************************************************************
```

JICR0200 - END OF REPORT

**[E  111]**



# Superior Court of California
# County of Sacramento

720 Ninth Street
Sacramento CA 95814

This letter is confirmation that the annexed instrument (inclusive) is a correct copy of the original on file in the Sacramento Superior Court file.

Sacramento Superior Court in and for the County of Sacramento, State of California.

**CASE NAME** _____ **BENJAMIN BROWNLEE** _____

**CASE NUMBER** _____ **16FE018278** _____

**ATTEST CERTIFIED DATE** _____ **08-31-2021** _____

**BY** _____ *Watkins* _____ **DEPUTY CLERK**

**TOTAL NUMBER OF PAGES** ____ **4** ____

720 Ninth Street ▪ Criminal/Civil Records ▪ Sacramento, CA 95814
TELEPHONE (916) 874-5664

CR-282 (revised 01/01/06)

**[E  112]**

*[NOT vALID WITHOUT COMPLETED PAGE TWO OF CR-292 ATTACHED]*                                                                CR-292

FILED/ENDORSED

| ☑ SUPERIOR    COURT OF CALIFORNIA, COUNTY OF SACRAMENTO |  |  |  |
|---|---|---|---|
| ☐ MUNICIPAL    BRANCH OR JUDICIAL DISTRICT |  |  |  |

| PEOPLE OF THE STATE OF CALIFORNIA vs. DEFENDANT: BENJAMIN JUSTIN BROWNLEE XREF - 5050704 | DOB: POB: New York | 16FE018278 | ·A |
|---|---|---|---|
| AKA: CII#:A35836270 |  |  | ·B |
| BOOKING #: | ☐ NOT PRESENT |  | ·By E. Gonzalez, Deputy Clerk |
| COMMITMENT TO STATE PRISON ABSTRACT OF JUDGMENT | ☐ AMENDED ABSTRACT |  | ·D |

SEP - 1 2017

| DATE OF HEARING 09/01/2017 | DEPT. NO. 14 | JUDGE DONALD J. CURRIER |
|---|---|---|
| CLERK E. GONZALEZ | REPORTER V. CLAYTON, CSR #13112 | PROBATION NO. OR PROBATION OFFICER A-504,760 |
| COUNSEL FOR PEOPLE ROBIN SHAKELY. D.D.A. | | COUNSEL FOR DEFENDANT ALAN WHISENAND, C.A.C.    ☑ APPTD. |

1. Defendant was convicted of the commission of the following felonies:
   ☐ Additional counts are listed on attachment
   _____ (number of pages attached)

| CNT. | CODE | SECTION NO. | CRIME | YEAR CRIME COMMITTED | DATE OF CONVICTION (MO./DATE/YEAR) | JURY | COURT | PLEA | CONCURRENT | CONSECUTIVE | 654 STAY |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | PC | 187(a), 1st Deg. | Murder 1st Deg. w/Special Circumstance #3 found true pursuant to Penal Code section 190.2(a)(17)(A) | 2016 | 08/01/2017 | X |  |  |  | X |  |
|  |  |  |  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |  |  |  |

2. ENHANCEMENTS charged and found to be true TIED TO SPECIFIC COUNTS (mainly in the PC 12022 series). List each count enhancement horizontally. Enter time imposed for each or "S" for stayed. DO NOT LIST enhancements stricken under PC 1385.

| CNT. | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | TOTAL |
|---|---|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |  |

3. ENHANCEMENTS charged and found to be true FOR PRIOR CONVICTION OR PRISON TERMS (mainly in the PC 667 series). List all enhancements horizontally. Enter time imposed for each or "S" for stayed. DO NOT LIST enhancements stricken under PC 1385.

| ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | TOTAL |
|---|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |

Defendant was sentenced to State Prison for an INDETERMINATE TERM:

4. ☑ For LIFE WITHOUT THE POSSIBILITY OF PAROLE on Count One.
