UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

BENJAMIN J. BROWNLEE,

                                  Petitioner,

                    v.

THE PEOPLE OF THE STATE OF NEW YORK,

                                  Respondent.
_____

<u>DECISION AND ORDER</u>

21-CV-6423L

## INTRODUCTION

Petitioner Benjamin Justin Brownlee has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his June 3, 2015 conviction in Monroe County for Criminal Obstruction of Breathing or Blood Circulation, N.Y. Penal L. § 121.11.  Respondent has moved to dismiss the petition for lack of subject matter jurisdiction, on the ground that when he filed the petition,  petitioner was not in custody with respect to the conviction that he seeks to challenge here.

## BACKGROUND

Petitioner has a lengthy criminal history, familiarity with which is needed to understand the basis for respondent's motion to dismiss.

In April 2006, petitioner was sentenced in New York State Supreme Court, New York County, to a term of three to nine years' imprisonment on a first-degree assault conviction stemming from petitioner's unprovoked attack on a stranger in a basement laundry room.  He was released

from state custody on August 8, 2014, but immediately transferred to local custody for pretrial detention on two pending charges, one of which resulted in the conviction challenged here.  Both those charges stemmed from events that occurred while petitioner was incarcerated on the assault conviction.

Concerning the conviction at issue here, petitioner was charged with strangulation in the second degree, a felony, arising out of his attack on a fellow prisoner.  The case went to trial, and the jury acquitted petitioner of the strangulation charge but convicted him of the lesser included misdemeanor offense of criminal obstruction of breathing or blood circulation.  He was sentenced to one year's imprisonment, which by law equates to 364 days, *see* Penal L. § 70.15(1-a(a)).

Since petitioner had never posted bail, he was in custody throughout the trial court proceedings.  As explained by respondent and documented by state records, with credit for good time the effective term of petitioner's sentence was reduced to 257 days, meaning that the sentence was fully served on the date it was imposed.  *See* Respondent's Brief (Dkt. #11-5) at 6 and exhibits cited therein.

Petitioner was still not released, though, because he was facing another charge stemming from his having thrown urine at a state correction officer.  On September 29, 2015, he pleaded guilty to a misdemeanor charge of attempted aggravated harassment and was sentenced to six months' imprisonment.  That sentence, too, was fully served on the day it was imposed, and he was released into the community that same day.

Upon release, petitioner traveled to Sacramento Count, California.  Five months after his arrival, he was arrested after throwing a puppy out of a second-story window onto the concrete pavement below.  He pleaded nolo contendere to a felony charge of animal cruelty and was

sentenced on July 1, 2016 to five years' probation, with the condition that he serve 364 days in jail. The court gave petitioner until September 16, 2016 to report to jail.

Petitioner used that time to commit yet another crime, this time the murder of an elderly homeless woman. He was tried and convicted of first-degree murder and sentenced on September 1, 2017 to life imprisonment without the possibility of parole. He is currently serving that sentence in California.

Four years after the imposition of the sentence under attack here, petitioner perfected a direct appeal from the Monroe County Court judgment. The Appellate Division affirmed, *see People v. Brownlee*, 181 A.D.3d 1265 (4th Dep't 2020), the New York Court of Appeals denied leave to appeal, 35 N.Y.3d 1043 (2020), and the United States Supreme Court denied certiorari, 141 S.Ct. 1414 (2021).

Petitioner filed his habeas petition in this Court on May 14, 2021. He asserts one ground for relief, concerning an alleged *Brady* violation.

## DISCUSSION

The federal writ of habeas corpus is only available to a person who is "in custody" at the time the petition is filed. *See* 28 U.S.C. §§ 2241(c), 2254(a); *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968). This requirement is jurisdictional. *Id.* "A petitioner who files a habeas petition after he has fully served his sentence and who is not subject to court supervision is not 'in custody' for the purposes of th[e] court's subject matter jurisdiction and his petition is therefore properly denied." *Hatchett v. Clark*, No. 20-cv-2044, 2021 WL 4262237, at *1 (E.D.Cal. Sept. 20, 2021) (citing *De Long v. Hennessey*, 912 F.2d 1144, 1146 (9th Cir. 1990)).

-3-

As the above factual recitation makes clear, petitioner was not in custody with respect to the 2015 unlawful-obstruction conviction on the date that he filed his petition.  His sentence on that conviction had long since expired; in fact, it was effectively fully served the day it was imposed.  Petitioner does not dispute, or even address respondent's arguments in this regard; his response to the motion to dismiss is essentially just a copy of his original petition and his state appellate briefs, which of course do not address this issue.

That petitioner is currently in prison in California (where he presumably will remain for the rest of his life) is of no moment.  For jurisdictional purposes, it is not enough that the petitioner is incarcerated somewhere, for some reason.  He must be in custody on the conviction that is the subject of his habeas petition.  *See*, *e.g.*, *Parks v. Warden*, No. 17-cv-3, 2018 WL 3437208 (S.D.Ohio July 17, 2018) (dismissing petition challenging fully-served Ohio sentences for robbery and trafficking, where petitioner was in custody of Indiana Department of Correction pursuant to Indiana conviction for unlawful possession of a firearm).  As explained above, petitioner is not in custody on the 2015 conviction, nor was he when he filed his habeas petition.  Respondent's motion to dismiss is therefore granted.

**CONCLUSION**

Respondent's motion to dismiss the petition for lack of subject matter jurisdiction (Dkt. #11) is granted, and the petition for a writ of habeas corpus (Dkt. #1) is dismissed with prejudice.  The Court also denies issuance of a certificate of appealability because petitioner has failed to make a substantial showing of a constitutional violation.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
      November 3, 2021.