5. ☐ For LIFE WITH POSSIBILITY OF PAROLE on counts
6. ☐ For _____ years to life, WITH POSSIBILITY OF PAROLE on counts
   PLUS enhancement time shown above.
7. ☑ Additional determinate term (see CR-290).
8. Defendant was sentenced pursuant to ☐ PC 667(b)-(i) or PC 1170.12   ☐ PC 667.61   ☐ PC667.7   ☐ PC 667.9
   ☐ other *(specify):*

This form is prescribed under PC 1213.5 to satisfy the requirements of PC 1213 for indeterminate sentences. Attachments may be used but must be referred to in this document.

*(Continued on reverse)*

| Form Adopted by the | **ABSTRACT OF JUDGMENT – PRISON COMMITMENT – INDETERMINATE** | |
|---|---|---|
| Judicial Council of California CR -292 (Rev. January 1, 1999) | *[NOT VALID WITHOUT COMPLETED PAGE TWO OF CR-292 ATTACHED]* | Penal Code §§ 1213, 1213.5 |

000067

**[E  113]**

PEOPLE OF THE STATE OF CALIFORNIA vs.
DEFENDANT: : BENJAMIN JUSTIN BROWNLEE

| 16FE018278 | -A | | -B | | -C | | -D |
|---|---|---|---|---|---|---|---|

9. FINANCIAL OBLIGATIONS (including any applicable penalty assessments):
   a. RESTITUTION FINE of: $ **10,000.00**  per PC 1202.4(b) forthwith per PC 2085.5.
   b. RESTITUTION FINE of: $_____ per PC 1202.45 suspended unless parole is revoked.
   c. RESTITUTION of: $**TBD** per PC 1202.4(f) to ☑ **California Victim Compensation Board**
      (*List victim name(s) if known and amount breakdown in item 11, below.)
      (1) ☑ Amount to be determined.
      (2) ☐ Interest rate of: _____% (not to exceed 10% per PC 1204.4(f)(3)(F)).
   d. ☐ LAB FEE of: $_____ for counts: _____ per H&SC 11372.5(a).
   e. ☐ DRUG PROGRAM FEE of $150 per H&SC 11372.7(a).
   f. ☐ FINE of $_____ per PC 1202.5.

10. TESTING
   a. ☐ AIDS pursuant to    ☐ PC 1202.1    ☐ other (specify):
   b. ☑ DNA  pursuant to PC 296.1(a)(1)(A)    ☐ other (specify):
      ☐ DNA Collected
      ☐ DNA Sample Collection Verified

11. Other orders (specify):
  Defendant to pay through Court's installment process:
  $80 (@$40 per count) court operations assmnt. pursuant PC 1465.8(a)(1); $60 (@$30 per count) Court Facility Fee purs . GC 70373,
  $402.38 Main Jail Booking Fee & $99.19 Main Jail Classificatiion Fee purs. GC 29550.2(a).
  Deft. advised and provided with Firearms Prohibition Packet in open court.
  Deft. advised of Appeal Rights .

12. Execution of sentence imposed
   a. ☑ at initial sentencing hearing.       d. ☐ at resentencing per recall of commitment.  (PC 1170(d).)
   b. ☐ at resentencing per decision on appeal.    e. ☐ other (specify):
   c. ☐ after revocation of probation.

13. CREDIT FOR TIME SERVED

| CASE NUMBER | | TOTAL CREDITS | ACTUAL | LOCAL CONDUCT | |
|---|---|---|---|---|---|
| 16FE018278 | -A | 258 | 258 | -0- | ☐ 4019<br>☐ 2933.1 |
| | -B | | | | ☐ 4019<br>☐ 2933.1 |
| | -C | | | | ☐ 4019<br>☐ 2933.1 |
| | -D | | | | ☐ 4019<br>☐ 2933.1 |

| DATE SENTENCE PRONOUNCED:<br>09/01/2017 | SERVED TIME IN STATE INSTITUTION:<br>☐ DMH | ☐ CDC | ☐ CRC |
|---|---|---|---|

14. The defendant is remanded to the custody of the sheriff  ☑ forthwith  ☐ after 48 hours excluding Saturdays, Sundays,
                                               and holidays.

   To be delivered to    ☐ the reception center designated by the director of the California Department of Corrections.
                    ☑ other (specify): **DVI**

**CLERK OF THE COURT**

I hereby certify the foregoing to be a correct abstract of the judgment made in this action.

| DEPUTY'S SIGNATURE<br><br>E. GONZALEZ | DATE<br><br>09/01/2017 |
|---|---|

CR-292 (Rev. January 1, 1999)    **ABSTRACT OF JUDGMENT – PRISON COMMITMENT – INDETERMINATE**    Page two

: 00008

**[E  114]**

**FELONY ABSTRACT OF JUDGMENT – DETERMINATE**
*(NOT VALID WITHOUT COMPLETED PAGE TWO OF CR-290 ATTACHED)*

CR-290

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF: **SACRAMENTO** | |
|---|---|

FILED/ENDORSED

SEP - 1 2017

By E. Gonzalez, Deputy Clerk

| PEOPLE OF THE STATE OF CALIFORNIA vs. | DOB: | 16FE018278 | -A |
|---|---|---|---|
| DEFENDANT: **BENJAMIN JUSTIN BROWNLEE** XREF - 5050704 | POB: **New York** | | -B |
| AKA: | | | |
| CII NO: | | | -C |
| BOOKING NO.: | ☐ NOT PRESENT | | -D |

| FELONY ABSTRACT OF JUDGMENT ☑ PRISON COMMITMENT ☐ COUNTY JAIL COMMITMENT | ☐ AMENDED ABSTRACT |
|---|---|

| DATE OF HEARING 09/01/2017 | DEPT. NO. 14 | JUDGE DONALD J. CURRIER | |
|---|---|---|---|
| CLERK E. GONZALEZ | REPORTER V. CLAYTON, C.S.R. #13112 | PROBATION NO. OR PROBATION OFFICER A-504,760 | ☐ IMMEDIATE SENTENCING |
| COUNSEL FOR PEOPLE ROBIN SHAKELY, D.D.A. | | COUNSEL FOR DEFENDANT ALAN WHISENAND, C.A.C. | ☑ APPTD. |

1. Defendant was convicted of the commission of the following felonies:
   ☐ Additional counts are listed on attachment
   ____ (number of pages attached)

| COUNT | CODE | SECTION NO. | CRIME | YEAR CRIME COMMITTED | DATE OF CONVICTION (MO./DATE/YEAR) | JURY | COURT | PLEA | TERM (L,M,U) | CONCURRENT | 1/3 CONSECUTIVE | CONSECUTIVE FULL TERM | INCOMPLETE SENTENCE (Refer to item 5) | 654 STAY | SERIOUS FELONY | VIOLENT FELONY | PRINCIPAL OR CONSECUTIVE TIME IMPOSED YRS. | PRINCIPAL OR CONSECUTIVE TIME IMPOSED MOS. |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 4 | PC | 211, 2nd Deg. | Robbery in the second degree | 2016 | 08/01/2017 | X | | | M | | | X | | X | X | | (3) | (0) |
| | | | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | | | |

2. ENHANCEMENTS charged and found to be true TIED TO SPECIFIC COUNTS (mainly in the PC 12022 series). List each count enhancement horizontally. Enter time imposed, "S" for stayed, or "PS" for punishment struck. DO NOT LIST ENHANCEMENTS FULLY STRICKEN by the court.

| COUNT | ENHANCEMENT | TIME IMPOSED "S" or "PS" | ENHANCEMENT | TIME IMPOSED "S" or "PS" | ENHANCEMENT | TIME IMPOSED "S" or "PS" | TOTAL |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

3. ENHANCEMENTS charged and found to be true for PRIOR CONVICTIONS OR PRISON TERMS (mainly in the PC 667 series). List all enhancements horizontally. Enter time imposed, "S" for stayed, or "PS" for punishment struck. DO NOT LIST ENHANCEMENTS FULLY STRIKEN by the court.

| ENHANCEMENT | TIME IMPOSED "S" or "PS" | ENHANCEMENT | TIME IMPOSED "S" or "PS" | ENHANCEMENT | TIME IMPOSED "S" or "PS" | TOTAL |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

4. ☐ Deft. sentenced per: ☐ to county jail per 1170(h)(1) or (2)
   ☐ To prison per 1170(a), 1170.1(a) or 1170(h)(3) due to ☐ current or prior serious or violent felony ☐ PC 290 or ☐ PC 186.11 enhancement
   ☐ per PC 667(b)-(i) or PC 1170.12 (strike prior)
   ☐ per PC 1170(a)(3). Pre confinement credits equal or exceed time imposed. ☐ Defendant ordered to report to local parole or probation office.

5. INCOMPLETED SENTENCE(S) CONSECUTIVE

| COUNTY | CASE NUMBER |
|---|---|
| | |
| | |
| | |

6. ☐ TOTAL TIME ON ATTACHED PAGES: | |

7. ☑ Additional indeterminate term (see CR-292).

8. ☐ TOTAL TIME: | (3) | (0) |

Attachments may be used but must be referred to in this document.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CR–290 (Rev. July 1, 2012) | **FELONY ABSTRACT OF JUDGMENT – DETERMINATE** | Penal Code, §§ 1213, 1213.5 |
|---|---|---|

: 00009

**[E  115]**

CR-290

| PEOPLE OF THE STATE OF CALIFORNIA vs.<br>: BENJAMIN JUSTIN BROWNLEE | | | |
|---|---|---|---|
| 16FE018278    -A | -B | -C | -D |

9.   FINANCIAL OBLIGATIONS (plus any applicable penalty assessments):

**a. Restitution Fines:**

Case A: $ _____   per PC 1202.4(b) forthwith per PC 2085.5;   $ _____   per PC 1202.45 suspended unless parole is revoked.
   $ _____   per PC 1202.44 is now due, probation having been revoked.

Case B: $ _____   per PC 1202.4(b) forthwith per PC 2085.5;   $ _____   per PC 1202.45 suspended unless parole is revoked.
   $ _____   per PC 1202.44 is now due, probation having been revoked.

Case C: $ _____   per PC 1202.4(b) forthwith per PC 2085.5;   $ _____   per PC 1202.45 suspended unless parole is revoked.
   $ _____   per PC 1202.44 is now due, probation having been revoked.

Case D: $ _____   per PC 1202.4(b) forthwith per PC 2085.5;   $ _____   per PC 1202.45 suspended unless parole is revoked.
   $ _____   per PC 1202.44 is now due, probation having been revoked.

**Restitution:**

Case A: $ _____   ☐ Amount to be determined   to ☐ victim(s)*   ☐ Restitution Fund
Case B: $ _____   ☐ Amount to be determined   to ☐ victim(s)*   ☐ Restitution Fund
Case C: $ _____   ☐ Amount to be determined   to ☐ victim(s)*   ☐ Restitution Fund
Case D: $ _____   ☐ Amount to be determined   to ☐ victim(s)*   ☐ Restitution Fund

☐ * Victim name(s), if known, and amount breakdown in item 13, below.   ☐ * Victim names(s) in probation officer's report.

**b. Fines:**

Case A: $ _____   per PC 1202.5. $ _____   per VC 23550 or _____   days ☐ county jail ☐ prison in lieu of fine ☐ concurrent ☐ consecutive
   ☐ includes:  ☐ _____ Lab Fee per HS 11372.5(a)   ☐ $ _____ Drug Program Fee per HS 11372.7(a)   for each qualifying offense.

Case B: $ _____   per PC 1202.5. $ _____   per VC 23550 or _____   days ☐ county jail ☐ prison in lieu of fine ☐ concurrent ☐ consecutive
   ☐ includes:  ☐ _____ Lab Fee per HS 11372.5(a)   ☐ $ _____ Drug Program Fee per HS 11372.7(a)   for each qualifying offense.

Case C: $ _____   per PC 1202.5. $ _____   per VC 23550 or _____   days ☐ county jail ☐ prison in lieu of fine ☐ concurrent ☐ consecutive
   ☐ includes:  ☐ _____ Lab Fee per HS 11372.5(a)   ☐ $ _____ Drug Program Fee per HS 11372.7(a)   for each qualifying offense.

Case D: $ _____   per PC 1202.5. $ _____   per VC 23550 or _____   days ☐ county jail ☐ prison in lieu of fine ☐ concurrent ☐ consecutive
   ☐ includes:  ☐ _____ Lab Fee per HS 11372.5(a)   ☐ $ _____ Drug Program Fee per HS 11372.7(a)   for each qualifying offense.

d. **Court Operations Assessment:** $40.00 per PC 1465.8. e. **Conviction Assessment:** $30.00 per GC 70373. f. **Other:** $ per *(specify)*:.

10. TESTING: ☐ Compliance with PC 296 verified ☐ AIDS per PC 1202.1 ☐ other *(specify)*: Sac. Sheriff to collect purs to 296 PC
11. REGISTRATION REQUIREMENT: ☐ per *(specify code section)*:
12. ☐ MANDATORY SUPERVISION: Execution of a portion of the defendant's sentence is suspended and deemed a period of mandatory supervision under
   Penal Code section 1170(h)(5)(B) as follows *(specify total sentence, portion suspended, and amount to be served forthwith)*:
   Total: [_____]   Suspended: [_____]   Served forthwith: [_____]

Other orders *(specify)*:
All fines, fees, time credits , testing order,  advisements and other orders
are listed in the INDETERMINATE ABSTRACT, CR-292.

14. IMMEDIATE SENTENCING: ☐ Probation to prepare and submit a
   post-sentence report to CDCR per PC 1203c.
   Defendant's race/national origin:
15. EXECUTION OF SENTENCE IMPOSED:
   a. ☒ at initial sentencing hearing.
   b. ☐ at resentencing per decision on appeal.
   c. ☐ after revocation of probation.
   d. ☐ at resentencing per recall of commitment. (PC1170(d).)
   e. ☐ other *(specify)*:

**16.  CREDIT FOR TIME SERVED**

| CASE | TOTAL CREDITS | ACTUAL | LOCAL CONDUCT |
|---|---|---|---|
| A | **See CR-292** | | ☐ 2933<br>☐ 2933.1<br>☒ 4019 |
| B | | | ☐ 2933<br>☐ 2933.1<br>☐ 4019 |
| C | | | ☐ 2933<br>☐ 2933.1<br>☐ 4019 |
| D | | | ☐ 2933<br>☐ 2933.1<br>☐ 4019 |
| Date Sentence Pronounced:<br>09/01/2017 | | Time Served in State Institution:<br>DMH [ ]   CDC [ ]   CRC [ ] | |

15. The defendant is remanded to the custody of the sheriff ☒ forthwith ☐ after 48 hours excluding Saturdays, Sundays, and holidays.
   To be delivered to ☐ the reception center designated by the director of the California Department of Corrections and Rehabilitation.
   ☐ county jail   ☒ other *(specify)*: DVI

**CLERK OF THE COURT**

I hereby certify the foregoing to be a correct abstract of the judgment made in this action.

| DEPUTY'S SIGNATURE |  |
|---|---|
| E. GONZALEZ | 09/01/2017 |

CR-290 (Rev. July 1, 2012)    **FELONY ABSTRACT OF JUDGMENT – DETERMINATE**    Page 2 of 2



**[E  116]**